DOUGLAS J CAMPION (SBN: 75381)
doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

ANTHONY J. TREPEL (SBN 32668)
SANDRA R. McINTOSH (SBN 115249)
TREPEL McGRANE GREENFIELD LLP
55 South Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995.5600
Facsimile: (408) 995.0308

Attorneys for Plaintiff Stephenie Rose

FILED
2011 MAY 16 P 1:55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. OF CA. SAN JOSE

E-filing
ADR

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, FIA CARD SERVICES, N.A.,<br><br>Defendants. | CASE NO. CV11-02390 PSG<br><br>**CLASS ACTION**<br><br>Complaint for Damages and Injunctive Relief Pursuant To The Telephone Consumer Protection Act, 47 U.S.C § 227 et seq.<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Stephenie Rose ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Bank of America Corporation ("BofA"), and its wholly owned subsidiary FIA Card Services, N.A. ("FIA"), (collectively "Defendants"), in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47

1

Class Action Complaint for Damages

U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Plaintiff seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000 threshold for federal court jurisdiction under the Class Action Fairness Act of 2005. Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

3. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiff's causes of action against Defendant occurred within the State of California and the County of Santa Clara, within this judicial district.

## PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of Santa Clara, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

5. Plaintiff is informed and believed, and thereon alleges, that Defendant Bank of America Corporation is, and at all times mentioned herein was, a Delaware corporation whose primary corporate offices are located in North Carolina, making the Defendant a citizen of both states for diversity purposes. Defendant FIA Card Services, N.A. is a federally chartered national banking association with its headquarters in Delaware. Plaintiff alleges that at all times relevant herein Defendants conducted business in the State of California and in the County of Santa Clara, and within this judicial district. Both Defendants are, and at all times mentioned herein were, "persons," as defined by 47 U.S.C. § 153 (10). Defendant FIA is an originator and servicer of consumer credit card lending. In that capacity as servicer, Defendant FIA

**Class Action Complaint for Damages**

attempts to collect past-due amounts owed on such loans, originated by both itself and by other parties. Plaintiff had a credit card with Defendant BofA, owned and/or serviced by FIA.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

7. Defendants are, and at all times mentioned herein were, entities that meet the definition of "person," as defined by 47 U.S.C. § 153 (10).

8. At all times relevant Defendants conducted business in the State of California and in the County of Santa Clara, within this judicial district.

9. Plaintiff had a credit card that originated with, was assigned to, and / or serviced by Defendant FIA.

10. At no point did Plaintiff provide Defendants with her cellular telephone number and / or give Defendants prior express consent to call Plaintiff on her cellular telephone with the use of an autodialer and/or prerecorded message, pursuant to 47 U.S.C. § 227 (b)(1)(A).

11. On information and belief Defendants obtained Plaintiff's cellular telephone number from a third party, or by "trapping" such number, but did not receive that number from Plaintiff.

12. Within the past four years, Plaintiff was having financial difficulties and was late in making some payments on the credit card balance.

13. Defendants, or their agents, began calling Plaintiff on her cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

14. Such calls were by prerecorded voice message and were made several times per week, beginning no later than February 2010.

15. The telephone number Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

**Class Action Complaint for Damages**

16. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

17. These telephone calls by Defendants or their agents violated 47 U.S.C. § 227(b)(1).

18. Defendants made numerous calls to Plaintiff on her cell phone beginning no later than February 2010 and continuing for some time thereafter, all in violation of the TCPA.

### CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

20. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who had a credit card serviced by FIA who received any telephone call from Defendants or their agents to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

21. Defendants and their employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

22. Plaintiff and members of the Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an autodialer and / or with a prerecorded voice message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

23. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and

claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

    A. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    B. Whether Plaintiff and the Class members were damaged thereby, and the extent of statutory damages for such violation; and

    C. Whether Defendants should be enjoined from engaging in such conduct in the future.

26. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

27. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of

Class Action Complaint for Damages


claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

    A. Whether, within the four years prior to the filing of this Complaint, Defendants or their agents made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    B. Whether Plaintiff and the Class members were damaged thereby, and the extent of statutory damages for such violation; and

    C. Whether Defendants should be enjoined from engaging in such conduct in the future.

26. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

27. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of

Class Action Complaint for Damages

the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

28. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

29. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

32. As a result of Defendants' negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

33. Plaintiff incorporates by reference the above paragraphs 1 through 29, inclusive, of this Complaint as though fully stated herein.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

35. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

36. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 12, 2011

**LAW OFFICES OF DOUGLAS J. CAMPION**

By: /s/ Douglas J. Campion
Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091

**ANTHONY J. TREPEL** (SBN 32668)
**SANDRA R. Mc INTOSH** (SBN 115249)
**TREPEL McGRANE GREENFIELD LLP**
55 South Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995.5600
Facsimile: (408) 995.0308

Attorneys for Plaintiff