# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is entered into by and between plaintiffs Stephenie Rose ("Rose"), Sandra Ramirez ("Ramirez"), Shannon Johnson ("Johnson"), Amin Makin ("Makin"), Carol Duke ("Duke"), Jack Poster ("Poster"), and Freddericka Bradshaw ("Bradshaw") (together, "Plaintiffs"), for themselves and the Settlement Class members (as defined below), on the one hand, and Bank of America Corporation ("BAC"), Bank of America, N.A. ("BANA"), and FIA Card Services, N.A. ("FIA") (together, "Defendants" or "Bank of America"), on the other hand.  Plaintiffs and Defendants are referred to collectively in this Settlement Agreement as the "Parties."

## I.    RECITALS

**1.01**    On August 31, 2011, Ramirez and Scott Fowler ("Fowler") filed a Complaint in the United States District Court for the Southern District of California entitled *Ramirez et al. v. Bank of Am., N.A.,* 3:11-cv-02008-LAB (S.D. Cal.) (the "*Ramirez* Action").[1]  The Complaint in the *Ramirez* Action alleges that BANA violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system and/or an artificial prerecorded voice to call cell phones without the prior express consent of Ramirez and the putative class members.

**1.02**    On December 29, 2011, Johnson filed a Complaint in the United States District Court for the Southern District of California entitled *Johnson et al. v. Bank of Am., N.A.*, Case No. 11-cv-3040 LAB (S.D. Cal.) (the "*Johnson* Action").  The Complaint in the *Johnson* Action alleges that BAC violated the TCPA by using an automatic telephone dialing system and/or an artificial prerecorded voice to call cell phones without the prior express consent of Johnson and the putative class members.

---

[1] Fowler is not a party to this Settlement Agreement because his individual claims have been dismissed with prejudice pursuant to a negotiated settlement between BANA and the trustee of his Chapter 7 estate.  *See* Dkt. 47 in the *Ramirez* Action (Order Dismissing claims of Scott Fowler with prejudice).

**1.03**    On March 27, 2012, Makin filed a Complaint in the United States District Court for the Southern District of Indiana entitled *Makin et al. v. Bank of Am., N.A.*, Case No. 12-cv-1662 LAB (S.D. Cal.) (the "*Makin* Action").  The Complaint in the *Makin* Action alleges that BANA violated the TCPA by using an automatic telephone dialing system and/or an artificial prerecorded voice to call cell phones without the prior express consent of Makin and the putative class members.

**1.04**    On August 31, 2012, the United States District Court for the Southern District of California issued an order consolidating the *Ramirez* Action, the *Johnson* Action, and the *Makin* Action.  *See* Dkt. 34 in the *Ramirez* Action (Order Consolidating Cases).  The lead case is the *Ramirez* Action.

**1.05**    On May 16, 2011, Rose filed a Complaint in the United States District Court for the Northern District of California entitled *Rose et al. v. Bank of Am. Corp. et al.,* 5:11-cv-02390-EJD (N.D. Cal.) (the "*Rose* Action").  The Complaint in the *Rose* Action alleges that BAC and FIA violated the TCPA by using an automatic telephone dialing system and/or an artificial prerecorded voice to call cell phones without the prior express consent of Rose and the putative class members.

**1.06**    On July 31, 2012, Duke and Poster filed a Complaint in the United States District Court for the Northern District of California entitled *Duke et al. v. Bank of Am., N.A.*, 5:12-cv-04009-EJD (N.D. Cal.) (the "*Duke* Action").  The Complaint in the *Duke* Action alleges that BANA, BAC, and FIA violated the TCPA by using an automatic telephone dialing system and/or an artificial prerecorded voice to call cell phones without the prior express consent of Duke and Poster and the putative class members.

**1.07**    On September 25, 2012, the United States District Court for the Northern District of California issued an order consolidating the *Rose* Action and the *Duke* Action.  *See* Dkt. 37 in the *Rose* Action (Related Case Order).  The lead case is the *Rose* Action.

**1.08**    On February 22, 2013, Bradshaw filed a Complaint in the United States District Court for the Southern District of California entitled *Bradshaw et al. v. Bank of Am. Corp. et al.*,

13-CV-0431 LAB RBB (the "*Bradshaw* Action").  The Complaint in the Bradshaw Action alleges that BAC and FIA violated the TCPA by using an automatic telephone dialing system to send text messages to cell phones without the prior express consent of Bradshaw and the putative class members.

**1.09**    Defendants deny all material allegations of the Complaints in the *Ramirez*, *Johnson*, *Makin*, *Rose*, *Duke*, and *Bradshaw* Actions (together, the "Actions").  Defendants specifically dispute that they used an automated dialer or prerecorded voice message to contact Plaintiffs or putative class members without prior express consent, that they violated the TCPA, or that Plaintiffs and putative class members are entitled to any relief from Defendants.  Defendants further contend that the Actions would not be amenable to class certification if class certification were sought by Plaintiffs and opposed by Defendants.  Nevertheless, given the risks, uncertainties, burden and expense of continued litigation, Defendants have agreed to settle this litigation on the terms set forth in this Agreement, subject to Court approval.

**1.10**    This Settlement Agreement resulted from good faith, arm's length settlement negotiations over many months, including three in-person negotiations, and numerous telephonic mediation sessions before the Honorable Edward A. Infante (Ret.) of JAMS.  Plaintiffs and Defendants submitted detailed Mediation Submissions to Judge Infante setting forth their respective views as to the strengths of their cases.  Additionally, Defendants produced documents requested by Class Counsel (as defined below), produced four deponents under Rule 30(b)(6) of the Federal Rules of Civil Procedure to testify to topics relevant to the settlement during this process, and responded to confirmatory discovery.

**1.11**    The parties understand, acknowledge and agree that the execution of this Settlement Agreement constitutes the settlement and compromise of disputed claims.  This Settlement Agreement is inadmissible as evidence against any party except to enforce the terms of the Settlement Agreement and is not an admission of wrongdoing or liability on the part of any party to this Settlement Agreement.  The parties desire and intend to effect a full, complete and final settlement and resolution of all existing disputes and claims as set forth herein.

**1.12**    The Settlement contemplated by this Settlement Agreement is subject to preliminary approval and final approval by the Court, as set forth herein. This Settlement Agreement is intended by the parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## II.    <u>DEFINITIONS</u>

**2.01**    "Actions" means the *Ramirez*, *Johnson*, *Makin*, *Rose*, *Duke*, and *Bradshaw* Actions.

**2.02**    "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release.

**2.03**    "Approved Claims" means claims that have been timely submitted and approved for payment.

**2.04**    "Bank of America" refers collectively to defendants Bank of America Corporation, Bank of America, N.A. and FIA Card Services, N.A.[2]

**2.05**    "CAFA Notice" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

**2.06**    "Call," consistent with applicable regulations and legal authority interpreting the TCPA, means both voice calls and text messages to wireless numbers including, for example, short message service (SMS) calls.

**2.07**    "Cash Award" means a cash payment to an eligible Settlement Class Member.

**2.08**    "Claim Forms" means the claim forms attached hereto collectively as Exhibit A.

**2.09**    "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

**2.10**    "Claims Period" means the 90-day period that begins on the Settlement Notice Date.

**2.11**    "Claims Administrator" means Epiq Systems Inc.

---

[2] Bank of America, N.A., and FIA Card Services, N.A., are both wholly-owned indirect subsidiaries of Bank of America Corporation, which is a holding company.

**2.12**    "Class Counsel" means and includes:

a.    *Ramirez* Counsel, as follows: Ankcorn Law Firm, PC, and Terrell Marshall Daudt & Willie PLLC;

b.    *Johnson* Counsel, as follows: Hyde & Swigart and Kazerouni Law Group, APC;

c.    *Makin* Counsel, as follows: Burke Law Offices, LLC, and Saeed & Little LLP;

d.    *Rose* Counsel, as follows: Law Offices of Douglas J. Campion, Lieff Cabraser Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, and Terrell Marshall Daudt & Willie PLLC; and

e.    *Duke* Counsel, as follows: Lieff Cabraser Heimann & Bernstein, LLP, and Meyer Wilson Co., LPA; and

f.    *Bradshaw* Counsel, as follows: Law Offices of Douglas J. Campion, Law Offices of Daniel G. Shay, and Law Offices of Steven E. Kaftal.

**2.13**    "Class Notice" means any type of notice that has been or will be provided to the Settlement Class and any additional notice that might be ordered by the Court.

**2.14**    "Class Period" means:

a.    For Mortgage Calls: from August 30, 2007 through January 31, 2013;

b.    For Credit Card Calls: from May 16, 2007 through January 31, 2013; and

c.    For Credit Card Texts: from February 22, 2009 through December 31, 2010.

**2.15**    "Class Representatives" means Plaintiffs Rose, Ramirez, Johnson, Makin, Duke, Poster, and Bradshaw.

**2.16**    "Credit Card Account" means any unsecured, revolving line of credit that requires payment of an amount due by a due date regardless of whether used for consumer or business purposes or if accessed by a card or other access device.  Credit Card Account does not include, without limitation, any residential mortgage loan account, savings account, checking account,

personal loan account, student loan account, or auto loan account.

 **2.17** "Court" shall mean the United States District Court for the Northern District of California, and the U.S. District Judge to which the *Rose* and *Duke* Actions are assigned.

 **2.18** "Cy Pres Distribution" means monies that may be distributed in connection with the Settlement, pursuant to Section 7.04.f.

 **2.19** "Effective Date" means the date when the Judgment has become final as provided in Section 12.

 **2.20** "FCC" means the Federal Communications Commission.

 **2.21** "Final Approval Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Settlement Agreement as fair, reasonable and adequate, sometimes referred to herein as the "Fairness Hearing."

 **2.22** "Final Approval Order" means the order to be submitted to the Court in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit B.

 **2.23** "Funding Date" means five (5) days after the expiration of all appeals periods following entry of the Final Approval Order.

 **2.24** "Notice" means the notices to be provided to Class Members as set forth in Section 8 including, without limitation, Email Notice, Mail Notice, Publication Notice (meaning print media only), Q&A Form Notice, and the Website Notice.  The forms of the Email Notice, Mail Notice, Publication Notice, and Q&A Form Notice are attached hereto collectively as Exhibit C.

 **2.25** "Notice Database" means the database containing Class Members' information to be provided by Defendants pursuant to Section 7.02.

 **2.26** "Objection Deadline" means sixty (60) days from the Settlement Notice Date.

 **2.27** "Opt-Out Deadline" means sixty (60) days from the Settlement Notice Date.

 **2.28** "Preliminary Approval Order" means the proposed order to be submitted to the Court in connection with preliminary approval, in the form attached hereto as Exhibit D.

**2.29**    "Released Claims" means the releases identified in Section 14.

**2.30**    "Released Parties" means Bank of America, N.A., FIA Card Services, N.A., and Bank of America Corporation, and each of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

**2.31**    "Residential Mortgage Loan Account" means any agreement to extend consumer credit secured by residential property that was serviced, at any time during the class period, and to any extent, by Bank of America, and includes: direct loans made to the property owner by Bank of America; indirect financing or servicing agreements, such as lending which was obtained by the owner of property and subsequently assigned to Bank of America for servicing, in its own or a trade name; and any revolving lines of credit secured by real property such as Home Equity Lines of Credit ("HELOC") serviced by Bank of America.   Residential Mortgage Loan Account does not include, without limitation, any credit card account, savings account, checking account, personal loan account, student loan account, or auto loan account.

**2.32**    "Settlement Class" means and includes all persons within the United States who:

a.    between August 30, 2007, and January 31, 2013, received a non-emergency, default servicing telephone call from Bank of America regarding a Bank of America Residential Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice ("Mortgage Calls").

b.    between May 16, 2007, and January 31, 2013, received a non-emergency, default servicing telephone call from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice ("Credit Card Calls").   This excludes those persons that received a text message between May 16, 2007 and January 31, 2013 that did not also receive a

telephone call to their cellular phone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

        c.      all persons within the United States who, between February 22, 2009, and December 31, 2010, received a non-emergency, default servicing text message from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice ("Credit Card Texts").  This excludes those identified individuals that are included in subparagraph (b), above.

        d.      Excluded from the Class are Defendants; their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those judges' staffs and immediate families.

    **2.33**    "Settlement Class Member" means those persons who are members of the Settlement Class, as set forth in the Class definition in Section 2.32 above, and who do not timely and validly request exclusion from the Settlement Class.

    **2.34**    "Settlement Costs" means all costs incurred by the Class and their attorneys, including but not limited to Plaintiffs' attorneys' fees, their costs of suit, Plaintiffs' expert or consultant fees, any incentive payments paid to the Class Representatives, notice costs, costs of claims administration and all other costs of administering the settlement.

    **2.35**    "Settlement Fund" means the non-reversionary cash sum that Bank of America will pay to settle the Actions and obtain a release of all Released Claims in favor of all Defendants, in the total amount of $32,083,905.00.

    **2.36**    "Settlement Notice Date" means fifteen (15) days after an Order Granting Preliminary Approval is issued.

    **2.37**    "Settlement Website" means the Internet website operated by the Claims Administrator as described in Section 8.05.

    **2.38**    "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

and any regulations or rulings promulgated under it.

### III.      **BOTH SIDES RECOMMEND APPROVAL OF THE SETTLEMENT**

**3.01**      Defendants' Position on the Conditional Certification of Settlement Class.
Defendants dispute that a class would be manageable and further deny that a litigation class
properly could be certified on the claims asserted in the Actions.  However, solely for purposes
of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the
certification for settlement purposes only of the Settlement Class.  Preliminary certification of
the Settlement Class shall not be deemed a concession that certification of a litigation class is
appropriate, nor would Defendants be precluded from challenging class certification in further
proceedings in the Actions or in any other action if the Settlement Agreement is not finalized or
finally approved.  If the Settlement Agreement is not finally approved by the Court for any
reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of
waiver, estoppel or preclusion will be asserted in any litigated certification proceedings in the
Actions.  No agreements made by or entered into by Defendants in connection with the
Settlement Agreement may be used by Plaintiffs, any person in the Settlement Class or any other
person to establish any of the elements of class certification in any litigated certification
proceedings, whether in the Actions or any other judicial proceeding.

**3.02**      Plaintiffs' Belief in the Merits of Case.  Plaintiffs believe that the claims asserted
in the Actions have merit and the evidence developed to date supports those claims.  This
Settlement shall in no event be construed or deemed to be evidence of or an admission or
concession on the part of Plaintiffs that there is any infirmity in the claims asserted by Plaintiffs,
or that there is any merit whatsoever to any of the contentions and defenses that Defendants have
asserted.

**3.03**      Plaintiffs Recognize the Benefits of Settlement.   Plaintiffs recognize and
acknowledge, however, the expense and amount of time which would be required to continue to
pursue the Actions against Defendants, as well as the uncertainty, risk and difficulties of proof

inherent in prosecuting such claims on behalf of the Class.  Plaintiffs have concluded that it is desirable that the Actions and any Released Claims be fully and finally settled and released as set forth in this Settlement.  Plaintiffs and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and that it is in the best interests of the Class to settle as described herein.

## IV.     <u>SETTLEMENT TERMS AND BENEFITS TO THE SETTLEMENT CLASS</u>

**4.01**    <u>Account Changes to Systematically Code Borrowers' Consent</u>.  The Parties agree that the core relief under the Settlement is Bank of America's business practice changes.  As a benefit to all Settlement Class Members, Bank of America has developed significant enhancements to its servicing systems which are designed to prevent the calling of a cell phone unless a loan servicing record is systematically coded to reflect the borrower's prior express consent to call his/her cell phone.  These procedures were developed and implemented during the Class Period after the filing of the *Rose* action, and have been the subject of confirmatory discovery and investigation by Plaintiffs.   To the extent that Congress, the Federal Communications Commission, or any other relevant regulatory authority promulgates different requirements under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, or any other law or regulatory promulgation that would govern any conduct affected by the Settlement, those laws and regulatory provisions shall control.

**4.02**    <u>Monetary Consideration</u>.  In addition to the business practice changes set forth in Section 4.01, Bank of America will pay a non-reversionary cash sum in the total amount of $32,083,905.00 (the "Settlement Fund") to settle the Actions and obtain a release of all Released Claims in favor of all Defendants as set forth herein.  Bank of America will pay the full amount of the Settlement Fund (less any amounts it must pay prior to the Funding Date pursuant to the provisions of this Settlement Agreement) on or before the Funding Date.  In no event will Bank of America's payment obligations exceed the Settlement Fund.  The Settlement Fund will be used to pay Approved Claims and any Settlement Costs.  Settlement Class Members will be

eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.

      **4.03**   <u>Eligibility for Settlement Awards</u>.  Settlement Awards shall be made to eligible Settlement Class Members on a claims-made basis.  Each member of the Settlement Class shall be entitled to make a Claim for a Settlement Award.  Any Settlement Class Member shall be entitled to make one claim each for any Mortgage Calls and one claim for Credit Card Calls or Credit Card texts.  (For example, a person who received Mortgage Calls and Credit Card Calls may make two Claims.)

      **4.04**   <u>Amount Paid per Claim</u>.  Each Settlement Class Member who makes a valid and timely Claim shall receive a Settlement Award.  The amount of each Settlement Award shall be determined by the following formula:   (Total Settlement Fund – Settlement Costs) ÷ (Total Number of Valid and Timely Claims) = Settlement Award.  Therefore, the Settlement Award for each Settlement Class Member who makes a valid and timely Claim is the Settlement Class Member's pro rata share of the Total Payments to Settlement Class Members.

      **4.05**   <u>Equity between Mortgage calls, Credit Card calls, and Credit Card texts</u>.  Except as described above in Paragraph 4.04, in no event shall any Class Member who makes a claim based on Mortgage Calls, Credit Card Calls, or Credit Card Texts receive a Settlement Award in an amount different than any other Class Member.   The Parties agree that providing for Settlement Awards on a *pro rata* basis to each Settlement Class Member who makes a valid and timely Claim is, in all respects, fair, reasonable and adequate to all Settlement Class Members.

## V.      <u>ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES</u>

      **5.01**   <u>Attorneys' Fees and Costs</u>.  Plaintiffs' Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund.  Defendants will not object to any request by Plaintiffs' Counsel for attorneys' fees in an amount not exceeding 25% (twenty-five percent) of the Settlement Fund, nor object to any amounts sought for the costs incurred by Plaintiffs' Counsel in litigating the Actions.  Class Counsel shall be entitled to

payment of the fees awarded by the Court out of the Settlement Fund within ten (10) days of the Court's entry of the Final Approval Order and an order awarding fees, notwithstanding any appeal, provided they deliver to Bank of America a stipulated undertaking and order, attached hereto as Exhibit E, requiring repayment of fees to Bank of America if the Final Approval Order is reversed or the fee order is reversed or reduced on appeal.  Class Counsel are jointly and severally liable to Defendants for repayment of fees received should the Final Approval Order or the fee order be reversed or reduced on appeal.  Court approval of attorneys' fees and costs, or their amount, will not be a condition of the Settlement.  In addition, no interest will accrue on such amounts at any time.

  **5.02** <u>Payment to Class Representatives</u>.  Class Representatives will also ask the Court to award them incentive payments for the time and effort they have personally invested in this Action.  Defendants shall not object to such incentive payments to be paid to Rose, Ramirez, Johnson, Makin, Duke, Poster, and Bradshaw from the Settlement Fund provided they do not exceed $14,000 in the aggregate, or $2,000 for each Class Representative, subject to Court approval. Within five (5) days of the Funding Date, and after receiving W-9 forms from the Class Representatives, the Claims Administrator shall pay to Plaintiffs' counsel the amount of incentive payments awarded by the Court, and Plaintiffs' counsel shall disburse such funds. Court approval of incentive payments, or their amount, will not be a condition of the Settlement.

  **5.03** <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>.   The payments of attorneys' fees, costs and incentive payments set forth in Sections 5.01 and 5.02 are subject to and dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members.  However, this Settlement is not dependent upon the Court's approving Plaintiffs' requests for such payments or awarding the particular amounts sought by Plaintiffs.  In the event the Court declines Plaintiffs' requests or awards less than the amounts sought, this Settlement shall continue to be effective and enforceable by the Parties.

# VI.   PRELIMINARY APPROVAL

**6.01**   <u>Order Of Preliminary Approval</u>.  As soon as practicable after the execution of this Agreement, Plaintiffs shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D.  Pursuant to the motion for preliminary approval, the Plaintiffs will request that:

a.   the Court conditionally certify the Class for settlement purposes only and appoint Class Counsel as counsel for the Class for settlement purposes only;

b.   the Court preliminarily approve the settlement and this Agreement as fair, adequate and reasonable, and within the reasonable range of possible final approval;

c.   the Court approve the form(s) of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

d.   the Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and,

e.   the Court set the Claims Deadline, the Objection Deadline and the Opt-Out Deadline.

# VII.   ADMINISTRATION AND NOTIFICATION PROCESS

**7.01**   <u>Third-Party Claims Administrator</u>. The Claims Administrator shall be responsible for all matters relating to the administration of this settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, obtaining new addresses for returned email and mail, setting up and maintaining the settlement website and toll-free telephone number, fielding inquiries about the settlement, processing claims, acting as a liaison between Settlement Class Members and the Parties regarding claims information, approving claims, rejecting any claim form where there is evidence of fraud, directing the mailing of settlement payments to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing.  The Claims Administrator will provide monthly updates on the claims

status to counsel for all Parties.

**7.02**   Notice Database. To facilitate the notice and claims administration process, Defendants have provided to the Claims Administrator and to Class Counsel, in an electronically searchable and readable format, a Notice Database which includes the names, last known email address, last known mailing addresses, truncated account numbers and cellular telephone numbers called for all known Class Members, as such information is contained in the reasonably available computerized account records Defendants maintains for the Residential Mortgage Loans and Credit Card Accounts it services.  Defendants represent for settlement purposes that the size of the Class is as follows: approximately 4,171,217 persons received Mortgage calls; approximately 2,449,350 persons received Credit Card Calls; and approximately 1,103,293 persons received Credit Card Texts.  Bank of America does not have call records for members that received Credit Card Calls before July 1, 2010 and as such is unable to provide contact information for those individuals.  Those members will be given notice by publication only.  If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator shall so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement shall be provided solely for the purpose of providing notice to Class Members and allowing them to recover under this Settlement; shall be kept in strict confidence; shall not be disclosed to any third party; and, shall not be used for any other purpose.

**7.03**   Payment of Notice and Claims Administration Costs. Bank of America shall pay the reasonable costs of notice and settlement administration that are incurred prior to the creation of the Settlement Fund, and Bank of America will be given credit for all such payments which shall be deducted from the Settlement Fund as set forth below.  The Claims Administrator shall provide an estimate of the amount of costs required to email and mail notice, establish the settlement website and establish a toll-free telephone number, as well as any other initial

administration costs to the Parties.  Bank of America shall pay the estimated amount to the Claims Administrator within ten (10) days after the entry of the Preliminary Approval Order. After that upfront payment of administration costs by Bank of America, the Claims Administrator shall bill Bank of America monthly for the reasonable additional costs of settlement administration, until such time as the Settlement Fund is established.  Any amounts paid by Defendants for the estimated costs of administration which are not incurred by the Claims Administrator shall be used for other administration costs, or shall be deducted from future billings by the Claims Administrator.  The Claims Administrator shall maintain detailed records of the amounts spent on the administration of the settlement and shall provide those to the Parties monthly.  At such time that Bank of America funds the Settlement Fund, all amounts previously paid to the Claims Administrator by Bank of America shall be deducted from the total payment which Bank of America is required to pay to create the Settlement Fund.  After Bank of America has created the Settlement Fund, Bank of America shall have no further obligation to pay any amount under this Settlement Agreement, and any additional Settlement Costs shall be paid out of the Settlement Fund.

**7.04**    <u>Distribution of the Settlement Fund</u>.  The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

a.    first, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay to the Class Representatives any incentive award ordered by the Court, as described in Section 5.02;

b.    next, no later than ten (10) days after the Court's entry of the Final Approval Order and an order awarding fees, the Claims Administrator shall pay to Class Counsel the attorneys' fees, costs, and expenses ordered by the Court as set forth in Section 5.01;

c.    next, no later than twenty (20) days after the Effective Date, the Claims Administrator shall be paid for any unreimbursed costs of administration;

d.    next, no later than thirty (30) days after the Effective Date, the Claims

Administrator shall pay the Settlement Awards to qualified class members pursuant to Section 9;

e.      next, no later than 210 days after the date on which the last check for a settlement award was issued, the Claims Administrator shall, in the event that the combined amounts of any checks attributable to settlement awards that remain uncashed exceeds $50,000, distribute any such funds on a pro rata basis to Class Members who cashed settlement checks.

f.      finally, on the Final Distribution Date, which is the earlier of (i) the date as of which all the checks for settlement awards have been cashed, or (ii) 210 days after the date on which the last check for a settlement award was issued, the Claims Administrator shall, in the event that the combined amounts of any checks attributable to settlement awards that remain uncashed are equal to or less than $50,000, pay any amount remaining in the Settlement Fund Account from uncashed settlement checks the Electronic Frontier Foundation ("EFF"), a non-profit organization whose mission, in part, is to protect consumers from invasions of privacy resulting from the use of new technologies, such as cellular telephones.  If, for any reason, the Parties determine that the proposed recipient is no longer an appropriate recipient, or the Parties no longer agree on the proposed recipient, or the Court determines that the proposed recipient is not or is no longer an appropriate recipient, the Parties shall agree on a replacement recipient of such monies, subject to Court approval.

## VIII.      NOTICES

**8.01**    Timing of Class Notice.  Class Notice shall be provided to all persons in the Settlement Class within fifteen (15) days following entry of the Preliminary Approval Order as described herein.

**8.02**    E-Mailing or Mailing of Settlement Notice.  The Claims Administrator shall send the Settlement Notice via: (i) electronic mail or (ii) first class mail within fifteen (15) days after entry of the Preliminary Approval Order.  The Claims Administrator shall use the Notice Database to obtain each Class Member's last known address where available.  If and to the extent deemed necessary by Class Counsel, the last known address of Class Members may be subject to

confirmation or updating as follows: (a) the Claims Administrator may check each address against the United States Post Office National Change of Address Database before the initial mailing; (b) the Claims Administrator may conduct a reasonable search to locate an updated address for any Class Member whose Settlement Notice is returned as undeliverable; (c) the Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and, (d) the Claims Administrator shall update addresses based on any requests received from Class Members.

      a.      <u>Re-Mailing of Returned Settlement Notices</u>.   Any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address.  Skip tracing shall be performed for all returned email and mail.  All costs of skip tracing will be considered Settlement Costs and deducted from the Settlement Fund.

**8.03**   <u>Publication Notice</u>.   The Claims Administrator shall design and conduct a nationwide publication notice program which the Parties believe will fully satisfy the requirements of due process.  The nationwide publication notice program will be agreed to by the Parties and submitted to the Court on or before September 27, 2013.  The nationwide publication notice program will be initiated on the Settlement Notice Date.  The Publication Notice shall be published on the Settlement Website on the same date, and retained on the website thereafter.

**8.04**   <u>Question and Answer Form Notice</u>.   The Claims Administrator shall also post on the website a formal Question and Answer Notice ("Q & A Notice") which shall set forth in a question and answer format the details of the settlement, and the rights of Class Members to participate in the Settlement, exclude themselves or object to the settlement.

**8.05**   <u>Website Notice</u>.  By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated settlement website (www.BOATCPASettlement.com) containing class information and related documents, along with information necessary to file a claim, and an electronic version of the Claim Form members can download, complete and submit electronically.  At a minimum, such documents shall include the Settlement Agreement and

Exhibits, the Settlement Notice, the Q & A Form Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaints in the Actions, and when filed, the Final Approval Order.

**8.06**   Toll Free Telephone Number.  Within ten (10) days of Preliminary Approval, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the settlement.   That telephone number shall be maintained until thirty (30) days after the Claims Deadline.   After that time, and for a period of ninety (90) days thereafter, a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the settlement may be reviewed on the related settlement website.

**8.07**   CAFA Notice.   Defendants shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of the filing of the Preliminary Approval Motion.

## IX.   CLAIMS PROCESS

**9.01**   Potential Claimants.  Each Class Member who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make a claim.  Each Settlement Class Member shall be entitled to make one claim for Mortgage Calls; and one claim for Credit Card Calls or Credit Card Texts, regardless of the number of loans or accounts that Settlement Class Member had or has with Bank of America, or the number of calls made or text messages sent to that Settlement Class member's cell phone number(s).

**9.02**   Conditions for Claiming Settlement Award.  To make a claim, Settlement Class Members must submit a valid and timely Claim Form, which shall contain the information set forth in Exhibit A hereto, including: (i) the Settlement Class Member's full name; (ii) confirmation that the Settlement Class Member, between August 30, 2007 and January 31, 2013 (Mortgage Calls), May 16, 2007 and January 31, 2013 (Credit Card Calls), or February 22, 2009 and December 31, 2010 (Credit Card Texts), received one or more non-emergency Calls from

Bank of America, to a cellular telephone through the use of an automated dialing system, an artificial or prerecorded voice, and/or text message; (iv) for mailed Claim Forms, the Settlement Class Member's signature; and (v) for Claim Forms submitted via a web form, the Settlement Class Member's electronic signature.   Bank of America shall have the right to review the submitted Claim Forms and deny claims if Bank of America presents evidence that such claims are fraudulent.   Bank of America shall advise Class Counsel if it intends to deny any claims based on fraud and Bank of America's counsel and Class Counsel shall confer prior to a final determination being made.  If a Settlement Class Member fails to fully complete a Claim Form, the Claim Form will be invalid.  Any Settlement Class Member who has submitted or submits an incomplete or inaccurate, but not fraudulent, Claim Form shall be permitted to re-submit a Claim Form within 35 days of the sending of notice of the defect by the Claims Administrator.   Class Counsel shall be kept apprised of the volume and nature of defective claims and allowed to communicate with Class Members as they deem appropriate to cure such deficiencies.

**9.03**   Mailing of Settlement Check.   Settlement checks shall be sent to qualified class members by the Claims Administrator via U.S. mail no later than thirty (30) days after the Effective Date.  If any settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 8.02.  If, after a second mailing, the settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check.  The Claims Administrator shall advise Class Counsel and counsel for Defendants of the names of the claimants whose checks are returned by the postal service as soon as practicable.  Each settlement check will be negotiable for one hundred eighty (180) days after it is issued.  Settlement Class Members' entitlement to payment, if otherwise eligible, is contingent on their cashing the settlement check within the prescribed 180 days.  Any funds not paid out as the result of uncashed settlement checks shall be paid out as a *cy pres* award, to a recipient agreed to by the Parties and approved by the Court, as set forth in Section 7.04.f.

## X.      OPT-OUTS AND OBJECTIONS

**10.01**   Opting Out of the Settlement. Any Class Members who wish to exclude themselves from the Settlement Class must advise the Claims Administrator in writing of that intent, and their opt out request must be postmarked no later than the Opt-Out Deadline.

**10.02**   Deadline.  The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives, and shall provide a list of all Class Members who timely and validly opted out of the settlement in their declaration filed with the Court, as required by Section 11.01. Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section 14 below.  If more than 3,000 Class Members opt-out, Defendants have the option of voiding this Settlement and proceeding with the litigation, as provided in Sections 15.02 and 15.03 below.

a.      In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number.  Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement.

b.      Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement

**10.03**   Objections.  Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court by the Objection Deadline.

a.      In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any documents supporting the objection must also be attached to the Objection.

**10.04**   Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement.

## XI.    FINAL APPROVAL AND JUDGMENT ORDER

**11.01**  No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

**11.02**  If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

    a.    The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit B, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

    b.    Counsel for the Class and Defendants may file a memorandum addressing any objections submitted to the Settlement.

**11.03**  At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

**11.04**  This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

    a.    finds that the Notice provided satisfies the requirements of due process and Federal Rule of Civil Procedure Rule 23(e)(1);

    b.    finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

    c.    finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the releases in Sections 14.01 and 14.02, and the covenant not to sue in Section 14.04,

and that this Settlement Agreement should be and is approved;

   d. dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted against Defendants in the Actions;

   e. permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Released Claims against Defendants or the Released Parties; and,

   f. retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## XII. <u>FINAL JUDGMENT</u>

**12.01** The Judgment entered at the Final Approval Hearing shall be deemed final:

   a. Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or

   b. If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 11.04.

## XIII. <u>CONFIRMATORY DISCOVERY</u>

**13.01** Class Counsel hereby represents that they have conducted discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations.  The purpose of that discovery was to confirm (a) the total number of Settlement Class Members, i.e., those persons who were actually called or texted by Defendants or their agents on cellular telephone numbers during the Class Period in connection with Bank of America's servicing of Residential Mortgage Loans and Credit Card Accounts, and the process used to determine that number; (b) changes to Bank of America's servicing functions implemented during the Class Period for the purpose of memorializing borrowers' express

consent to be called on their cellular phones, as described in Section 4.01; and (c) to ascertain and evaluate the class and potential obstacles to certification as well as other factors relevant to settlement.  This discovery is to be used solely for purposes of this Settlement and, consistent with Sections 16.01 and 16.02 below, may not be used for any purpose in the event this Agreement is terminated or is otherwise not fully and finally approved by the Court.

## XIV.    <u>RELEASE OF CLAIMS</u>

**14.01** <u>Released Claims</u>.  Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).  The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.  The release does not apply to Class Members who timely opt-out of the Settlement. "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice"  to contact or attempt to contact Settlement Class Members in connection with, respectively:  (i) Bank of America's servicing of any Residential Mortgage Loans via autodialed calls and/or interactive messages to

cellular telephones to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from August 30, 2007 to January 31, 2013  ("Mortgage call Release"), (ii) Bank of America's servicing of any Credit Card Accounts via autodialed calls and/or interactive messages to cellular telephones to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from May 16, 2007 to January 31, 2013 ("Credit Card call Release"), and (iii) Bank of America's servicing of any Credit Card Accounts via text messages to cellular telephones to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from February 22, 2009 to December 31, 2010 ("Credit Card text Release").  Released Claims includes the claims of Bank of America account holders and non-account holders who are members of the Settlement Class.

**14.02**  Waiver of Unknown Claims.   Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiffs and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective.  This Section constitutes a waiver, without limitation as to any other applicable law, of Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**14.03**  Plaintiffs and Settlement Class Members understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and similar federal and state statutes, case law, rules or regulations relating to limitations on releases.  In connection with such waivers and relinquishment, Plaintiffs and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that

they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally and forever all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

**14.04**   Covenant Not To Sue. Plaintiffs agree and covenant, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## XV.   **TERMINATION OF AGREEMENT**

**15.01**   Either Side May Terminate the Agreement. Plaintiffs and Defendants shall each have the right to unilaterally terminate this Agreement by providing written notice of his, their or its election to do so ("Termination Notice") to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

a.      the Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement Agreement;

b.      an appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

c.      any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiffs or Defendants reasonably consider material, unless such modification or amendment is accepted in writing by all Parties;

d.      the Effective Date does not occur; or

e.      any other ground for termination provided for elsewhere in this Agreement occurs.

**15.02**   Termination if Large Number of Opt–Outs. If, at the conclusion of Opt-Out

Deadline, more than 3,000 Settlement Class Members have opted-out of the Settlement, the Defendants shall have, in their sole and absolute discretion, the option to terminate this Agreement within ten (10) calendar days after the Opt-Out Deadline.

**15.03** <u>Revert to Status Quo</u>. If either Plaintiffs or Defendants terminate this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.   However, any payments made to the Claims Administrator for services rendered to the date of termination shall not be refunded to Bank of America.

## XVI.   NO ADMISSION OF LIABILITY

**16.01**   Defendants deny any liability or wrongdoing of any kind associated with the alleged claims in the operative complaints.  Defendants have denied and continue to deny each and every material factual allegation and all claims asserted against them in the Actions. Nothing herein shall constitute an admission by Bank of America of wrongdoing or liability, or of the truth of any allegations in the Actions. Nothing herein shall constitute an admission by Defendants that the Actions are properly brought on a class or representative basis, or that classes may be certified in those actions, other than for settlement purposes.  To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of Bank of America or of the truth of any of the allegations in the Actions; (ii) are not and shall not be deemed to be, and may not be used as an admission or evidence of any fault or omission on the part of Bank of America in any civil, criminal or administrative proceeding in any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

**16.02**   Pursuant to Federal Rules of Evidence Rule 408 and California Evidence Code Sections 1119 and 1152, and any similar provisions under the laws of other states, neither this Agreement nor any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## XVII.   <u>NON-WAIVER OF DEBTS/OBLIGATIONS OWING BY CLASS MEMBERS</u>

**17.01**   The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by any Plaintiff or Settlement Class Member to Defendants and/or their clients, principals and their related or affiliated entities. This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiffs or Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendants and their clients, principals and their related or affiliated entities.

## XVIII.   <u>MISCELLANEOUS</u>

**18.01**   <u>Entire Agreement</u>. This Agreement and the exhibits hereto constitute the entire agreement between the Parties.  No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

**18.02**   <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of California.

**18.03**   <u>Future Changes in Laws of Regulations</u>.  To the extent Congress, the FCC or any other relevant regulatory authority promulgates different requirements under the TCPA, or any other law or regulation that would govern any conduct affected by the Settlement Agreement, those laws and regulatory provisions shall control.

**18.04**   <u>Jurisdiction</u>.  The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class members, for purposes

of the administration and enforcement of this Agreement.

**18.05** <u>No Construction Against Drafter</u>. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

**18.06** <u>Resolution of Disputes</u>. The Parties shall cooperate in good faith in the administration of this Settlement. Any unresolved dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

**18.07** <u>Counterparts</u>. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

**18.08** <u>Time Periods</u>. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

**18.09** <u>Authority</u>. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

**18.10** <u>No Oral Modifications</u>. This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendants and Plaintiffs, and approved by the Court.

**18.11** <u>Notices</u>. Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

<u>If to Class Counsel</u>:

      Mark Ankcorn, Esq.
      Ankcorn Law Firm, PC
      110 Laurel Street
      San Diego, California 92101
      Telephone: (619) 238-1811
      mark@markankcornlaw.com

      Beth Terrell, Esq.
      Terrell Marshall Daudt & Willie, PLLC

936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
bterrell@tmdlaw.com

Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
josh@westcoastlitigation.com

Abbas Kazerounian, Esq.
The Kazerounian Law Group, APC
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
ak@kazlg.com

Alexander H. Burke, Esq.
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone:  (312) 729-5288
aburke@burkelawllc.com

Syed Ali Saeed, Esq.
Saeed & Little, LLP
1433 N. Meridian St. (Ste 202)
Indianapolis, IN 46202
Telephone:  (317) 614-5741
ali@sllawfirm.com

Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
doug@djcampion.com

Daniel M. Hutchinson, Esq.
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
dhutchinson@lchb.com

Matthew R. Wilson (*pro hac vice*)
Meyer Wilson Co., LPA
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone: (614) 224-6000
mwilson@meyerwilson.com

<u>If to counsel for Settling Defendants</u>:

        Marc Lackner, Esq.
        Reed Smith LLP
        101 Second Street, Suite 1800
        San Francisco, CA 94105-3659
        Telephone: (415) 543-8700
        mlackner@reedsmith.com

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2013.

DATED: 9 | 17 | 13          Plaintiff Stephanie Rose

DATED: _____          Plaintiff Sandra Ramirez

DATED: _____          Plaintiff Shannon Johnson

DATED: _____          Plaintiff Amin Makin

DATED: _____          Plaintiff Carol Duke

DATED: _____          Plaintiff Jack Poster

DATED: _____          Plaintiff Freddericka Bradshaw

-31.-

1125123.1

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2013.

DATED: _____          Plaintiff Stephenie Rose

                                  _____

DATED:  September 25, 2013        Plaintiff Sandra Ramirez

                                  _____

DATED: _____          Plaintiff Shannon Johnson

                                  _____

DATED: _____          Plaintiff Amin Makin

                                  _____

DATED: _____          Plaintiff Carol Duke

                                  _____

DATED: _____          Plaintiff Jack Poster

                                  _____

DATED: _____          Plaintiff Freddericka Bradshaw

                                  _____

- 31 -

1125123.1

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2013.

DATED: _____        Plaintiff Stephenie Rose

_____

DATED: _____        Plaintiff Sandra Ramirez

_____

DATED: _9/26/13_____        Plaintiff Shannon Johnson

_____

DATED: _____        Plaintiff Amin Makin

_____

DATED: _____        Plaintiff Carol Duke

_____

DATED: _____        Plaintiff Jack Poster

_____

DATED: _____        Plaintiff Freddericka Bradshaw

_____

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2013.

DATED: _____          Plaintiff Stephenie Rose

                                      _____


DATED: _____          Plaintiff Sandra Ramirez

                                      _____


DATED: _____          Plaintiff Shannon Johnson

                                      _____


DATED: 9-22-13                        Plaintiff Amin Makin

                                      Amin Makin
                                      _____

DATED: _____          Plaintiff Carol Duke

                                      _____


DATED: _____          Plaintiff Jack Poster

                                      _____


DATED: _____          Plaintiff Freddericka Bradshaw

                                      _____

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _26 September_, 2013.

DATED: _____        Plaintiff Stephenie Rose

                              _____

DATED: _____        Plaintiff Sandra Ramirez

                              _____

DATED: _____        Plaintiff Shannon Johnson

                              _____

DATED: _____        Plaintiff Amin Makin

                              _____

DATED: _26 Sept 2013_         Plaintiff Carol Duke

                              _____

DATED: _____        Plaintiff Jack Poster

                              _____

DATED: _____        Plaintiff Freddericka Bradshaw

                              _____

- 31 -

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _25th of Sept._, 2013.

DATED: _____        Plaintiff Stephenie Rose

_____

DATED: _____        Plaintiff Sandra Ramirez

_____

DATED: _____        Plaintiff Shannon Johnson

_____

DATED: _____        Plaintiff Amin Makin

_____

DATED: _____        Plaintiff Carol Duke

_____

DATED: __9/25/13__                      Plaintiff Jack Poster

_____

DATED: _____        Plaintiff Freddericka Bradshaw

_____

- 31 -

1133322.1

IN WITNESS WHEREOF, the parties hereto have caused this Settlement Agreement to be executed, dated as of _____, 2013.

DATED: _____          Plaintiff Stephenie Rose

_____

DATED: _____          Plaintiff Sandra Ramirez

_____

DATED: _____          Plaintiff Shannon Johnson

_____

DATED: _____          Plaintiff Amin Makin

_____

DATED: _____          Plaintiff Carol Duke

_____

DATED: _____          Plaintiff Jack Poster

_____

DATED: _9/25/13_____          Plaintiff Freddericka Bradshaw

_Freddericka Bradshaw_

- 31 -

DATED: _____9/24/13_____

Defendant Bank of America, N.A.

By:_____

Name: Anthony T. Meola

Title: Mortgage Servicing & Operations Executive

DATED: _____9/26/13_____

Defendant Bank of America Corporation

By:_____

Name:  Anthony T. Meola

Title: Mortgage Servicing & Operations Executive

DATED: _____

Defendant FIA Card Services, N.A.

By:_____

Name:

Title:

DATED: _____      Defendant Bank of America, N.A.

By:_____

Name:

Title:

DATED: _____      Defendant Bank of America Corporation

By:_____

Name:

Title:

DATED: 9/27/13      Defendant FIA Card Services, N.A.

By:_____

Name: Mark D. Brucker

Title: Senior Vice President

- 32 -

APPROVED AS TO FORM AND CONTENT:

DATED: _Sept. 27_, 2013          REED SMITH LLP

                                 By _____
                                      Marc A. Lackner
                                      Attorneys for Defendant Bank of America, N.A.


DATED: _____, 2013       ANKCORN LAW FIRM, PC


                                 By _____
                                      Mark Ankcorn
                                      Attorneys for Plaintiffs
                                      Sandra Ramirez and Scott Fowler


DATED: _____, 2013       TERRELL, MARSHALL, DAUDT & WILLIE
                                 **PLLC**


                                 By _____
                                      Beth Ellen Terrell
                                      Attorneys for Plaintiffs
                                      Stephenie Rose, Sandra Ramirez and Scott
                                      Fowler


DATED: _____, 2013       HYDE & SWIGART


                                 By _____
                                      Joshua B. Swigart
                                      Attorneys for Plaintiff
                                      Shannon Johnson


DATED: _____, 2013       KAZEROUNIAN LAW GROUP, APC


                                 By _____
                                      Abbas Kazerounian
                                      Attorney for Plaintiff
                                      Shannon Johnson

APPROVED AS TO FORM AND CONTENT:

DATED: _____, 2013          REED SMITH LLP


                                       By_____
                                           Marc A. Lackner
                                           Attorneys for Defendant Bank of America, N.A.


DATED: _September 25_, 2013            ANKCORN LAW FIRM, PC


                                       By_____
                                           Mark Ankcorn
                                           Attorneys for Plaintiffs
                                           Sandra Ramirez and Scott Fowler


DATED: _September 25_ 2013             TERRELL, MARSHALL, DAUDT & WILLIE
                                       **PLLC**


                                       By_____
                                           Beth Ellen Terrell
                                           Attorneys for Plaintiffs
                                           Stephenie Rose, Sandra Ramirez and Scott
                                           Fowler


DATED: _____, 2013          HYDE & SWIGART


                                       By_____
                                           Joshua B. Swigart
                                           Attorneys for Plaintiff
                                           Shannon Johnson


DATED: _____, 2013          KAZEROUNIAN LAW GROUP, APC


                                       By_____
                                           Abbas Kazerounian
                                           Attorney for Plaintiff
                                           Shannon Johnson


- 33 -

APPROVED AS TO FORM AND CONTENT:

DATED: _____, 2013        REED SMITH LLP


                                 By_____
                                    Marc A. Lackner
                                    Attorneys for Defendant Bank of America, N.A.


DATED: _____, 2013        ANKCORN LAW FIRM, PC


                                 By_____
                                    Mark Ankcorn
                                    Attorneys for Plaintiffs
                                    Sandra Ramirez and Scott Fowler


DATED: _____, 2013        TERRELL, MARSHALL, DAUDT & WILLIE
                                 PLLC


                                 By_____
                                    Beth Ellen Terrell
                                    Attorneys for Plaintiffs
                                    Stephenie Rose, Sandra Ramirez and Scott
                                    Fowler


DATED: ____9/25____, 2013        HYDE & SWIGART


                                 By_____
                                    Joshua B. Swigart
                                    Attorneys for Plaintiff
                                    Shannon Johnson


DATED: __9/25/2013               KAZEROUNIAN LAW GROUP, APC


                                 By_____
                                    Abbas Kazerounian
                                    Attorney for Plaintiff
                                    Shannon Johnson


- 33 -

DATED: 9/26/, 2013                    BURKE LAW OFFICES, LLC

                                      By_____
                                         Alexander Holmes Burke
                                         Attorneys for Plaintiff
                                         Amin Makin


DATED: 9.26.13, 2013                  SAEED & LITTLE LLP

                                      By_____
                                         Syed Ali Saeed
                                         Attorneys for Plaintiff
                                         Amin Makin


DATED: _____, 2013              LAW OFFICES OF DOUGLAS J. CAMPION

                                      By_____
                                         Douglas James Campion
                                         Attorneys for Plaintiffs
                                         Stephenie Rose and Freddericka Bradshaw


DATED: _____, 2013              LIEFF CABRASER HEIMANN & BERNSTEIN
                                      LLP

                                      By_____
                                         Daniel M. Hutchinson
                                         Attorneys for Plaintiffs
                                         Stephenie Rose, Carol Duke and Jack Poster


DATED: _____, 2013              MEYER WILSON CO., LPA

                                      By_____
                                         Matthew R. Wilson
                                         Attorneys for Plaintiffs
                                         Stephenie Rose, Carol Duke and Jack Poster

DATED: _____, 2013          BURKE LAW OFFICES, LLC


                                       By_____
                                          Alexander Holmes Burke
                                          Attorneys for Plaintiff
                                          Amin Makin


DATED: _____, 2013          SAEED & LITTLE LLP


                                       By_____
                                          Syed Ali Saeed
                                          Attorneys for Plaintiff
                                          Amin Makin


DATED: Sept. 25 2013                   LAW OFFICES OF DOUGLAS J. CAMPION, APC


                                       By_____
                                          Douglas James Campion
                                          Attorneys for Plaintiffs
                                          Stephenie Rose and Freddericka Bradshaw


DATED: _____, 2013          LIEFF CABRASER HEIMANN & BERNSTEIN
                                       LLP


                                       By_____
                                          Daniel M. Hutchinson
                                          Attorneys for Plaintiffs
                                          Stephenie Rose, Carol Duke and Jack Poster


DATED: _____, 2013          MEYER WILSON CO., LPA


                                       By_____
                                          Matthew R. Wilson
                                          Attorneys for Plaintiffs
                                          Stephenie Rose, Carol Duke and Jack Poster


                                       - 34 -

DATED: _____, 2013          BURKE LAW OFFICES, LLC


                                       By_____
                                          Alexander Holmes Burke
                                          Attorneys for Plaintiff
                                          Amin Makin


DATED: _____, 2013          SAEED & LITTLE LLP


                                       By_____
                                          Syed Ali Saeed
                                          Attorneys for Plaintiff
                                          Amin Makin


DATED: _____, 2013          LAW OFFICES OF DOUGLAS J. CAMPION


                                       By_____
                                          Douglas James Campion
                                          Attorneys for Plaintiffs
                                          Stephenie Rose and Freddericka Bradshaw


DATED: September 25, 2013             LIEFF CABRASER HEIMANN & BERNSTEIN
                                       LLP


                                       By_Daniel Hutch_____
                                          Daniel M. Hutchinson
                                          Attorneys for Plaintiffs
                                          Stephenie Rose, Carol Duke and Jack Poster


DATED: _____, 2013          MEYER WILSON CO., LPA


                                       By_____
                                          Matthew R. Wilson
                                          Attorneys for Plaintiffs
                                          Stephenie Rose, Carol Duke and Jack Poster


- 34 -

DATED: _____, 2013        BURKE LAW OFFICES, LLC


                                 By_____
                                    Alexander Holmes Burke
                                    Attorneys for Plaintiff
                                    Amin Makin


DATED: _____, 2013        SAEED & LITTLE LLP


                                 By_____
                                    Syed Ali Saeed
                                    Attorneys for Plaintiff
                                    Amin Makin


DATED: _____, 2013        LAW OFFICES OF DOUGLAS J. CAMPION


                                 By_____
                                    Douglas James Campion
                                    Attorneys for Plaintiffs
                                    Stephenie Rose and Freddericka Bradshaw


DATED: _____, 2013        LIEFF CABRASER HEIMANN & BERNSTEIN
                                 LLP


                                 By_____
                                    Daniel M. Hutchinson
                                    Attorneys for Plaintiffs
                                    Stephenie Rose, Carol Duke and Jack Poster


DATED: September 25, 2013        MEYER WILSON CO., LPA


                                 By_____
                                    Matthew R. Wilson
                                    Attorneys for Plaintiffs
                                    Stephenie Rose, Carol Duke and Jack Poster


- 34 -

DATED: _____9/25_____, 2013

LAW OFFICES OF DANIEL G. SHAY

By_____
    Daniel G. Shay
    Attorneys for Plaintiff
    Freddericka Bradshaw

DATED: _____9/25_____, 2013

LAW OFFICES OF STEVEN E. KAFTAL

By_____
    Steven E. Kaftal
    Attorneys for Plaintiff
    Freddericka Bradshaw

# EXHIBIT A

Bank of America TCPA Settlement
Claims Administrator
PO Box 3410
Portland OR 97208-3410

Toll Free Number:                          1-877-919-9186
Website:              www.BoATCPASettlement.com
Email:                info@BoATCPASettlement.com
Objection/Exclusion Deadline:          XX/XX/XX
Settlement Fairness Hearing:            XX/XX/XX
Deadline to File a Claim:               XX/XX/XX

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>
<<Foreign Country>>

## BANK OF AMERICA TCPA SETTLEMENT CLAIM FORM

Settlement Awards shall be made to eligible Settlement Class Members on a claims-made basis. Each member of the Settlement Class shall be entitled to make a Claim for a Settlement Award. Any Settlement Class Member shall be entitled to make one claim each for any Mortgage Calls and one claim for Credit Card Calls or Credit Card Texts. (For example, a person who received Mortgage Calls and Credit Card Calls may make two claim selections by checking the appropriate box in Part II and Part III of this claim.) To make a claim, Settlement Class Members must complete and submit a claim by XX/XX/XX.

## PART I:          CLAIMANT IDENTIFICATION:

First Name                                          Last Name

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                    State      Zip Code

Foreign Country (only if not USA)

Optional Telephone Number (home)

Email address

Cell phone number at which you received one or more non-emergency mortgage or credit card default servicing calls using an automatic telephone dialing system and/or an artificial prerecorded voice ("Automatic Calls") or one or more non-emergency default servicing text messages ("Automatic Texts") without your prior express consent:

Unique Identifier
Please enter the 13 digit unique identifier published in the postcard notice or email notice that you received.
If you did not receive a notice, or cannot locate the 13 digit unique identifier, you may leave this field blank.

01-CA8168
L5261 v.06 09.27.2013

1

**PART II:          CLAIM TYPE:  AUTOMATIC CREDIT CARD TEXTS OR CALLS:**

If you received one or more Automatic Calls or Texts regarding a Bank of America Credit Card Account, you can make a claim for <u>either</u> Automatic Credit Card Calls <u>or</u> Automatic Credit Card Texts, but not both, by checking the appropriate box below:

☐    Received one or more **Automatic Calls** regarding a Bank of America Credit Card Account between May 16, 2007, and January 31, 2013; **OR**

☐    Received one or more **Automatic Texts** from Bank of America regarding a Bank of America Credit Card Account between February 22, 2009, and December 31, 2010.

**Note:  You cannot make a claim for both Automatic Credit Card Texts and Automatic Credit Card Calls**

**PART III:         CLAIM TYPE:  AUTOMATIC MORTGAGE CALLS:**

If you received one or more Automatic Calls regarding a Bank of America Residential Mortgage Loan Account, you can make a claim for Automatic Mortgage Calls by checking the box below:

☐    Received one or more Automatic Calls from Bank of America regarding a Bank of America Residential Mortgage Loan Account between August 30, 2007 and January 31, 2013.

**PART IV:         CERTIFICATION:**

By submitting this claim form, I certify that the foregoing information supplied by the undersigned is true and correct.

┌─────────────────────────────────────────────┐
│                                             │
└─────────────────────────────────────────────┘
     Signature of Claimant

┌─────────────────────────────────────────────┐     **Date** ☐☐ – ☐☐ – ☐☐
│                                             │            MM    DD    YY
└─────────────────────────────────────────────┘
     Print Name of Claimant

# EXHIBIT B

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   STEPHENIE ROSE, on behalf herself and      Case No. 5:11-cv-02390-EJD (PSG)
     all others similarly situated,
12                                              **[PROPOSED] FINAL SETTLEMENT**
                        Plaintiff,              **APPROVAL ORDER AND JUDGMENT**
13
14          v.

15   BANK OF AMERICA CORPORATION,
     and FIA CARD SERVICES, N.A.,
16
                        Defendants.
17

18   CAROL DUKE AND JACK POSTER,
     on behalf of themselves and all others
19   similarly situated,

20                      Plaintiffs,

21          v.

22   BANK OF AMERICA, N.A.; BANK OF
     AMERICA CORPORATION;
23   AND FIA CARD SERVICES, N.A.,

24                      Defendants.

25

26

27

28

1    THIS MATTER came before the Court for final approval of the proposed class settlement.

2    The Court has considered all papers filed and proceedings in this matter and held a hearing on

3    _____, at which time the parties and all other interested persons were

4    afforded the opportunity to be heard in support of and in opposition to the proposed settlement.

5    Based on the papers filed with the Court and presentations made to the Court at the hearing, it is

6    hereby ORDERED, ADJUDGED, AND DECREED as follows:

7        1.    The definitions and provisions of the Settlement Agreement are hereby

8    incorporated as though fully set forth herein.  For purposes of this Settlement Order and Final

9    Judgment, all capitalized terms used hereafter shall have the meaning ascribed to them in the

10   Settlement Agreement, unless otherwise noted.

11       2.    The Court has jurisdiction over the subject matter of the Settlement Agreement

12   with respect to and over all parties to the Settlement Agreement, including all Settlement Class

13   Members.

14       3.    <u>Final Approval of Proposed Settlement</u>.  The Court hereby approves the

15   Settlement and finds that the Settlement is, in all respects, fair, reasonable and adequate to the

16   Settlement Class Members and is the result of extensive arm's length negotiations between the

17   parties.

18       4.    <u>Class Certification for Settlement Purposes Only</u>. Pursuant to Federal Rule of

19   Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following Settlement

20   Class:  All persons within the United States who:

21
22       a.    between August 30, 2007 and January 31, 2013, received a non-emergency,

default servicing telephone call from Bank of America regarding a Bank of America Residential
23
Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing
24
system and/or an artificial or prerecorded voice ("Mortgage Calls");
25
26       b.    between May 16, 2007 and January 31, 2013, received a non-emergency,

default servicing telephone call from Bank of America regarding a Bank of America Credit Card
27
Account to a cellular telephone through the use of an automatic telephone dialing system and/or
28

1    an artificial or prerecorded voice ("Credit Card Calls").  This excludes those persons that received

2    a text message between May 16, 2007 and January 31, 2013 that did not also receive a telephone

3    call to their cellular phone through the use of an automatic telephone dialing system and/or an

4    artificial or prerecorded voice;

5             c.     between February 22, 2009 and December 31, 2010, received a non-

6    emergency, default servicing text message from Bank of America regarding a Bank of America

7    Credit Card Account to a cellular telephone through the use of an automatic telephone dialing

8    system and/or an artificial or prerecorded voice ("Credit Card Texts").  This excludes those

9    identified individuals that are included in subparagraph (b), above.

10   Excluded from the Class are Bank of America; its parent companies, affiliates or subsidiaries, or

11   any employees thereof, and any entities in which any of such companies has a controlling interest;

12   the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those

13   judges' staffs and immediate families.

14           5.     This Settlement Order and Final Judgment does not constitute an expression by the

15   Court of any opinion, position, or determination as to the merit or lack of merit of any of the

16   claims or defenses of Plaintiffs, the Settlement Class Members, or Bank of America.  The

17   settlement of the Action, the negotiation and execution of this Agreement, and all acts performed

18   or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be

19   deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability

20   on the part of Bank of America or of the truth of any of the allegations in the Actions; (ii) are not

21   and shall not be deemed to be, and may not be used as an admission or evidence of any fault or

22   omission on the part of Bank of America in any civil, criminal or administrative proceeding in

23   any court, arbitration forum, administrative agency or other tribunal; and, (iii) are not and shall

24   not be deemed to be and may not be used as an admission of the appropriateness of these or

25   similar claims for class certification.

26           6.     This Court hereby dismisses this action with prejudice as to all Settlement Class

27   Members.  Exhibit A, attached hereto, sets forth the names of those individuals who have timely

28   and properly excluded themselves from the Settlement Class.

7.      Upon the date this Judgment becomes final, Plaintiffs and each Settlement Class Member, as well as their respective assigns, heirs, executors, administrators, successors and agents, will be deemed to have fully released, resolved, relinquished and discharged Bank of America, N.A., FIA Card Services, N.A., and Bank of America Corporation, and each of their respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that arise out of or relate in any way to the Released Parties' use of an "automatic telephone dialing system" or "artificial or prerecorded voice"  to contact or attempt to contact Settlement Class Members in connection with, respectively:  (i) Bank of America's servicing of any Residential Mortgage Loans via autodialed calls and/or interactive messages to cellular telephones to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from August 30, 2007 to January 31, 2013  ("Mortgage Call Release"), (ii) Bank of America's servicing of any Credit Card Accounts via autodialed calls and/or interactive messages to cellular telephones to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from May 16, 2007 to January 31, 2013 ("Credit Card Call Release"), and (iii) Bank of America's servicing of any Credit Card Accounts via text messages to cellular telephones to the fullest extent that those terms

1   are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

2   *seq.*, relevant regulatory or administrative promulgations and case law, from February 22, 2009 to

3   December 31, 2010 ("Credit Card Text Release").

4         8.     Without limiting the foregoing, the Released Claims specifically extend to claims

5   that Settlement Class Members do not know or suspect to exist in their favor at the time that the

6   Settlement, and the releases contained therein, becomes effective.  The Court finds that Plaintiffs

7   have, and the Settlement Class Members are deemed to have, knowingly waived California Civil

8   Code section 1542 and any other applicable federal or state statute, case law, rule or regulation

9   relating to limitations on releases.

10         9.     In aid to this Court's jurisdiction to implement and enforce the Settlement,

11   Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of

12   Settlement Class Members are enjoined, directly, on a representative basis or in any other

13   capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims

14   against Bank of America or any of the other Released Parties in any action, arbitration or

15   proceeding in any court, arbitral forum or tribunal.

16         10.    The Court finds that the program of Class Notice set forth in the Settlement

17   Agreement and preliminarily approved by the Court was the best practicable notice under the

18   circumstances.  The Class Notice provided due and adequate notice of these proceedings and of

19   the matters set forth therein, including the Amended Agreement, to all parties entitled to such

20   notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements

21   of constitutional due process.

22         11.    Without affecting the finality of this Settlement Order and Final Judgment in any

23   way, the Court retains continuing jurisdiction over: (a) implementation of the Settlement

24   Agreement and distribution of the settlement relief contemplated by the Settlement Agreement,

25   until all acts agreed to be performed pursuant to the Settlement Agreement have been performed;

26   and (b) all parties to this action and Settlement Class Members for the purpose of enforcing and

27   administering the Settlement Agreement.

28

- 4 -

12.     In the event that the Agreement does not become effective in accordance with its terms, then this Settlement Order and Final Judgment shall be vacated, the Settlement Class shall be decertified and the Agreement and all orders entered in connection therewith shall become null and void and of no further force and effect.

IT IS SO ORDERED.

Dated: _____, 2013        _____
                             The Honorable Edward J. Davila
                             United States District Judge

# EXHIBIT C

**Email Notice**

**If you received a non-emergency mortgage or credit card default servicing call or text on your cellular telephone from Bank of America through the use of an automatic telephone dialing system and/or a prerecorded voice, you could receive a payment from a class action settlement.**

A $32,083,905 Settlement has been reached in a class action lawsuit claiming that Bank of America unlawfully used an automatic telephone dialing system and/or an artificial prerecorded voice to call or text cell phones without the prior express consent of the recipients.  Bank of America denies that it did anything wrong and the Court has not decided who is right.

**Who's Included?** You received this email because Bank of America's records show you are a member of the Settlement Class.  The Court decided that the Settlement Class includes all individuals who:

> (1) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Residential Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between August 30, 2007 and January 31, 2013 (Mortgage Calls);
> **or**
> (2) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between May 16, 2007, and January 31, 2013 (Credit Card Calls);
> **or**
> (3) received one or more non-emergency, default servicing text messages from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between February 22, 2009, and December 31, 2010 (Credit Card Texts).  Those persons who also received a Credit Card Call may make only one claim for either a Credit Card Call or Credit Card Text.

**What Are the Settlement Terms?** A Settlement Fund of $32,083,905 has been established to pay valid claims, attorney fees, service awards, costs, expenses and settlement administration.  Additionally, Bank of America has enhanced its business practices to ensure that a borrower has provided consent before being called on a cell phone and that the Bank's loan servicing record reflects the borrower's prior express consent to call his/her cell phone.

**How can I get a Payment?**  To get a payment you must submit a claim **using this 13 digit, unique identifier: xxxxxxxxxxxxx**.  You can submit your claim online, by mail or by calling the toll-free number.  It is estimated that payments will be between $20 and $40 per claim and each Class Member may be eligible to file up to two Claims.  The final

**Email Notice**

cash payment amount will depend on the total number of valid and timely claims filed by all Class Members.  The claim deadline is **Month DD, 2013**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month DD, 2013**.  If you do not exclude yourself, you will release your claims against Bank of America.  You may object to the Settlement by **Month DD, 2013**. The Detailed Notice available on the website explains how to exclude yourself or object.  The Court will hold a Hearing on Month DD, 2013 to consider whether to approve the Settlement and a request for attorneys' fees of up to $8,020,976 and service payments of $2,000 each to the seven Class Representatives.  You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to.  For more information, call or visit the website.

www.BOATCPASettlement.com  **1-877-919-9186**

Case 5:11-cv-02880-EJD Document 59-1 Filed 09/27/13 Page 62 of 94

# If you received a non-emergency mortgage or credit card default servicing call or text on your cellular telephone from Bank of America through the use of an automatic telephone dialing system and/or a prerecorded voice, you could receive a payment from a class action settlement.

A \$32,083,905 Settlement has been reached in a class action lawsuit claiming that Bank of America unlawfully used an automatic telephone dialing system and/or an artificial prerecorded voice to call or text cell phones without the prior express consent of the recipients. Bank of America denies that it did anything wrong and the Court has not decided who is right.

**Who's included?** Bank of America's records show you are a member of the Settlement Class. The exact definition of who is included in the Class is on the reverse side of this notice.

**What are the Settlement terms?** A Settlement Fund of \$32,083,905 has been established to pay valid claims, attorney fees, service awards, costs, expenses and settlement administration. Additionally, Bank of America has enhanced its business practices to ensure that a borrower has provided consent before being called on a cell phone and that the Bank's loan servicing record reflects the borrower's prior express consent to call his/her cell phone.

**How can I get a payment?** To get a payment you must submit a claim **using this 13 digit, unique**

**identifier: xxxxxxxxxxxxx**. You can submit your claim online, by mail or by calling the toll-free number. It is estimated that payments will be between \$20 and \$40 per claim and each Class Member may be eligible to file up to two Claims. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. The claim deadline is **Month DD, 2013**.

**Your other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month DD, 2013**. If you do not exclude yourself, you will release your claims against Bank of America. You may object to the Settlement by **Month DD, 2013**. The Detailed Notice available on the website explains how to exclude yourself or object. The Court will hold a Hearing on Month DD, 2013 to consider whether to approve the Settlement and a request for attorneys' fees of up to \$8,020,976 and service payments of \$2,000 each to the seven Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the website.

## www.BOATCPASettlement.com • 1-877-919-9186

The Settlement Class includes all individuals who:

(1) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Residential Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between August 30, 2007 and January 31, 2013 (Mortgage Calls);
**or**
(2) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between May 16, 2007, and January 31, 2013 (Credit Card Calls);
**or**
(3) received one or more non-emergency, default servicing text messages from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between February 22, 2009, and December 31, 2010 (Credit Card Texts).  Those persons who also received a Credit Card Call may make only one claim for either a Credit Card Call or Credit Card Text.

Bank of America TCPA Settlement Claims Administrator
PO Box 3410
Portland, OR 97208-3410


**Important notice about a Class Action Settlement.**

**If you received a non-emergency mortgage or credit card default servicing call or text on your cellular telephone from Bank of America through the use of an automatic telephone dialing system and/or a prerecorded voice, you could receive a payment from a class action settlement.**

A $32,083,905 Settlement has been reached in a class action lawsuit claiming that Bank of America unlawfully used an automatic telephone dialing system and/or an artificial prerecorded voice to call or text cell phones without the prior express consent of the recipients. Bank of America denies that it did anything wrong and the Court has not decided who is right.

**Who's Included?** The Court decided that the Settlement Class includes all individuals who:

(1) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Residential Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between August 30, 2007 and January 31, 2013 (Mortgage Calls);

**or**

(2) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between May 16, 2007, and January 31, 2013 (Credit Card Calls);

**or**

(3) received one or more non-emergency, default servicing text messages from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between February 22, 2009, and December 31, 2010 (Credit Card Texts).

Those persons who also received a Credit Card Call may make only one claim for either a Credit Card Call or Credit Card Text.

**What Are the Settlement Terms?** A Settlement Fund of $32,083,905 has been established to pay valid claims, attorney fees, service awards, costs, expenses and settlement administration. Additionally, Bank of America has enhanced its business practices to ensure that a borrower has provided consent before being called on a cell phone and that the Bank's loan servicing record reflects the borrower's prior express consent to call his/her cell phone.

**How can I get a Payment?** To get a payment you must submit a claim. You can submit your claim online, by mail or by calling the toll-free number. It is estimated that payments will be between $20 and $40 per claim and each Class Member may be eligible to file up to two Claims. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. The claim deadline is **Month DD, 2013**.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month DD, 2013**. If you do not exclude yourself, you will release your claims against Bank of America. You may object to the Settlement by **Month DD, 2013**. The Detailed Notice available on the website explains how to exclude yourself or object. The Court will hold a Hearing on **Month DD, 2013** to consider whether to approve the Settlement and a request for attorneys' fees of up to $8,020,976 and service awards of $2,000 each to the seven Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the website.

<u>United States District Court for the Northern District of California</u>

# IF YOU RECEIVED A NON-EMERGENCY MORTGAGE OR CREDIT CARD DEFAULT SERVICING CALL OR TEXT ON YOUR CELLULAR TELEPHONE FROM BANK OF AMERICA THROUGH THE USE OF AN AUTOMATIC TELEPHONE DIALING SYSTEM AND/OR A PRERECORDED VOICE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- Plaintiffs brought lawsuits alleging that Bank of America violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. by using an automatic telephone dialing system and/or an artificial prerecorded voice to place non-emergency servicing calls to cell phones ("Automatic Calls") and to send non-emergency text messages to cell phones ("Automatic Texts") in connection with servicing mortgage and credit card accounts that were in default, and that these autodialed calls and text messages were made and sent without the prior express consent of Class Members.  Bank of America denies the allegations in the lawsuits.

- A settlement has been reached in these cases and affects individuals who:

    1. Received an Automatic Call regarding a Bank of America Residential Mortgage Loan Account between August 30, 2007 and January 31, 2013; **or**

    2. Received an Automatic Call regarding a Bank of America Credit Card Account between May 16, 2007 and January 31, 2013; **or**

    3. Received an Automatic Text regarding a Bank of America Credit Card Account between February 22, 2009 and December 31, 2010.

- Class Members may make only one claim for any Automatic Calls regarding a mortgage account and only one claim for any Automatic Calls or Automatic Texts regarding a credit card account (for a maximum of two possible claims per Class Member).  A Class Member may not make both a claim for Automatic Calls and a claim for Automatic Texts regarding a credit card account.

- The Settlement, if approved, would provide $32,083,905 to pay any and all claims from those who received any of the above-described Automatic Calls or Texts from Bank of America, as well as to pay Plaintiffs' attorneys fees and the administrative costs of the settlement; it avoids the further cost and risk associated with continuing the lawsuits; pays money to recipients of the Automatic Calls and Texts; and releases Bank of America from further liability.

- Bank of America has developed enhancements to its business practices designed to ensure that customers who receive autodialed calls or texts have provided consent and to protect Class Members from any future unconsented-to Automatic Calls or Texts.

- **Your legal rights are affected whether you act or don't act.  Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment.  You can submit a valid and timely claim form online at www.BoATCPASettlement.com or by mail to TCPA Settlement Claims Administrator, PO Box 3410, Portland, OR 97208-3410 or by calling the toll-free number, 1-877-919-9186.  If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment.  Give up rights to sue Bank of America separately. |
| **Exclude Yourself OR "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment.  This allows you to pursue your own lawsuit against Bank of America about the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

**Questions?  Call 1-877-919-9186 or visit www.BOATCPASettlement.com**

2

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**.......................................................................................... PAGE 4
1.   Why is there a notice?
2.   What is this class action lawsuit about?
3.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT**............................................................................ PAGE 5
4.   How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS – WHAT YOU GET** ..................................................... PAGE 5
5.   What does the Settlement provide?

**HOW YOU GET A PAYMENT** ............................................................................... PAGE 6
6.   How and when can I get a payment?
7.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**...................................................... PAGE 7
8.   How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ....................................................................... PAGE 8
9.   Do I have a lawyer in this case?
10.  How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** .......................................................................... PAGE 8
11.  How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING** ........................................................................ PAGE 9
12.  When and where will the Court decide whether to approve the Settlement?
13.  May I speak at the hearing?

**IF YOU DO NOTHING** ......................................................................................... PAGE 9
14.  What happens if I do nothing at all?

**GETTING MORE INFORMATION** ........................................................................... PAGE 10
15.  How do I get more information?

# BASIC INFORMATION

## 1.  Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of these class action lawsuits, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

If you received a postcard or email Notice, it is because according to Bank of America's records, you may have received (1) an Automatic Call from Bank of America regarding a Bank of America Residential Mortgage Loan Account between August 30, 2007 and January 31, 2013 ("Mortgage Calls"); **or** (2) an Automatic Call from Bank of America regarding a Bank of America Credit Card Account between May 16, 2007 and January 31, 2013 ("Credit Card Calls"); **or** (3) an Automatic Text from Bank of America regarding a Bank of America Credit Card Account between February 22, 2009 and December 31, 2010 ("Credit Card Texts").

The Court in charge of the case is the United District Court for the Northern District of California, and the case is known as *Rose v. Bank of Am. Corp*., Case No. 11-cv-02390-EJD (N.D. Cal.).  The proposed Settlement would resolve all claims in *Rose v. Bank of Am. Corp.*, Case No. 11-cv-02390-EJD (N.D. Cal.), and the related case *Duke v. Bank of Am*., Case No. 5:12-cv-04009 (N.D. Cal.), as well as the claims in the following similar Actions: *Ramirez v. Bank of Am., N.A*., Case No. 11-cv-02008 (S.D. Cal.); *Johnson v. Bank of Am., N.A*., Case No. 11-cv-3040 LAB (S.D. Cal.); *Makin v. Bank of Am., N.A.*, Case No. 12-cv-1662 LAB (S.D. Cal.); and *Bradshaw v. Bank of Am. Corp.,* 13-CV-0431 LAB RBB (S.D. Cal.).  The people who sued are called Plaintiffs, and the companies they sued, Bank of America Corporation ("BAC"), Bank of America, N.A. ("BANA"), and FIA Card Services, N.A. ("FIA") are called the Defendants and are referred to herein collectively as "Bank of America."

## 2.  What are these class action lawsuits about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding.  Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Representative Plaintiffs filed these cases against Defendants alleging that Bank of America violated the TCPA by using an automatic telephone dialing system and/or an artificial prerecorded voice to call or text cell phones without the prior express consent of the recipients.

Bank of America denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

## 3.  Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendants.  Both sides agreed to a settlement instead of going to trial.  That way, they avoid the cost of a trial, and the people

affected will get compensation.  The Representative Plaintiffs and the attorneys think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

### 4.  How do I know if I am part of the Settlement?

The Settlement provides relief for all Class Members, who are described as individuals who:

 (1) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Residential Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between August 30, 2007 and January 31, 2013 ("Mortgage Calls");
**or**
(2) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between May 16, 2007 and January 31, 2013 ("Credit Card Calls");
**or**
(3) received one or more non-emergency, default servicing text messages from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between February 22, 2009 and December 31, 2010 ("Credit Card Texts").

Individuals may be members of more than one group. Those who received both a Mortgage Call and a Credit Card Call or Text may file two claims.  Those persons who also received a Credit Card Call may make only one claim for either a Credit Card Call or Credit Card Text.

Excluded from the Class are Defendants; their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those judges' staffs and immediate families.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-877-919-9186 or visit www.BOATCPASettlement.com for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

### 5.  What does the Settlement provide?

Bank of America has agreed to pay a total settlement amount of $32,083,905 which will be used to create a Settlement Fund to pay Settlement Awards to Class Members, Plaintiffs' attorney fees, service awards to the Representative Plaintiffs, costs, expenses, and settlement administration.

Any residual amount under $50,000 remaining after all the payments included in the Settlement are made that would be economically unfeasible to distribute will be donated to the Electronic Frontier Foundation.

Additionally, Bank of America has enhanced its business practices.  As a benefit to all Class Members, Bank of America developed significant enhancements to its servicing systems to ensure that a borrower has provided consent before being called on a cell phone and that the Bank's loan servicing records are systematically coded to reflect the borrower's prior express consent to call his/her cell phone.

# HOW YOU GET A PAYMENT

### 6.  How and when can I get a payment?

Each Class Member who submits a valid and timely Claim Form will receive a Settlement Award.  A Settlement Award is a cash payment.  It is estimated that Eligible Class Members' cash award payment will be between $20 and $40 per claim, but the final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members.

Eligible Class Members may make 1) one claim for any Mortgage Calls, and 2) one claim for any Credit Card Calls or for any Credit Card Texts.  Class Members may not make both a claim for Credit Card Calls and a claim for Credit Card Texts.

Claims may be submitted electronically at info@BOATCPASettlement.com, or by calling the toll-free number 1-(877) 919-9186, or by mail to:

Bank of America TCPA Settlement
Claims Administrator
PO Box 3410
Portland, OR 97208-3410

The Court will hold a hearing on _____, 20XX to decide whether to approve the Settlement.  If the Settlement is approved, appeals may still follow.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

### 7.  What am I giving up to get a payment or stay in the Class?

If you are a Class Member, unless you exclude yourself, you will be a member of the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against Bank of America about the legal issues in *this* case and all of the decisions and judgments by the Court will bind you.  So, if you file a Claim Form for benefits or do nothing at all, you will be releasing Bank of America from all of the claims described and identified below.

Remaining in the Class means that you, as well as your respective assigns, heirs, executors, administrators, successors and agents, will release, resolve, relinquish and discharge Bank of America (and all related entities) any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of an

Questions?  Call 1-877-919-9186 or visit www.BOATCPASettlement.com

6

"automatic telephone dialing system" or "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members in connection with, respectively:  (i) Bank of America's servicing of any Residential Mortgage Loans via autodialed calls to cellular telephones to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from August 30, 2007 to January 31, 2013  ("Mortgage call Release"), (ii) Bank of America's servicing of any Credit Card Accounts via autodialed calls to cellular telephones to the fullest extent that term is used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from May 16, 2007 to January 31, 2013 ("Credit Card call Release"), and (iii) Bank of America's servicing of any Credit Card Accounts via interactive messages and/or text messages to cellular telephones to the fullest extent that those terms are used, defined or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, relevant regulatory or administrative promulgations and case law, from February 22, 2009 to December 31, 2010 ("Credit Card text Release").  Released Claims include both the claims of Bank of America account holders and non-account holders who are members of the Settlement Class.  You further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt-out of the Settlement.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Bank of America on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

| 8.  How do I exclude myself from the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Rose v. Bank of Am. Corp.*, Case No. 11-cv-02390-EJD (N.D. Cal.).  Be sure to include your full name, address, and telephone number.  You must also include a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than ____, 2013** to:

Bank of America TCPA Settlement
Claims Administrator
PO Box 3410
Portland, OR 97208-3410

**Questions?  Call 1-877-919-9186 or visit www.BOATCPASettlement.com**

7

If you ask to be excluded, you will not get any Settlement Award, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Bank of America in the future.

# THE LAWYERS REPRESENTING YOU

### 9.  Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other Class Members:

- *Ramirez* Counsel: Ankcorn Law Firm, PC, and Terrell Marshall Daudt & Willie PLLC;
- *Johnson* Counsel: Hyde & Swigart and Kazerouni Law Group, APC;
- *Makin* Counsel: Burke Law Offices, LLC, and Saeed & Little LLP;
- *Rose* Counsel: Law Offices of Douglas J. Campion, APC, Lieff Cabraser Heimann & Bernstein, LLP, Meyer Wilson Co., LPA, Terrell Marshall Daudt & Willie PLLC;
- *Duke* Counsel: Lieff Cabraser Heimann & Bernstein, LLP, and Meyer Wilson Co., LPA; and
- *Bradshaw* Counsel: Law Offices of Douglas J. Campion, APC.

These lawyers are called Class Counsel. You will not be charged for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 10.  How will the lawyers and class representatives be paid?

Class Counsel will ask the Court to approve payment of $8,020,976 (25% of the Settlement Fund) to compensate them for expenses and for attorneys fees for investigating the facts, litigating the case, and negotiating the Settlement. Class Counsel will also request an award of service payments of $2,000 each to the seven Class Representatives, in compensation for their time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys fees and costs may be filed, and must be postmarked, no later than _____ which is XXXX days following the filing of Class Counsel's motion for an award of attorneys fees and costs.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 11.  How do I tell the Court that I do not think the Settlement is fair?

You can tell the Court that you don't agree with the Settlement or some part of it. If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the proposed Settlement in *Rose v. Bank of Am. Corp.*, Case No. 11-cv-02390-EJD (N.D. Cal.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel. **Your objection to the Settlement must be postmarked no later than _____.**

Questions?  Call 1-877-919-9186 or visit www.BOATCPASettlement.com

8

The objection must be mailed to both:

| | |
|---|---|
| *Rose v. Bank of Am. Corp.*,<br>Case No. 11-cv-02390-EJD (N.D. Cal.)<br>Clerk of the Court<br>U.S. District Court for the<br>Northern District of California<br>280 South 1st Street<br>San Jose, CA  95113 | Lieff Cabraser Heimann & Bernstein, LLP<br>Embarcadero Center West<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |

# THE FAIRNESS HEARING

## 12.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement.  This Fairness Hearing will be held at ___ on ___ __, ___, 201X at the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California in Courtroom ___.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts.  If there are objections, the Court will consider them.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long it will take the Court to issue its decision.  It is not necessary for you to appear at this hearing, but you may attend at your own expense.

## 13.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Rose v. Bank of Am. Corp.*, Case No. 11-cv-02390-EJD (N.D. Cal.).  Be sure to include your full name, address, and telephone number.  Your letter stating your notice of intention to appear must be postmarked no later than ___, 20XX and be sent to the Clerk of the Court.  You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 14.  What happens if I do nothing at all?

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement, and any appeals are resolved.  In order to receive a payment, you must submit a claim form.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Bank of America about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| 15. How do I get more information? |
|---|

This Notice summarizes the proposed Settlement.  More details are in a Settlement Agreement.
You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at
1-877-919-9186, writing to: Bank of America TCPA Settlement Claims Administrator, PO Box
3410, Portland, OR 97208-3410; or visiting the website at www.BOATCPASettlement.com,
where you will find answers to common questions about the Settlement, a claim form, plus other
information to help you determine whether you are a Class Member and whether you are eligible
for a payment.

# EXHIBIT D

1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>12<br><br>13                Plaintiff,<br><br>14    v.<br><br>15 BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>16<br>               Defendants.<br>17 | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**[PROPOSED] ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS** |
| 18 CAROL DUKE AND JACK POSTER, on behalf of themselves and all others<br>19 similarly situated,<br><br>20                Plaintiffs,<br><br>21    v.<br><br>22 BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION;<br>23 AND FIA CARD SERVICES, N.A.,<br><br>24                Defendants. | |

25

26

27

28

1   WHEREAS, a putative class action entitled *Rose v. Bank of Am. Corp.* is pending in this

2   Court, Case No. 11-cv-02390 (the "*Rose* Action");

3   WHEREAS, a putative class action entitled *Duke v. Bank of Am., N.A.*, is pending in this

4   Court, Case No. 12-cv-04009 (the "*Duke* Action");

5   WHEREAS, a putative class action entitled *Ramirez v. Bank of Am., N.A.*, is pending in

6   the Southern District of California, Case No. 11-cv-02008 (the "*Ramirez* Action");

7   WHEREAS, a putative class action entitled *Johnson v. Bank of Am., N.A.*, is pending in

8   the Southern District of California, Case No. 11-cv-03040 (the "*Johnson* Action");

9   WHEREAS, a putative class action entitled *Makin v. Bank of Am., N.A.*, is pending in the

10  Southern District of California, Case No. 12-cv-01662 (the "*Makin* Action");

11  WHEREAS, a putative class action entitled *Bradshaw v. Bank of Am. Corp.*, is pending in

12  the Southern District of California, Case No. 13-cv-0431 (the "*Bradshaw* Action" and,

13  collectively, the "Actions");

14  WHEREAS, Plaintiffs Stephenie Rose, Sandra Ramirez, Shannon Johnson, Amin Makin,

15  Carol Duke, Jack Poster, and Freddericka Bradshaw (collectively, "Plaintiffs"), and Bank of

16  America Corporation ("BAC"), Bank of America, N.A. ("BANA"), and FIA Card Services, N.A.

17  ("FIA") (together, "Bank of America") have agreed, subject to Court approval following notice to

18  the proposed Settlement Class (as described in Paragraph 6 below) and a hearing, to settle this

19  Action upon the terms and conditions set forth in the Settlement Agreement lodged with this

20  Court;

21  WHEREAS, this Court has reviewed the Settlement Agreement, as well as the files,

22  records, and proceedings to date in this matter;

23  WHEREAS, for purposes of this Order, capitalized terms used below shall have the

24  meaning ascribed to them in the settlement agreement, unless otherwise defined; and

25  WHEREAS, for purposes of the Actions, this Court has subject matter and personal

26  jurisdiction over the parties, including all Settlement Class Members.

27  NOW, THEREFORE, based on this Court's review of the Settlement Agreement and all

28  of the files, records, and proceedings herein, the Court concludes, upon preliminary examination,

[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT
5:11-CV-02390-EJD (PSG)

that the Settlement is fair, reasonable, and adequate, and within the range of reasonableness for preliminary settlement approval.

IT IS HEREBY ORDERED THAT:

1.   <u>Preliminary Approval of Proposed Settlement</u>.  The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate and within the range of reasonableness for preliminary settlement approval.  The Court finds that: (a) the Settlement Agreement resulted from extensive arm's length negotiations; and (b) the Settlement Agreement is sufficient to warrant notice of the Settlement to persons in the Settlement Class and to warrant a full hearing on final approval of the Settlement.

2.   <u>Class Certification for Settlement Purposes Only</u>. Pursuant to Federal Rule of Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the following Settlement Class:  All persons within the United States who:

    a.    between August 30, 2007 and January 31, 2013, received a non-emergency, default servicing telephone call from Bank of America regarding a Bank of America Residential Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice ("Mortgage Calls");

    b.    between May 16, 2007 and January 31, 2013, received a non-emergency, default servicing telephone call from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice ("Credit Card Calls").  This excludes those persons that received a text message between May 16, 2007 and January 31, 2013 that did not also receive a telephone call to their cellular phone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice; and

    c.    between February 22, 2009 and December 31, 2010, received a non-emergency, default servicing text message from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice ("Credit Card Texts").  This excludes those identified individuals that are included in subparagraph (b), above.

Excluded from the Class are Bank of America; its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those judges' staffs and immediate families.

- 2 -

1    3.    In connection with this conditional certification, the Court makes the following

2  preliminary findings:

3         a.    The Settlement Class appears to be so numerous that joinder of all

4  members is impracticable;

5         b.    There appear to be questions of law or fact common to the Settlement

6  Class for purposes of determining whether this settlement should be approved;

7         c.    Plaintiffs' claims appear to be typical of the claims being resolved through

8  the proposed settlement;

9         d.    Plaintiffs appear to be capable of fairly and adequately protecting the

10  interests of all members of the Settlement Class in connection with the proposed settlement;

11         e.    For purposes of determining whether the Settlement Agreement is fair,

12  reasonable, and adequate, common questions of law and fact appear to predominate over

13  questions affecting only individual persons in the Settlement Subclasses.  Accordingly, the

14  Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

15         f.    For purposes of settlement, certification of the Settlement Class appears to

16  be superior to other available methods for the fair and efficient settlement of the claims of the

17  Settlement Class.

18    4.    Class Representatives.  Plaintiffs are designated as class representatives.

19    5.    Class Counsel.  The Court appoints Law Offices of Douglas J. Campion;

20  Lieff Cabraser Heimann & Bernstein, LLP; Meyer Wilson Co., LPA; Terrell Marshall Daudt &

21  Willie PLLC; Ankcorn Law Firm, PC; Hyde & Swigart; Kazerounian Law Group, APC; Burke

22  Law Offices, LLC; Saeed & Little LLP; Law Offices of Daniel G. Shay; and Law Offices of

23  Steven E. Kaftal as Class Counsel.  The Court finds that counsel is competent and capable of

24  exercising all responsibilities as Class Counsel for the Settlement Class.

25    6.    Settlement Hearing.  A final approval hearing (the "Settlement Hearing") shall be

26  held before the Honorable Edward J. Davila, Courtroom 4, 5th Floor, on _____, 2013, at

27  _____, as set forth in the notice to the Settlement Class (described in Paragraph 6 below), to

28  determine whether the Settlement is fair, reasonable, and adequate and should be approved.

[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT
5:11-CV-02390-EJD (PSG)

1  Papers in support of final approval of the Settlement, the incentive award to Plaintiffs, and Class

2  Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application")

3  shall be filed with the Court according to the schedule set forth in Paragraph 11 below.  The

4  Settlement Hearing may be postponed, adjourned, or continued by order of the Court without

5  further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a

6  settlement order and final judgment in accordance with the Settlement Agreement that will

7  adjudicate the rights of the Settlement Class Members with respect to the Released Claims being

8  settled.

9         7.    <u>Class Notice</u>.  Class Notice shall be sent within fifteen (15) days following entry of

10  this Order.

11             a.    <u>E-mail or Mail Notice</u>.  The Claims Administrator shall provide individual

12  notice via either electronic mail or direct mail for all persons in the Settlement Class for which

13  Bank of America has contact information.  For class members whose email addresses are

14  unavailable, the Claims Administrator shall use the Notice Database to obtain such Class

15  Members' last known mailing address.  The Claims Administrator shall use the National Change

16  of Address Database and other industry-standard databases to update the mailing addresses in the

17  Notice Database.  Any Notices that are returned as non-deliverable with a forwarding address

18  shall promptly be re-mailed by the Claims Administrator to such forwarding address.  Skip

19  tracing shall be performed for all returned electronic and direct mail.  All costs of skip tracing

20  will be deducted from the Settlement Fund.

21             b.    <u>Publication Notice</u>.  No later than the Settlement Notice Date, the Claims

22  Administrator shall cause the Publication Notice to be published on a nationwide basis and to be

23  published on the Settlement Website on the same date, and retained on the website thereafter.

24             c.    <u>Question and Answer Form Notice</u>.  The Claims Administrator shall also

25  post on the website a formal Question and Answer Notice which shall set forth in a question and

26  answer format the details of the settlement, and the rights of Class Members to participate in the

27  Settlement, exclude themselves or object to the settlement.

28             d.    <u>Website Notice</u>.  By the Settlement Notice Date, the Claims Administrator

- 4 -

1  shall maintain and administer a dedicated Settlement Website containing class information and

2  related documents, along with information necessary to file a claim, and an electronic version of

3  the Claim Form members can download, complete and submit electronically.  At a minimum,

4  such documents shall include the Settlement Agreement and Exhibits, the Settlement Notice, the

5  Q & A Form Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone

6  wanting to print a hard copy and mail in the Claim Form, the operative complaints in the Actions,

7  and when filed, the Final Approval Order.

8          e.      <u>Toll Free Telephone Number</u>.  Within ten (10) days of Preliminary

9  Approval, the Claims Administrator shall set up a toll-free telephone number for receiving toll-

10  free calls related to the settlement.  That telephone number shall be maintained until thirty (30)

11  days after the Claims Deadline.  After that time, and for a period of 90 days thereafter, a

12  recording will advise any caller to the toll-free telephone number that the Claims Deadline has

13  passed and the details regarding the settlement may be reviewed on the related Settlement

14  Website.

15        8.      <u>Findings Concerning Class Notice</u>.  The Court finds that the foregoing program of

16  Class Notice and the manner of its dissemination is the best practicable notice under the

17  circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this

18  Action and their right to object to or exclude themselves from the Settlement Class.  The Court

19  further finds that the Class Notice program is reasonable, that it constitutes due, adequate, and

20  sufficient notice to all persons entitled to receive notice and that it meets the requirements of due

21  process and Federal Rule of Civil Procedure 23.

22        9.      <u>Settlement Administration</u>.  The Claim Form and the claims submission process

23  described in the Settlement Agreement are hereby approved.  In addition, the Court confirms that

24  it is appropriate for Bank of America to provide the information necessary to provide the notice

25  contemplated herein and to administer the settlement, including names, addresses, and account

26  information.

27

28

10.     Exclusion from the Settlement Class.

a.     Settlement Class Members may opt out of the Settlement by sending a written request to the Settlement Administrator at the address designated in the Class Notice by the Opt-Out Deadline, which is sixty (60) days from the Settlement Notice Date.

b.     Exclusion requests must state the Class Member's full name, address, and telephone number.  Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the settlement.  Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement.

c.     In the event that the number of valid opt-out requests exceeds 3,000 or more persons, Bank of America, in its sole discretion, may terminate the Settlement within ten (10) calendar days after the Opt-Out deadline.  In the event that the Settlement is terminated pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement had been negotiated or entered into.

All Settlement Class Members who do not opt out in accordance with the terms set forth herein will be bound by all determinations and judgments in the Actions.

11.     Objections to the Settlement.

a.     Right to Object.  Any Settlement Class Member who has not previously opted out in accordance with the terms of this Agreement may appear at the Final Approval Hearing to object to the proposed settlement and/or to the application of Class Counsel for an award of attorneys' fees and costs and/or the incentive awards, but only if the Settlement Class Member has first filed a written objection with the Clerk of Court, in accordance with the "Objection Requirements" set forth below, by the Objection Deadline.  Any Settlement Class Member who does not provide a written objection in the manner described below shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the plan of allocation, or the award of any attorney fees and/or service awards.

b.     Objection Requirements.  In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, the reasons for his or her

- 6 -

objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any documents supporting the objection must also be attached to the Objection.

12. <u>No Admission of Liability</u>.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of the alleged claims in the operative complaints.

13. <u>Stay/Bar of Other Proceedings</u>.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

14. <u>Schedule of Future Events</u>.  Further settlement proceedings in this matter shall proceed according to the following schedule:

        a.      Within 15 days of entry of this Order:  Deadline to provide Class Notice;

        b.      60 days after the Class Notice Date:  Last day to Object or Opt-Out;

        c.      90 days after the Class Notice Date:  Last day to submit a Claim; and

        d.      _____:  Final Approval Hearing.

IT IS SO ORDERED.

Dated: _____, 2013           _____
                                The Honorable Edward J. Davila
                                United States District Judge

# EXHIBIT E

1    Jonathan D. Selbin, SBN #170222
     Email: jselbin@lchb.com
2    LIEFF, CABRASER, HEIMANN
      & BERNSTEIN, LLP
3    250 Hudson Street, 8th Floor
     New York, New York  10013
4    Telephone: (212) 355-9500
     Facsimile: (212) 355-9592
5

6

7    [Additional Counsel Appear on Signature Page]

8    *Attorneys for Plaintiffs and the Proposed Class*

9
                     UNITED STATES DISTRICT COURT
10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11
     STEPHENIE ROSE, on behalf herself and all
12   others similarly situated,
                                              NO.  5:11-cv-02390-EJD
13                        Plaintiff,
                                              CLASS ACTION
14          v.
                                              **STIPULATED UNDERTAKING AND**
15   BANK OF AMERICA CORPORATION, and         **[PROPOSED] ORDER RE:**
     FIA CARD SERVICES, N.A.,                 **ATTORNEYS' FEES AND COSTS IN**
16                                            **CONNECTION WITH PROPOSED**
                                              **CLASS ACTION SETTLEMENT**
17                        Defendants.

18
     CAROL DUKE and JACK POSTER, on
19   Behalf of Themselves and All Others Similarly
     Situated,                                NO.  5:12-cv-04009-EJD
20
                          Plaintiffs,         CLASS ACTION
21
            v.
22
     BANK OF AMERICA, N.A.; BANK OF
23   AMERICA CORPORATION; and FIA CARD
     SERVICES, N.A.,
24
                          Defendants.
25

26

27   STIPULATED UNDERTAKING AND [PROPOSED]
     ORDER RE: ATTORNEYS' FEES AND COSTS IN
     CONNECTION WITH PROPOSED CLASS ACTION
     SETTLEMENT - 1

| | |
|---|---|
| SANDRA RAMIREZ and SCOTT FOWLER, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>           Defendant. | NO. 3:11-cv-02008-LAB-KSC<br><br>CLASS ACTION |
| SHARON JOHNSON, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION,<br><br>           Defendant. | NO. 3:11-cv-03040-LAB-KSC<br><br>CLASS ACTION |
| AMIN MAKIN, on behalf of herself and others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>           Defendant. | NO. 3:12-cv-01662-LAB-KSC |
| FREDDERICKA BRADSHAW, on behalf of herself and others similarly situated,<br><br>           Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA CORPORATION, et al.,<br><br>           Defendants. | NO. 3:13-cv-00431-LAB-WMC |

      Plaintiffs Stephanie Rose ("Rose"), Sandra Ramirez ("Ramirez"), Shannon Johnson ("Johnson"), Amin Makin ("Makin"), Carol Duke ("Duke"), Jack Poster ("Poster"), and Freddericka Bradshaw ("Bradshaw") (together, "Plaintiffs") and Defendants Bank of America

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 2

1  Corporation ("BAC"), Bank of America, N.A. ("BANA"), and FIA Card Services, N.A. ("FIA")

2  (together, "Defendants" or "Bank of America") (collectively, "the Parties"), by and through

3  their undersigned counsel stipulate and agree as follows:

4      WHEREAS, the undersigned Class Counsel  and their respective law firms desire to give

5  an undertaking for repayment of their award of attorneys' fees and costs ("Undertaking"), as is

6  required by the Settlement Agreement,

7                              **I. STIPULATION**

8      NOW, THEREFORE, each of the undersigned Class Counsel, on behalf of themselves as

9  individuals and as agents for their respective law firms, hereby submit themselves and their

10  respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions

11  of this Undertaking.

12      Capitalized terms used herein without definition have the meanings given to them in the

13  Settlement Agreement.

14      In the event that the Final Approval Order is reversed or modified on appeal, in whole or

15  in part, undersigned Class Counsel shall, within ten (10) business days after the order vacating

16  or modifying the Final Approval Order becomes final, repay to Defendants Bank of America,

17  N.A. ("BANA"), FIA Card Services, N.A. ("FIA"), or any of their successors or assigns the

18  attorneys' fees and costs paid from the Fund to undersigned Class Counsel in the amount

19  vacated or modified, including any accrued interest.

20      In the event the Final Approval Order is not reversed on appeal, in whole or in part, but

21  the attorneys' fees and costs awarded by the Court are vacated or modified on appeal,

22  undersigned Class Counsel shall, within ten (10) business days after the order vacating or

23  modifying the award of attorneys' fees and costs becomes final, repay to the Fund the attorneys'

24  fees and costs paid from the Fund to undersigned Class Counsel in the amount vacated or

25  modified, including any accrued interest.

26

27

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 3

1       Any action that may be required thereafter may be addressed to this Court on shortened

2   notice, but not less than five (5) court days.

3       This Undertaking and all obligations set forth herein shall expire upon finality of all

4   appeals of the Final Approval Order.

5       In the event undersigned Class Counsel fails to repay to the Fund or Defendants BANA

6   and FIA, or any of their successors or assigns any of the attorneys' fees and costs that are owed

7   pursuant to this Undertaking, the Court shall, upon application of such entity and notice to

8   undersigned Class Counsel, summarily issue orders, including but not limited to judgments and

9   attachment orders against Class Counsel, and each of them, and may make appropriate findings

10  for sanctions for contempt of court.

11      The undersigned stipulate, warrant, and represent that they are equity partners in their

12  respective law firms and have both actual and apparent authority to enter into this stipulation,

13  agreement and undertaking on behalf of their respective law firms.

14      This Undertaking may be executed in one or more counterparts, each of which shall be

15  deemed an original but all of which together shall constitute one and the same instrument.

16  Signatures by facsimile shall be as effective as original signatures.

17      The undersigned declare under penalty of perjury under the laws of the State of

18  California and the United States that they have read and understand the foregoing and that it is

19  true and correct.

20  IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

21  AGREED TO BY UNDERSIGNED CLASS COUNSEL:

22

23

24

25

26

27  STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 4

Dated: September __12__, 2013.

LIEFF, CABRASER, HEIMANN
& BERNSTEIN, LLP


By: _____
    Jonathan D. Selbin, SBN #170222
    Email: jselbin@lchb.com
    250 Hudson Street, 8th Floor
    New York, New York 10013
    Telephone: (212) 355-9500
    Facsimile: (212) 355-9592

*For themselves and on behalf of Lieff, Cabraser,
Heimann & Bernstein, LLP*

*Attorneys for Plaintiffs Stephanie Rose, Carol Duke
and Jack Poster*

Dated: September ____, 2013.

MEYER WILSON CO., LPA


By: _____
    Matthew R. Wilson, *Admitted Pro Hac Vice*
    Email: mwilson@meyerwilson.com
    1320 Dublin Road, Suite 100
    Columbus, Ohio 43215
    Telephone: (614) 224-6000
    Facsimile: (614) 224-6066

*For himself and Meyer Wilson Co., LPA*

*Attorneys for Plaintiffs Stephanie Rose, Carol Duke
and Jack Poster*

Dated: September _____, 2013.

ANKCORN LAW FIRM, PC


By: _____

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 5

1

2   Dated: September _____, 2013.      LIEFF, CABRASER, HEIMANN
3                            & BERNSTEIN, LLP

4

5

6                            By: _____
                                Jonathan D. Selbin, SBN #170222
7                                Email: jselbin@lchb.com
                                250 Hudson Street, 8th Floor
8                                New York, New York 10013
9                                Telephone: (212) 355-9500
                                Facsimile: (212) 355-9592

10                              *For themselves and on behalf of Lieff, Cabraser,*
11                              *Heimann & Bernstein, LLP*

12                              *Attorneys for Plaintiffs Stephanie Rose, Carol Duke*
13                              *and Jack Poster*

14   Dated: September _____, 2013.      MEYER WILSON CO., LPA
15

16

17                            By: _____
                                Matthew R. Wilson, *Admitted Pro Hac Vice*
18                                Email: mwilson@meyerwilson.com
                                1320 Dublin Road, Suite 100
19                                Columbus, Ohio 43215
                                Telephone: (614) 224-6000
20                                Facsimile: (614) 224-6066

21                              *For himself and Meyer Wilson Co., LPA*

22                              *Attorneys for Plaintiffs Stephanie Rose, Carol Duke*
23                              *and Jack Poster*

24

25   Dated: September **19**, 2013.      ANKCORN LAW FIRM, PC
26

27                            By: _____

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 5

1

2

3

4

Mark Ankcorn, CSB #166871
Email:  mark@ankcornlaw.com
110 Laurel Street
San Diego, California 92101
Telephone:  (619) 238-1811
Facsimile:  (619) 544-9232

5

6

7

*For himself and on behalf of Ankcorn Law
Firm, PC*

*Attorneys for Plaintiff Sandra Ramirez*

8

9

Dated:  September  12  , 2013.

TERRELL MARSHALL DAUDT
  & WILLIE PLLC

10

11

12

13

14

By:  _____

Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

15

16

*For herself and on behalf of Terrell Marshall
Daudt & Willie PLLC*

17

18

*Attorneys for Plaintiffs Stephanie Rose, Sandra
Ramirez*

19

20

Dated:  September  _____, 2013.

BURKE LAW OFFICES, LLC

21

By:  _____

22

23

24

Alexander H. Burke
Email:  aburke@burkelawllc.com
155 North Michigan Avenue, Suite 9020
Chicago, Illinois  60601
Telephone:  (312) 729-5288
Facsimile:  (312) 729-5289

25

26

*For himself and on behalf of Burke Law
Offices, LLC*

27

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 6

1           Mark Ankcorn, CSB #166871
            Email:  mark@ankcornlaw.com
2           110 Laurel Street
            San Diego, California 92101
3           Telephone:  (619) 238-1811
            Facsimile:  (619) 544-9232
4

5           *For himself and on behalf of Ankcorn Law*
            *Firm, PC*
6

7           *Attorneys for Plaintiff Sandra Ramirez*

8 Dated: September _____, 2013.   TERRELL MARSHALL DAUDT

9            & WILLIE PLLC

10

11           By: _____
             Beth E. Terrell, CSB #178181
12            Email: bterrell@tmdwlaw.com
             936 North 34th Street, Suite 300
13            Seattle, Washington  98103-8869
             Telephone:  (206) 816-6603
14            Facsimile:  (206) 350-3528

15           *For herself and on behalf of Terrell Marshall*
            *Daudt & Willie PLLC*
16

17           *Attorneys for Plaintiffs Stephanie Rose, Sandra*
            *Ramirez*
18

19 Dated: September ⌂, 2013.    BURKE LAW OFFICES, LLC

20

21           By: _____
             Alexander H. Burke
22            Email:  aburke@burkelawllc.com
             155 North Michigan Avenue, Suite 9020
23            Chicago, Illinois  60601
             Telephone:  (312) 729-5288
24            Facsimile:  (312) 729-5289

25           *For himself and on behalf of Burke Law*
            *Offices, LLC*
26

27

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 6

1

2   Dated: September __12__, 2013.

3

4

5

6

7

8

9

10

11

12   ACKNOWLEDGED BY
     COUNSEL FOR DEFENDANTS
13   BANK OF AMERICA CORPORATION,
     BANK OF AMERICA, N.A., and
14   FIA CARD SERVICES, N.A.:

15

16   Dated: September __24__, 2013.

17

18

19

20

21

22

23

24

25

26

27

*Attorneys for Plaintiff Amin Makin*

SAEED & LITTLE LLP

By: _____
        Syed Ali Saeed
        Email:  ali@sllawfirm.com
        1433 North Meridian Street, Suite 202
        Indianapolis, Indiana  46202
        Telephone:  (317) 614-5741
        Facsimile:  (888) 422-3151

*For himself and on behalf of Saeed & Little LLP*

*Attorneys for Plaintiff Amin Makin*

REED SMITH LLP

/s/ David S. Reidy, Per 9/24/2013

By: Email Authorization _____
        Marc A. Lackner
        Email:  mlackner@reedsmith.com
        David S. Reidy
        Email:  dreidy@reedsmith.com
        Matthew J. Brady
        Email:  mbrady@reedsmith.com
        101 Second Street, Suite 1800
        San Francisco, California  94105
        Telephone:  (415) 543-8700
        Facsimile:  (415) 931-8269

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 7

## II.  [PROPOSED] ORDER

The Court has considered the above Stipulation and finds that it is in the interests of the Parties and in service of judicial economy and efficiency.  Therefore,

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2013.


_____
UNITED STATES DISTRICT JUDGE

STIPULATED UNDERTAKING AND [PROPOSED]
ORDER RE: ATTORNEYS' FEES AND COSTS IN
CONNECTION WITH PROPOSED CLASS ACTION
SETTLEMENT - 8