LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
Email: jselbin@lchb.com
Douglas I. Cuthbertson (admitted *pro hac vice*)
Email: dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>Defendants. | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**DECLARATION OF JONATHAN D. SELBIN IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**<br><br>Date: February 28, 2014<br>Time: 9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Edward J. Davila |
| CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>Defendants. | |

I, JONATHAN D. SELBIN, declare as follows:

1. I am a member of the law firm of Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"), counsel of record for Plaintiffs in this matter.[1] I am admitted to practice before this Court and am a member in good standing of the bars of the States of California and New York, and the bar of the District of Columbia. I respectfully submit this declaration in support of Plaintiffs' motion for preliminary settlement approval. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

**Background and Experience**

2. LCHB is a national law firm with offices in San Francisco, New York, and Nashville. LCHB's practice focuses on complex and class action litigation involving product liability, consumer, employment, financial, securities, environmental, and personal injury matters. Attached hereto as **Exhibit A** is a true and correct copy of LCHB's current firm resume, showing some of the firm's experience in complex and class action litigation. This resume is not a complete listing of all cases in which LCHB has been class counsel or otherwise counsel of record.

3. LCHB has extensive experience in the litigation, trial and settlement of class actions in complex consumer protection cases. Cases in which LCHB has served as class counsel in such actions and in which I have played a lead rode include:

  a. *Arthur, et al. v. Sallie Mae, Inc.*, No. C10-0198 JLR (W.D. Wash.) (nationwide settlement in Telephone Consumer Protection Act class action; final approval granted in 2012);

---

[1] Plaintiffs are also represented by the following firms: Meyer Wilson Co., LPA; Terrell Marshall Daudt & Willie PLLC; Casey Gerry Schenk Francavilla Blatt, & Penfield LLP; Hyde & Swigart; Kazerounian Law Group, APC; Law Offices of Douglas J. Campion; Burke Law Offices, LLC; Saeed & Little LLP; Law Offices of Daniel G. Shay; and Law Offices of Steven E. Kaftal. This Declaration shall refer to these firms and LCHB collectively as "Class Counsel."

    b. *McLennan, et al. v. LG Electronics USA, Inc.*, No. 2:10-cv-03604-WJM-MF (D.N.J.) (nationwide settlement involving defective refrigerators; final approval granted in 2012);

    c. *In re Mercedes-Benz Tele Aid Contract Litigation*, MDL No. 1914 (D.N.J.) (nationwide litigation class certified and Rule 23(f) and Rule 1292(b) appeals defeated in case involving Mercedes' deception relating to its Tele Aid service; nationwide settlement class; final approval granted in 2011);

    d. *Glenz, et al. v. Sharp Electronics Corp.*, No. 2:08-cv-03652-FSH-MAS (D.N.J.) (nationwide settlement class involving defective projector bulbs; final approval granted 2011);

    e. *Carideo, et al. v. Dell, Inc.*, No. C06-1772 JLR (W.D. Wash.) and *Omstead, et al. v. Dell, Inc.*, No. C06-6293 PJH (N.D. Cal.) (nationwide settlement class involving computer defect; final approval granted in 2010);

    f. *Ross v. Trex Company, Inc.*, No. 09-cv-00670 JF (N.D. Cal.) (nationwide partial settlement class involving defective composite decking; final approval granted in 2010);

    g. *Fulford v. Logitech, Inc.*, No. 08-cv-02041 MMC (N.D. Cal.) (nationwide settlement class involving false advertising claims related to remote controls; final approval granted in 2010);

    h. *Create-a-Card v. Intuit*, No. CV-07-6452 WHA (N.D. Cal.) (nationwide settlement class involving faulty computer code; final approval granted in 2009);

    i. *Pelletz v. Weyerhaeuser Company and Advanced Environmental Technologies, Inc.*, No. C08-0334 JCC (W.D. Wash.) (nationwide settlement class involving defective composite decking; final approval granted in 2009);

    j. *Grays Harbor Adventist Christian School v. Carrier Corporation*, No. CV05-5437 (W.D. Wash.) (Washington litigation class involving defective furnaces certified; nationwide settlement class; final approval granted in 2008);

k. *Weekend Warrior Trailer Cases*, Judicial Coordination Proceeding No. 4455 (Orange County, CA) (nationwide settlement class involving defective recreational trailers; final approval granted in 2008);

l. *Richina v. Maytag Corp.*, Case No. CV025202 (San Joaquin County, California) (California settlement class involving defective oven panels; final approval granted in 2007);

m. *Lundell v. Dell, Inc.*, No. C05-3970 JW/RS (N.D. Cal.) (nationwide settlement class involving defective computers; final approval granted in 2006);

n. *Kan v. Toshiba America Information Systems, Inc.*, No. BC327273 (Los Angeles County, California) (nationwide settlement class involving defective computers; final approval granted in 2006);

o. *Behr Wood Sealant Cases*, JCCP Nos. 4132 & 4138 (San Joaquin County, California) (nationwide settlement class involving defective wood sealant; final approval granted in 2003);

p. *Richison v. American Cemwood Corp.*, Civil Action No. 005532 (San Joaquin County, California) (nationwide litigation class involving defective shingles certified and upheld on writ review; nationwide settlement classes final approval granted in 2000 and 2003);

q. *Williams v. Weyerhaeuser Co.*, Civil Action No. 995787 (San Francisco County, California) (California litigation class involving defective siding certified in 1999; nationwide settlement class final approval granted in 2000);

r. *Delay v. Hurd Millwork Co.*, No. 972-073710 (Spokane County, Washington) (multi-state settlement class involving defective windows; final approval granted in 1998);

s. *Naef v. Masonite*, No. CV-94-4033 (Mobile County, Alabama) (nationwide litigation class involving defective siding certified in 1995; nationwide settlement class final approval granted in 1998);

t.  *Bettner v. Georgia-Pacific*, No. CV-95-3330-RGK (Mobile County, Alabama) (nationwide settlement class involving defective siding; final approval granted in 1998);

u.  *ABS Pipe Cases II*, JCCP No. 3126 (Contra Costa County, California) (nationwide settlement classes involving defective pipes; final approval granted in 1998 through 2001);

v.  *In re Unocal Refinery Litigation*, No. C 94-04141 (Cal. Supr. Ct.) (settlement over chemical release in the Bay Area);

w.  *In re: Louisiana-Pacific Co. Inner-Seal Siding Litigation*, No. CV-95-879 JO-LEAD (U.S.D.C. Oregon) (nationwide settlement class involving defective siding; final approval granted in 1996); and

x.  *Cox v. Shell*, Civil No. 18,844 (Obion County, Tennessee) (nationwide settlement class involving defective polybutylene pipes; final approval granted in 1995).

4.  I was the lead partner at LCHB who litigated and settled *Arthur, et al. v. Sallie Mae, Inc, McLennan, et al. v. LG Electronics USA, Inc.*, *In re Mercedes-Benz Tele Aid Contract Litigation*, *Glenz, et al. v. Sharp Electronics Corp.*, *Carideo v. Dell*, *Omstead v. Dell*, *Trex*, *Logitech*, *Intuit*, *Pelletz v. Weyerhaeuser*, *Grays Harbor v. Carrier*, *Richina v. Maytag*, *Weekend Warrior Trailer Cases*, *Lundell v. Dell*, and *Kan v. Toshiba*, and was one of the lead partners at LCHB who litigated and settled the *Behr*, *Cemwood*, *Weyerhaeuser*, and *Hurd* matters. As an associate, I was a primary participant in LCHB's litigation of the *Masonite Hardboard Siding*, *Unocal*, *Louisiana-Pacific Inner-Seal Siding*, and *Georgia-Pacific Hardboard Siding* litigations.

5.  A number of courts in the above cases have praised LCHB's (and my) efforts on behalf of Plaintiffs:

a.  In *In Re Mercedes-Benz Tele Aid Contract Litigation*, Judge Dickinson R. Debevoise stated: "I want to thank counsel for the. . . very effective and good work. . . . It was carried out with vigor, integrity and aggressiveness with never going beyond the maxims of the Court."

b.  In *Glenz v. Sharp Electronics Corp.*, Judge Faith S. Hochberg stated:

> I want to commend counsel for all the hard work you all put into this case, for retaining an excellent mediator, for getting it managed efficiently and settled expeditiously, rather than letting the case drag on endlessly without settling it. It really is the way they should be done. I wish they were all done this way. That doesn't always happen, as I'm sure you know. I'm particularly concerned about this proliferation of multiple class actions being filed with races to courts by lawyers who really are just fighting over fees. It's an enormous waste of judicial resources. So when that happens – didn't happen here, I'm delighted.

   c.  In *Create-a-Card v. Intuit*, Judge William Alsup commended LCHB for the "excellent job in the case as class counsel," and stated that "the class has been well represented having you and your firm in the case."

  6.  In addition to the cases detailed in Paragraph 5, I am currently serving in the following capacities:

   a.  I am one of two court-appointed co-lead class counsel in *In re Capital One Telephone Consumer Litigation Act Litigation*, MDL No. 2416 (N.D. Ill.), a case involving alleged TCPA violations.

   b.  I am sole court-appointed lead class counsel in *In re Whirlpool Corporation Front-Loading Washer Products Liability Litigation,* MDL No. 2001 (N.D.Ohio), a case involving Whirlpool's allegedly defective top-loading washers.

   c.  I serve on the court-appointed executive committee in *Directv Early Cancellation Fee Litigation*, No. SA09-ml-2093AG(ANx) (C.D.Cal.), a case involving DirecTV's allegedly improper assessment of early termination fees.

  7.  I have argued in the Sixth Circuit Court of Appeals in *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 678 F.3d 409 (6th Cir. 2012), reh'g en banc denied, 2012 U.S. App. LEXIS 12560 (June 18, 2012), vacated, 133 S. Ct. 1722 (2013), reinstated, 722 F.3d 838 (6th Cir. 2013), the Ninth Circuit Court of Appeals in *Omstead v. Dell, Inc.*, 594 F.3d 1081 (9th Cir. 2010), and *Oestreicher v. Alienware Corp.*, 322 Fed.Appx. 489 (9th Cir. 2009), and in the Fifth Circuit Court of Appeals in *McManus v. Fleetwood Ent. Inc.*, 320 F.3d 545 (5th Cir. 2003), as well as in several state supreme and appeals courts. I am also appellate counsel in *Butler v. Sears*, 702 F.3d 359 (7th Cir. 2012), reh'g en banc denied, 2012 U.S. App. LEXIS 26202

(Dec. 19, 2012), vacated, 133 S. Ct. 2768 (2013), reinstated, 2013 U.S. App. LEXIS 17748 (7th Cir. Aug. 22, 2013).

8. Together, the cases described in paragraph three above have resulted in court-approved class action settlements, with a combined total recovery for class members exceeding $2 billion in cash, plus other relief. LCHB's experience in these cases, and my experience in particular, has provided LCHB and me with expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions.

9. I graduated *magna cum laude* from Harvard Law School in 1993 and clerked for The Honorable Marilyn Hall Patel of the U.S. District Court for the Northern District of California between 1993 and 1995. I have worked at LCHB since 1995, starting as an associate and advancing through to partnership. As set forth above, I have extensive experience in litigating class actions, especially consumer class actions.

**Investigation and Settlement Negotiation**

10. Class Counsel thoroughly researched Defendants' practices and their legal claims prior to filing suit by, among other things, interviewing several Class Members, reviewing Class Members' pertinent document and information including credit applications and recorded messages from Defendants' prerecorded/automated calls and reviewing their pertinent documents, and researching relevant TCPA case law and regulations. This information was critical to Counsel's understanding of the nature of the problem, the scope of potential damages and remedies, and the potential risks and benefits of continued litigation.

11. The parties also conducted formal and informal discovery. Plaintiffs took five 30(b)(6) depositions of Defendants' witnesses on topics such as Defendants' policies and procedures regarding making automated calls. Plaintiffs served written discovery and reviewed thousands of pages of documents produced by Defendants. The parties also engaged in discovery dispute motions practice. Several of the named Plaintiffs had their depositions taken by Defendants.

12. The parties participated in three in-formal mediation sessions before the Honorable Edward A. Infante (Ret.), including in-person mediations on October 23, 2012, and January 23,

1  2013, and a telephonic session on June 20, 2013.  The parties also participated in several

2  subsequent telephonic mediations before Judge Infante.  In addition, the parties submitted

3  detailed mediation briefs to Judge Infante, setting forth their respective views on the strengths of

4  their cases.  During these sessions, the parties discussed their relative views of the law and the

5  facts and potential relief for the proposed Class.  Counsel exchanged a series of counterproposals

6  on key aspects of the Settlement, including the parameters of the practice changes and monetary

7  relief for the Class and the meaning and interpretation of the eligibility requirements.  At all

8  times, the parties' settlement negotiations were highly adversarial, non-collusive, and at arm's

9  length.  Through these efforts, the parties reached a Settlement Agreement.

13.  In conjunction with the settlement negotiations and prior to the execution of the Settlement Agreement, Defendants voluntarily produced documents, data, interrogatory responses, and deponents confirming the size of the settlement class and other information necessary to ensure compliance with the terms of the settlement.  This discovery confirmed that the terms of the Settlement are fair, reasonable, and adequate.

**Class Notice**

14.  The confirmatory discovery has confirmed that Defendants have contact information through their autodialer records for 4,171,217 persons in the Class who received Mortgage Calls; 2,449,350 persons who received Credit Card Calls; and 1,103,293 persons who received Credit Card Texts.  Classwide notice will be disseminated to the approximately 7,723,860 Class Members in accordance with the Notice Plan, which include email and/or mail notice, website notice, and publication notice.

15.  Through confirmatory discovery, the parties concluded that determining the precise number of calls Defendants made to each Class Member is substantially difficult, unduly burdensome, and economically unfeasible to determine.  The Settlement Agreement affords all potential Class Members the opportunity to make a claim for monetary relief.  Class Counsel concluded that allocating such relief regardless of the number of calls each Class Member may have received is reasonable and fair.

**Class Representatives' Service Awards**

16. The Agreement provides a $2,000 Service Award for each Plaintiff in recognition of, and to compensate Plaintiffs for, their service and efforts in prosecuting the Actions on behalf of the Class, subject to approval by the Court. These awards are intended to recognize and compensate Plaintiffs for their commitment to, and active participation in, this litigation, including by assisting with the initial case investigation, providing Class Counsel with pertinent documents and information, reviewing pertinent pleadings including the operative complaints, and keeping abreast of, reviewing, and signing off on, the proposed Settlement.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in New York, New York on September 27, 2013.

*/s/ Jonathan D. Selbin*
Jonathan D. Selbin