— **EXHIBIT A** —

Douglas J. Campion, SBN #75381
Email: doug@djcampion.com
LAW OFFICE OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>Defendants. | Case No. 5:11-cv-02390 EJD<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227, ET SEQ. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |
| CAROL DUKE AND JACK POSTER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>Defendants. | Case No. 5:11-cv-04009 EJD |

Plaintiffs Stephenie Rose, Carol Duke and Jack Poster (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, make the following

allegations and claims against Bank of America, N.A., Bank of America Corporation, and FIA Card Services, N.A. (collectively referred to as "Bank of America" or "Defendants"), upon personal knowledge, investigation of their counsel, and on information and belief as follows:

**INTRODUCTION**

1. Plaintiffs bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") by Defendants and their present, former, and/or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities. Defendants have violated the TCPA by contacting Plaintiffs and others similarly situated on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

2. On December 6, 2007, the Federal Communications Commission ("FCC" or "Commission") issued a citation to Bank of America for violations of the TCPA, admonishing Bank of America that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. Notwithstanding these prior violations of the TCPA and the FCC's citation, Defendants have continued to violate the TCPA by contacting Plaintiffs and others similarly situated on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

4. Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from Defendants' conduct in violation of the TCPA.

**JURISDICTION AND VENUE**

5. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call

1  that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C.
§ 1332(d)(2).  Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6.  Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendants are deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject it to personal jurisdiction.  Venue is also proper in this District because Plaintiff Duke has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

7.  Plaintiff Stephenie Rose ("Rose") is an individual citizen of the State of California, who reside in the County of Santa Clara, California.

8.  Plaintiff Carol Duke ("Duke") is an individual citizen of the State of California, who resides in Kentfield, California.

9.  Plaintiff Jack Poster ("Poster") is an individual citizen of the State of California, who resides in Redlands, California.

10.  Upon information and belief, Defendant Bank of America, N.A. is a national banking association with its main office in Charlotte, North Carolina, and operates in every state including California.

11.  Upon information and belief, Defendant Bank of America Corporation is a Delaware corporation that maintains corporate headquarters in Charlotte, North Carolina.

12.  Upon information and belief, Defendant FIA Card Services, N.A. is a Delaware corporation that maintains corporate headquarters in Wilmington, Delaware, and is a wholly-owned subsidiary of Defendant Bank of America Corporation.

# THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

# (TCPA), 47 U.S.C. § 227

13. In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

15. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5] Under the TCPA and pursuant to

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiffs gave their express consent to call their cell phone within the meaning of the statute.[6]

## FACTUAL ALLEGATIONS

Plaintiff Rose

17. At all times relevant, Plaintiff Rose was an individual residing in the State of California. Plaintiff Rose is a "person" as defined by 47 U.S.C. § 153(39).

18. Plaintiff Rose had a credit card that originated with, was assigned to and/or was serviced by Defendant FIA Card Services.

19. Plaintiff Rose did not list a cellular phone number in or on any other documents at any time during the transaction that resulted in the debt owed to Defendant FIA, nor did she verbally provide Defendant FIA with a cellular phone number at any time during the transaction that resulted in the debt owed to Defendant FIA. Plaintiff did not give Defendants prior express consent to call Plaintiff on her cellular telephone with the use of an autodialer and/or prerecored message, pursuant to 47 U.S.C. § 227(b)(1)(A).

20. On information and belief, Defendants obtained Plaintiff Rose's cellular telephone number from a third party, or by "trapping" such number, i.e., making a record of her cell phone number using caller identification technology, but did not receive that number from Plaintiff.

21. Notwithstanding the fact that Plaintiff Rose did not provide Defendants with her cellular number at any time during the transaction that resulted in the debt owed, Defendants, or their agents, called Plaintiff on her cellular telephone via an automatic telephone dialing system (ATDS), as defined by 47 U.S.C. § 227(a)(1) and by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22. These calls to Plaintiff Rose were made by prerecorded voice message and were made several times per week, beginning no later than February 2010. Because these calls were prerecorded, Plaintiff had no ability to request that the calls end or to voice her complaints to a real person.

---

[6] *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

23. The telephone number Defendants, or their agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

Plaintiff Duke

24. At all times relevant, Duke was an individual residing in the State of California. Plaintiff Duke is a "person" as defined by 47 U.S.C. § 153(39).

25. Duke has been a Bank of America credit card holder for approximately 20 years. Duke did not provide on her credit application the cellular phone number called by Defendants. In fact, Duke did not even have a cellular telephone when she first obtained a Bank of America credit card.

26. Beginning in early 2012, Defendants repeatedly contacted Duke on her cellular telephone with an automated message from FIA Card Services. Duke received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Duke had no ability to request that the calls end or to voice her complaints to a real person.

Plaintiff Poster

27. At all times relevant, Poster was an individual residing in the State of California. Plaintiff Poster is a "person" as defined by 47 U.S.C. § 153(39).

28. In or around 2008, Poster took out a home mortgage with Countrywide Financial. Plaintiff Poster did not provide on his home mortgage application the cellular phone number called by Defendants.

29. Beginning in or around early July 2012 and through the present, Defendants have repeatedly contacted Poster on his cellular telephone with an automated message from Bank of America collections. Poster received repeated, harassing calls at all hours of the day. Because these calls were prerecorded, Poster had no ability to request that the calls end or to voice his complaints to a real person.

Plaintiffs' Joint Allegations

30. Defendants are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(39).

31. All telephone contact by Defendants to Plaintiffs on their cellular telephones occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

32. Telephone contact by Defendants to Plaintiffs used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

33. The telephone numbers that Defendants used to contact Plaintiffs, made by an "automatic telephone dialing system" and/or with a "prerecorded voice" were assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

34. During the transactions that resulted in the debt owed, Plaintiffs did not provide express consent to receive automated or prerecorded calls by Defendants on their cellular telephones.[7] Plaintiffs did not even list the cellular telephone numbers Defendants called on their credit card or mortgage applications.

35. Plaintiffs did not provide "prior express consent" allowing Defendants to place telephone calls to their cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

36. Defendants did not make telephone calls to Plaintiffs' cellular telephones "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

37. Defendants' telephone calls to Plaintiffs' cellular telephones placed by an "automatic telephone dialing system" and/or utilizing an "artificial or prerecorded voice" for non-emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. § 227(b)(1)(A).

38. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiffs provided express consent within the meaning of the statute.[8]

**CLASS ACTION ALLEGATIONS**

39. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

---

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
[8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

40. Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Defendants, including a text, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class members." Plaintiffs represent, and are members of, the Class. Excluded from the Class are Bank of America and any entities in which Bank of America has a controlling interest, Bank of America's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families, and claims for personal injury, wrongful death and/or emotional distress.

41. Plaintiff Duke also seeks certification on behalf of the following: All persons in the United States included in the Class who received a non-emergency telephone call from Defendants related to a Bank of America credit card (the "Credit Card Subclass").

42. Plaintiff Poster also seeks certification on behalf of the following: All persons in the United States included in the Class who received a non-emergency telephone call from Defendants related to a Bank of America mortgage (the "Mortgage Subclass").

43. Plaintiffs do not know the exact number of members in the Class or Subclasses, but based upon the representations of Defendants as to their market share, Plaintiffs reasonably believe that Class and Subclass members number at minimum in the tens of thousands.

44. Plaintiffs and all members of the Class and Subclasses have been harmed by the acts of Defendants.

45. This Class Action Complaint seeks injunctive relief and money damages.

46. The joinder of all Class and Subclass members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class and Subclasses can be identified easily through records maintained by Defendants.

47. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class and Subclass members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether Bank of America made non-emergency calls to Plaintiffs' and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

    b. Whether Bank of America can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

    c. Whether Bank of America's conduct was knowing and/or willful;

    d. Whether Bank of America is liable for damages, and the amount of such damages; and

    e. Whether Bank of America should be enjoined from engaging in such conduct in the future.

48. As persons who received numerous and repeated telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each Class and Subclass member. Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclasses, and have no interests which are antagonistic to any member of the Class or Subclasses.

49. Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including class action claims under the TCPA.

50. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA. The interest of Class and Subclass members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for

violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

51. Bank of America has acted on grounds generally applicable to the Class and Subclasses, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class and Subclasses as a whole appropriate. Moreover, on information and belief, Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

52. Any consumer arbitration clauses in the underlying credit card contracts with Plaintiffs and Class and Subclass members are not enforceable or applicable to the claims here because Defendants have agreed, pursuant to a separate settlement agreement, not to enforce consumer arbitration clauses.

## CAUSES OF ACTION

### FIRST COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

**(On Behalf of All Plaintiffs and Class and Subclass Members)**

53. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

54. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

55. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the Class and Subclasses are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

56. Plaintiffs and all Class and Subclass members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

57. Plaintiffs and Class and Subclass members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

**(On Behalf of All Plaintiffs and Class and Subclass Members)**

58. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

59. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

60. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and Class and Subclass members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiffs and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future.

62. Plaintiffs and Class and Subclass members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all Class and Subclass members the following relief against Defendants:

A. Injunctive relief prohibiting such violations of the TCPA by Bank of America in the future;

B. As a result of Bank of America's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class and Subclass member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. As a result of Bank of America's violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class and Subclass member $500.00 in statutory damages for each

and every call that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class and Subclasses;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and Subclasses, finding that Plaintiffs are proper representatives of the Class and Subclasses, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class and Subclasses;

F. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

LAW OFFICE OF DOUGLAS J. CAMPION

By: /s/ Douglas J. Campion, SBN #75381
Douglas J. Campion, SBN #75381
Email: doug@djcampion.com
LAW OFFICE OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Jonathan D. Selbin, SBN #170222
Email: jselbin@lchb.com
Douglas Ian Cuthbertson, *Admitted Pro Hac Vice*
Email: dcuthbertson@lchb.com
LIEFF, CABRASER, HEIMANN
 & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

Daniel M. Hutchinson, SBN #239458
Email: dhutchinson@lchb.com
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

Joshua B. Swigart, SBN #225557
Email: josh@westcoastlitigation.com
Robert L. Hyde, SBN #227183
Email: bob@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, California 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Abbas Kazerounian, SBN #249203
Email: ak@kazlg.com
KAZEROUNI LAW GROUP
2700 North Main Street, Suite 1000
Santa Ana, California 92866
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

Matthew R. Wilson, *Admitted Pro Hac Vice*
Email: mwilson@meyerwilson.com
MEYER WILSON CO., LPA
1320 Dublin Road, Suite 100
Columbus, Ohio 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

Beth E. Terrell, SBN #178181
Email: bterrell@tmdwlaw.com
TERRELL MARSHALL DAUDT
  & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiffs and the Proposed Class*