1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

STEPHENIE ROSE, on behalf herself and all others similarly situated,

Plaintiff,

v.

BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,

Defendants.

Case No. 5:11-cv-02390-EJD (PSG)

**AMENDED [PROPOSED] ORDER CERTIFYING PROVISIONAL SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS**

18

19

20

21

22

23

24

25

CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,

Defendants.

Case No. 5:12-cv-04009-EJD (PSG)

26

27

28

1  WHEREAS, a putative class action entitled *Rose v. Bank of Am. Corp.* is pending in this

2  Court, Case No. 11-cv-02390 (the "*Rose* Action");

3  WHEREAS, a putative class action entitled *Duke v. Bank of Am., N.A.*, is pending in this

4  Court, Case No. 12-cv-04009 (the "*Duke* Action");

5  WHEREAS, a putative class action entitled *Ramirez v. Bank of Am., N.A.*, is pending in

6  the Southern District of California, Case No. 11-cv-02008 (the "*Ramirez* Action");

7  WHEREAS, a putative class action entitled *Johnson v. Bank of Am., N.A.*, is pending in

8  the Southern District of California, Case No. 11-cv-03040 (the "*Johnson* Action");

9  WHEREAS, a putative class action entitled *Makin v. Bank of Am., N.A.*, is pending in the

10  Southern District of California, Case No. 12-cv-01662 (the "*Makin* Action");

11  WHEREAS, a putative class action entitled *Bradshaw v. Bank of Am. Corp.*, is pending in

12  the Southern District of California, Case No. 13-cv-0431 (the "*Bradshaw* Action" and,

13  collectively, the "Actions");

14  WHEREAS, Plaintiffs Stephenie Rose, Sandra Ramirez, Shannon Johnson, Amin Makin,

15  Carol Duke, Jack Poster, and Freddericka Bradshaw (collectively, "Plaintiffs"), and Bank of

16  America Corporation ("BAC"), Bank of America, N.A. ("BANA"), and FIA Card Services, N.A.

17  ("FIA") (together, "Bank of America") have agreed, subject to Court approval following notice to

18  the proposed Settlement Class (as described in Paragraph 2 below) and a hearing, to settle this

19  Action upon the terms and conditions set forth in the Settlement Agreement lodged with this

20  Court;

21  WHEREAS, this Court has reviewed the Settlement Agreement, as well as the files,

22  records, and proceedings to date in this matter;

23  WHEREAS, for purposes of this Order, capitalized terms used below shall have the

24  meaning ascribed to them in the settlement agreement, unless otherwise defined; and

25  WHEREAS, for purposes of the Actions, this Court has subject matter and personal

26  jurisdiction over the parties, including all Settlement Class Members.

27  NOW, THEREFORE, based on this Court's review of the Settlement Agreement and all

28  of the files, records, and proceedings herein, the Court concludes, upon preliminary examination,

1   that the Settlement is fair, reasonable, and adequate, and within the range of reasonableness for

2   preliminary settlement approval.

3          IT IS HEREBY ORDERED THAT:

4          1.      Preliminary Approval of Proposed Settlement.  The Settlement Agreement,

5   including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate and

6   within the range of reasonableness for preliminary settlement approval.  The Court finds that: (a)

7   the Settlement Agreement resulted from extensive arm's length negotiations; and (b) the

8   Settlement Agreement is sufficient to warrant notice of the Settlement to persons in the

9   Settlement Class and to warrant a full hearing on final approval of the Settlement.

10         2.      Class Certification for Settlement Purposes Only. Pursuant to Federal Rule of

11   Civil Procedure 23(c), the Court conditionally certifies, for settlement purposes only, the

12   following Settlement Class:  All persons within the United States who:

13              a.    between August 30, 2007 and January 31, 2013, received a non-emergency,
                      default servicing telephone call from Bank of America regarding a Bank of
14                    America Residential Mortgage Loan Account to a cellular telephone
                      through the use of an automatic telephone dialing system and/or an
15                    artificial or prerecorded voice ("Mortgage Calls");

16              b.    between May 16, 2007 and January 31, 2013, received a non-emergency,
                      default servicing telephone call from Bank of America regarding a Bank of
17                    America Credit Card Account to a cellular telephone through the use of an
                      automatic telephone dialing system and/or an artificial or prerecorded voice
18                    ("Credit Card Calls").  This excludes those persons that received a text
                      message between May 16, 2007 and January 31, 2013 that did not also
19                    receive a telephone call to their cellular phone through the use of an
                      automatic telephone dialing system and/or an artificial or prerecorded voice;
20                    and

21              c.    between February 22, 2009 and December 31, 2010, received a non-
                      emergency, default servicing text message from Bank of America
22                    regarding a Bank of America Credit Card Account to a cellular telephone
                      through the use of an automatic telephone dialing system and/or an
23                    artificial or prerecorded voice ("Credit Card Texts").  This excludes those
                      identified individuals that are included in subparagraph (b), above.
24
     Excluded from the Class are Bank of America; its parent companies, affiliates or subsidiaries, or
25
     any employees thereof, and any entities in which any of such companies has a controlling interest;
26
     the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those
27
     judges' staffs and immediate families.
28

3.      In connection with this conditional certification, the Court makes the following preliminary findings:

a.      The Settlement Class appears to be so numerous that joinder of all members is impracticable;

b.      There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether this settlement should be approved;

c.      Plaintiffs' claims appear to be typical of the claims being resolved through the proposed settlement;

d.      Plaintiffs appear to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the proposed settlement;

e.      For purposes of determining whether the Settlement Agreement is fair, reasonable, and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Subclasses.  Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

f.      For purposes of settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

4.      <u>Class Representatives</u>.  Plaintiffs are designated as class representatives.

5.      <u>Class Counsel</u>.  The Court appoints Law Offices of Douglas J. Campion; Lieff Cabraser Heimann & Bernstein, LLP; Meyer Wilson Co., LPA; Terrell Marshall Daudt & Willie PLLC; Ankcorn Law Firm, PC; Hyde & Swigart; Kazerounian Law Group, APC; Burke Law Offices, LLC; Saeed & Little LLP; Law Offices of Daniel G. Shay; and Law Offices of Steven E. Kaftal as Class Counsel.  The Court finds that counsel is competent and capable of exercising all responsibilities as Class Counsel for the Settlement Class.

6.      <u>Settlement Hearing</u>.  A final approval hearing (the "Settlement Hearing") shall be held before the Honorable Edward J. Davila, Courtroom 4, 5th Floor, on April 4, 2014, at 9:00 a.m., as set forth in the notice to the Settlement Class (described in Paragraph 7 below), to determine whether the Settlement is fair, reasonable, and adequate and should be approved.

1    Papers in support of final approval of the Settlement, the incentive award to Plaintiffs, and Class

2    Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application")

3    shall be filed with the Court according to the schedule set forth in Paragraph 14 below.  The

4    Settlement Hearing may be postponed, adjourned, or continued by order of the Court without

5    further notice to the Settlement Class.  After the Settlement Hearing, the Court may enter a

6    settlement order and final judgment in accordance with the Settlement Agreement that will

7    adjudicate the rights of the Settlement Class Members with respect to the Released Claims being

8    settled.

9            7.      Class Notice.  Class Notice shall be sent within fifteen (15) days following entry of

10   this Order.

11                   a.      E-mail or Mail Notice.  The Claims Administrator shall provide individual

12   notice via either electronic mail or direct mail for all persons in the Settlement Class for which

13   Bank of America has contact information.  For class members whose email addresses are

14   unavailable, the Claims Administrator shall use the Notice Database to obtain such Class

15   Members' last known mailing address.  The Claims Administrator shall use the National Change

16   of Address Database and other industry-standard databases to update the mailing addresses in the

17   Notice Database.  Any Notices that are returned as non-deliverable with a forwarding address

18   shall promptly be re-mailed by the Claims Administrator to such forwarding address.  Skip

19   tracing shall be performed for all returned electronic and direct mail.  All costs of skip tracing

20   will be deducted from the Settlement Fund.

21                   b.      Publication Notice.  No later than the Settlement Notice Date, the Claims

22   Administrator shall cause the Publication Notice to be published on a nationwide basis and to be

23   published on the Settlement Website on the same date, and retained on the website thereafter.

24                   c.      Question and Answer Form Notice.  The Claims Administrator shall also

25   post on the website a formal Question and Answer Notice which shall set forth in a question and

26   answer format the details of the settlement, and the rights of Class Members to participate in the

27   Settlement, exclude themselves or object to the settlement.

28                   d.      Website Notice.  By the Settlement Notice Date, the Claims Administrator

1   shall maintain and administer a dedicated Settlement Website containing class information and

2   related documents, along with information necessary to file a claim, and an electronic version of

3   the Claim Form members can download, complete and submit electronically.  At a minimum,

4   such documents shall include the Settlement Agreement and Exhibits, the Settlement Notice, the

5   Q & A Form Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone

6   wanting to print a hard copy and mail in the Claim Form, the operative complaints in the Actions,

7   and when filed, the Final Approval Order.

8             e.        Toll Free Telephone Number.  Within ten (10) days of Preliminary

9   Approval, the Claims Administrator shall set up a toll-free telephone number for receiving toll-

10  free calls related to the settlement.  That telephone number shall be maintained until thirty (30)

11  days after the Claims Deadline.  After that time, and for a period of 90 days thereafter, a

12  recording will advise any caller to the toll-free telephone number that the Claims Deadline has

13  passed and the details regarding the settlement may be reviewed on the related Settlement

14  Website.

15       8.       Findings Concerning Class Notice.  The Court finds that the foregoing program of

16  Class Notice and the manner of its dissemination is the best practicable notice under the

17  circumstances and is reasonably calculated to apprise the Settlement Class of the pendency of this

18  Action and their right to object to or exclude themselves from the Settlement Class.  The Court

19  further finds that the Class Notice program is reasonable, that it constitutes due, adequate, and

20  sufficient notice to all persons entitled to receive notice and that it meets the requirements of due

21  process and Federal Rule of Civil Procedure 23.

22       9.       Settlement Administration.  The Claim Form, Detailed Notice, and the claims

23  submission process described in the Declaration of Cameron Azari, filed November 18, 2013, are

24  hereby approved.  In addition, the Court confirms that it is appropriate for Bank of America to

25  provide the information necessary to provide the notice contemplated herein and to administer the

26  settlement, including names, addresses, and account information.

27

28

1          10.      Exclusion from the Settlement Class.

2                   a.       Settlement Class Members may opt out of the Settlement by sending a

3    written request to the Settlement Administrator at the address designated in the Class Notice by

4    the Opt-Out Deadline, which is ninety (90) days from the Settlement Notice Date.

5                   b.       Exclusion requests must state the Class Member's full name, address, and

6    telephone number.  Further, the Class Member must include a statement in the written request for

7    exclusion that he or she wishes to be excluded from the settlement.  Any Class Member who

8    submits a valid and timely request for exclusion shall not be bound by the terms of the Settlement.

9                   c.       In the event that the number of valid opt-out requests exceeds 3,000 or

10   more persons, Bank of America, in its sole discretion, may terminate the Settlement within ten

11   (10) calendar days after the Opt-Out deadline.  In the event that the Settlement is terminated

12   pursuant to this provision, the Parties will be returned to the *status quo ante* as if no settlement

13   had been negotiated or entered into.

14          All Settlement Class Members who do not opt out in accordance with the terms set forth

15   herein will be bound by all determinations and judgments in the Actions.

16          11.      Objections to the Settlement.

17                   a.       Right to Object.  Any Settlement Class Member who has not previously

18   opted out in accordance with the terms of this Agreement may appear at the Final Approval

19   Hearing to object to the proposed settlement and/or to the application of Class Counsel for an

20   award of attorneys' fees and costs and/or the incentive awards, but only if the Settlement Class

21   Member has first filed a written objection with the Clerk of Court, in accordance with the

22   "Objection Requirements" set forth below, by the Objection Deadline, which is ninety (90) days

23   from the Settlement Notice Date.  Any Settlement Class Member who does not provide a written

24   objection in the manner described below shall be deemed to have waived any objection and shall

25   forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of

26   the proposed Settlement, the plan of allocation, or the award of any attorney fees and/or service

27   awards.

28

b.      Objection Requirements.  In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any documents supporting the objection must also be attached to the Objection.

12.     No Admission of Liability.  Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of the alleged claims in the operative complaints.

13.     Stay/Bar of Other Proceedings.  All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the Settlement should be approved, Plaintiffs, all persons in the Settlement Class and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action, arbitration or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

14.     Schedule of Future Events.  Further settlement proceedings in this matter shall proceed according to the following schedule:

a.      Within 15 days of entry of this Order:  Deadline to provide Class Notice;

b.      90 days after the Class Notice Date:  Last day to Object or Opt-Out;

c.      90 days after the Class Notice Date:  Last day to submit a Claim; and

d.      April 4, 2014 at 9:00 a.m.:  Final Approval Hearing.

IT IS SO ORDERED.

Dated:  December 6, 2013

_____
The Honorable Edward J. Davila
United States District Judge