Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs,*
Stephenie Rose, Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Stephenie Rose, Individually and on behalf of all others similarly situated** <br> Plaintiffs, <br> v. <br> **Bank of America, N.A.; Bank of America Corporation; and FIA Card Services, N.A.,** <br> Defendants. <br> Defendants. <br> _____ <br> **Carol Duke and Jack Poster, on behalf of themselves and all others similarly situated,** <br> Plaintiffs, <br> v. <br> **Bank of America, N.A.; Bank of America Corporation; And FIA Card Services, N.A.,** <br> Defendants. | Case No: 5:11-cv-02390-EDJ (PSG) <br><br> **DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

1. I, Joshua B. Swigart, hereby declare under penalty of perjury, and pursuant to the laws of the State of California, that the foregoing is true and correct.

2. If called as a witness, I would competently testify to the matters herein from my own personal knowledge.

3. I am a Partner of the law firm of Kazerouni Law Group, APC ("Kazerouni Law Group"), co-counsel of record for Plaintiffs Shannon Johnson and Stephenie Rose. I am a member in good standing of the bar of the State of California. I am also admitted in every federal district in California and have handled federal litigation in Minnesota, Tennessee, Washington and Texas. I respectfully submit this declaration in Support of Plaintiffs' Motion for Attorneys' Fees and for Final Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

I. **BACKGROUND AND EXPERIENCE**

4. Since my admission to the California bar in 2007, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, and class action litigation under the Telephone Consumer Protection Act and California's invasion of privacy statutes, under Penal Code § 632 et seq.

5. Kazerouni Law Group, APC has been preliminarily confirmed as class counsel for purposes of this action and to proceed with the class action settlement. My firm, Kazerouni Law Group, APC, in which I am a principal, has litigated over 800 cases in the past six years. My firm has three offices in California, Orange County, San Luis Obispo and Las Vegas, Nevada. Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under

California's invasion of privacy statutes and Telephone Consumer Protection Act.

A. **EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT**

6. I have filed and litigated several other class actions based on the Telephone Consumer Protection Act in the past three years. The following is a list of other TCPA class actions which I am or have been personally involved in:

   a. *Knutson, et al. v. Schwan's Home Service, Inc.*, 12-CV-00964-GPC-DHB (S.D. Cal.)(Heavily contested TCPA class action; Currently serving as co-lead counsel and obtaining class certification (Sept. 2013);

   b. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290 IEG(BLM)(Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

   c. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS(BGS) (S.D. Cal.)(Currently serving as co-lead counsel for the settlement class of borrowers in connection with residential loans and TCPA violations stemming from the collection of those accounts);

   d. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286 MMA(MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

   e. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH(BGS)(Counsel for a

Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

f. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.)(nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15; final approval granted in 2012)

g. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.)(achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

h. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.)(approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

i. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC-KSC (S.D. Cal.)(Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; preliminary approval pending)

j. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.);

k. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

l. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

m. *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS);

n. *In Re Jiffy Lube International, Inc.*, MDL No. 2261 [Finally approved];

o. *Jaber v. NASCAR*, 11-CV-1783 DMS (WVG) (S.D. Cal.);

p. *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

q. *Ryabyshchuk v. Citibank (South Dakota) N.A., et al*, 11-CV-1236 IEG (WVG);

    r. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.);

    s. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal);

    t. *Karayan v. Gamestop Corp.,* 3:12-CV-01555-P.

7. Of the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars. The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Kazerouni Law Group, APC in successfully prosecuting complex class actions.

    B. **KAZEROUNI LAW GROUP, APC'S OTHER CONSUMER RELATED EXPERIENCE AND RESULTS**

8. Kazerouni Law Group, APC has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and other related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

    a. *Knell, et al. v. FIA Card Services, N.A.*, 13-CV-01653-AJB-WVG (S.D. Cal.)(California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,750,000; preliminarily approved on January 2014);

    b. *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.)(California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; preliminary approval set for February 18, 2014)

    c. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.)(TCPA class action where Defendant's motion for

summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA).

    d. *Olney v. Progressive Casualty Insurance Company*, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.); 13-CV-2058-GPC-NLS (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

    e. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (the court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS).

### C. ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

9. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I attended:

    a. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

    b. Three-day National Consumer Law Center Conference; Portland, OR - 2008;

    c. Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

    d. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

    e. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013.

10. As one of the main plaintiff litigators of consumer rights cases in the Southern of California, I have been requested to and have made regular presentations to

community organizations regarding debt collection laws and consumer rights. These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of Southern California, Irvine, and California Western School of Law. I was the principle anchor on Time Television Broadcasting every Monday night, as a consultant on consumer law for over a year in 2012. I am also a member of the Consumer Attorneys Association of Los Angeles, the Orange County Bar Association, former President of the Orange County Iranian American Bar Association, a member in good standing of National Association of Consumer Advocates, a member of the Federal Bar Association, and a member in good standing in the American Association for Justice.

11. In addition to the above listed conference I have attended in the recent past, I serve as an adjunct professor at California Western School of Law where I am tasked with providing curriculum and instruction on a semester long Consumer Law course.

12. I am a member in good standing of the following local and national associations:

   a. National Association of Consumer Advocates
   b. Federal Bar Association;
   c. American Association for Justice.

## II. OVERVIEW OF KAZEROUNI LAW GROUP, APC'S EFFORTS IN THIS ACTION

### A. CONTINGENT NATURE OF ACTION

13. The Johnson action (Case No. 11-cv-03040-H-BGS) was filed on December 29, 2011. The Johnson Action was consolidated with the Rose action. This matter required Kazerouni Law Group, APC to spend time on this consolidated litigation that could have been spent on other matters. My firm has not been paid anything for our work on these cases since they were filed.

It is my opinion that law firms in such a position expect to receive a multiplier in cases such as these because of the risk taken, the extent to which firms are unable to take on other cases, the delay in getting paid and the costs we have to advance.  At various times during the litigation of this class action, this lawsuit has consumed my time as well as my firms resources.

### III.  KAZEROUNI LAW GROUP, APC'S LODESTAR

14. Kazerouni Law Group, APC has maintained contemporaneous time records since the commencement of this action.  Kazerouni Law Group, APC has worked a total of 55 hours in this action, with a total lodestar of $27,225.[1]

   a. All attorneys and staff at Kazerouni Law Group, APC are instructed to maintain contemporaneous time records reflecting the time spent on this and other matters.  The regular practice at Kazerouni Law Group, APC is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments.  Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis.  I review and audit the time on a regular basis.

   b. I did not include any time spent working on Plaintiffs' Motion for Award of Attorneys' Fees and Costs, or this supporting declaration and exhibits, within the lodestar reported above.

   c. Kazerouni Law Group, APC's lodestar will grow slightly as we continue to finalize the settlement process and close the litigation.  The claims period will last for several months, and Kazerouni Law Group, APC's commitment of time and labor to this case will continue until (and likely beyond) that date.  Kazerouni Law Group, APC will continue to assist Class members with individual inquiries, will oversee the claims

---

[1] The hourly rate sought and used in this lodestar calculation is $495.

resolution process, and Class Counsel will help resolve Class member challenges to the result of their claims submissions. Judging by previous experiences, these responsibilities will require hundreds of hours of work by Class Counsel over the coming months.

## IV. KAZEROUNI LAW GROUP, APC'S COSTS

15. Kazerouni Law Group, APC maintains all books and records regarding costs expended on each case in the ordinary course of business, which books and records evidence which checks have issued on each case and/or which accounts payable are associated with each matter. I have reviewed the records of costs expended in this matter.

16. Kazerouni Law Group has incurred $1,175.63 in expenses in the combined *Johnson* and *Rose* actions, which includes Kazerouni Law Group's proportional contributions to the fees associated with expert ($1,000.00); traveling costs ($123.33); and internal costs such as printing, copying, and telephone charges ($52.30).

## V. REASONABLENESS OF HOURLY RATES

17. Kazerouni Law Group, APC's hourly rates are reasonable in respect to the ranges charged by comparable law firms in the State of California.[2]

---

[2] *See* National Law Journal article dated December 10, 2007, detailing partners' hourly rates at many law firms across the country. Note that in the 2007 time period reflected in that article that partners at the California law firms billed out in excess of $450 per hour. Luce, Forward, Hamilton & Scripps in San Diego at that time billed out its partners at a median hourly rate of $475, with a low of $325 and a high of $725. (Page 7.) Loeb & Loeb in Los Angeles billed its partners at a median of $600, with a low of $425 and a high of $875. (Page 7.) Manatt, Phelps & Phillips in Los Angeles billed its partners at a median rate of $590 per hour, with a low of $520 and a high of $785. (Page 7.) Fenwick & West of the Silicon Valley in Mountain View, California billed its partners at a median rate of $600 per hour, with a low of $500 and a high of $775 per hour. (Page 4.) Our three firms' hours hourly rates are well within the ranges reflected therein, and those rates in the article are from 2007, and likely have increased substantially since then.

18. From 2009 through present Kazerouni Law Group, APC's approved hourly rate for both attorneys and support staff has steadily increased. Different rates have been approved based on the complex or non-complex nature of the litigation. For non-complex matters, courts have regularly awarded an hourly rate for partners between $300 - $395.[3] For complex matter, Kazerouni Law Group, APC's reasonable billing rate has been approved by the Courts from $395 - $495.[4] The hourly rate sought in this matter is $495 per hour, based on the recent approval fee approval in the class action settlement of *Malta v. Wells Fargo Home Mortgage*, 10-CV-1290-BEN(NLS) [Dkt. 92].

19. While I have sought in the past and have been approved by the past, I am not currently seeking reimbursement for the time my paralegal has spend on the combined manners. The total lodestar sought is based solely on the attorney hours incurred by me.

VI.  **OVERVIEW OF WORK PERFORMED**

20. To provide the Court with an overview of the work done by Kazerouni Law Group, APC in this case, without requiring the review of our voluminous time records themselves, I divide my firm's work into specific phases that track the progress of the litigation from our initial investigation through settlement.

---

[3] *See Grande, et al. v. Fair Collections & Outsourcing, Inc.,* CV12-4659 PA(SHx) (C.D. Cal.) [Dkt. No. 48](Approving attorney Kazerounian at $300 per hour).

[4] *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, Case No. 10-CV 1777-AJB (S.D. Cal. 2012); Order Granting Plaintiff's Motion For Attorneys' Fees and Costs of Litigation; and Plaintiff's Motion For an Incentive Award To The Representative Plaintiff, including an approval of my hourly billing rate of $450; *Lo v. Oxnard European Motors, LLC*, et al., 11-CV-1009 JLS (MDD) (S.D. Cal. May 29, 2012); Order Granting Joint Motion For Final Approval of Class Action Settlement; and Granting Plaintiff's Motion For Attorney's Fees and Costs and Service Award to Named Plaintiff, including an approval of my then hourly rate of $425; *Malta v. Wells Fargo Home Mortgage*, et al., 10-CV-1290 IEG (BLM) (S.D. Cal. June 21, 2013); Granting Order on Motion for Attorney's Fees and Costs and Service Award to Named Plaintiff, including an approval of my current hourly rate of $495.

The categories of work identified cross over into both the *Johnson* and *Rose* actions.

21. *Initial Case Investigation.* Kazerouni Law Group, APC spent 20 hours on combined initial case investigation and research. Such investigation included the following: Conducting extensive factual and legal research into the merits of the TCPA claims; discussing the facts with our clients; conducting research on the Defendant and subsidiaries including whether Defendant had been investigated for any prior TCPA violations; discussing joint prosecution of the action with counsel for the *Rose* Action; and drafting, revising, and filing the *Johnson* Complaint.

22. *Initial Discovery Preparation and Settlement Conference.* Kazerouni Law Group, APC spent 28 hours after the filing and service of the complaint in the *Johnson* action preparing for the Court's ordered Early Neutral Evaluation, preparing draft discovery plans and written discovery to be served once discovery opened. reviewing documents and call data produced by Bank of America; deposing Bank of America's 30(b)(6) witnesses; drafting confirmatory interrogatories; and drafting discovery meet and confer letters.

23. *Confirmatory Discovery.* Kazerouni Law Group, APC spent 3 hours discussing and reviewing confirmatory discovery with co-counsel prior to it being served and following up with the results of the responses.

24. *Overseeing Settlement Administration.* Kazerouni Law Group, APC reviewed draft claims forms and notices that the Settlement Administrator prepared at the time of the filing of the preliminary approval motion. Hyde & Swigart spent 4 hours responding to telephone calls and inquiries from class members who inquired about settlement status and/or the claims process.

**VII. CAREFUL REVIEW OF HYDE & SWIGART'S LODESTAR AND DELETION OF DUPLICATIVE WORK**

25. I personally reviewed the time reported in the *Johnson* and *Rose* actions for all attorneys for all attorneys, law clerks, paralegals, and other personnel. I have not included and am not making a request of the time spent by other attorneys or support staff at Kazerouni Law Group, APC in the *Rose* and *Johnson* matters to be included into the lodestar calculation. These hours have been excised from the requested lodestar. This time billed to each file was removed based on reasonable billing discretion and to ensure that Kazerouni Law Group, APC is not seeking reimbursement for unnecessary duplication of efforts. I can therefore confidently assert that the lodestar and hours reported in this declaration are reasonable, particularly in light of our efforts and accomplishments in this litigation.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Diego, CA on February 19, 2014.

**Kazerouni Law Group, APC**

By:  /s/ *Abbas Kazerounian*
  Abbas Kazerounian
  Attorney for Plaintiff

### ATTESTATION

I, Jonathan D. Selbin, am the ECF user whose identification and password are being used to file this Declaration. I hereby attest that Abbas Kazerounian has concurred in this filing.

   /s/ *Jonathan D. Selbin*
  Jonathan D. Selbin

1
2  [Additional counsel for Plaintiffs]

3  Douglas J. Campion, SBN #75381
   Email: doug@djcampion.com
4  **LAW OFFICE OF DOUGLAS J. CAMPION**
5  409 Camino Del Rio South, Suite 303
   San Diego, California  92108
6  Telephone: (619) 299-2091
7  Facsimile: (619) 858-0034

8  Jonathan D. Selbin, SBN 170222
9  **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
   250 Hudson Street, 8th Floor
10 New York, NY  10013
11 Telephone:  (212) 355-9500
   Facsimile:  (212) 355-9592
12

13 Joshua B. Swigart, Esq. (SBN: 225557)
   josh@westcoastlitigation.com
14 Robert L. Hyde, Esq. (SBN: 227183)
15 bob@westcoastlitigation.com
   **Hyde & Swigart**
16 2221 Camino Del Rio South, Suite 101
17 San Diego, CA 92108-3551
   Telephone:   (619) 233-7770
18 Facsimile:    (619) 297-1022

19
20
21
22
23
24
25
26
27
28