Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs,*
Stephenie Rose, Individually and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Stephenie Rose, Individually and on behalf of all others similarly situated,**<br><br>                                 **Plaintiffs,**<br><br>v.<br><br>**Bank of America, N.A.; Bank of America Corporation; and FIA Card Services, N.A.,**<br><br>                                 **Defendants.** | **Case No: 5:11-cv-02390-EDJ (PSG)**<br><br>**DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| **Carol Duke and Jack Poster, on behalf of themselves and all others similarly situated,**<br><br>                                 **Plaintiffs,**<br><br>v.<br><br>**Bank of America, N.A.; Bank of America Corporation; And FIA Card Services, N.A.,**<br><br>                                 **Defendants.** | |

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

1.   I, Joshua B. Swigart, hereby declare under penalty of perjury, and pursuant to the laws of the State of California, that the foregoing is true and correct.

2.   If called as a witness, I would competently testify to the matters herein from my own personal knowledge.

3.   I am a partner of the law firm of Hyde & Swigart, co-counsel of record for Plaintiff, Shannon Johnson and Stephenie Rose.  I am a member in good standing of the bars of the State of California and District of Columbia.  I am also admitted in every federal district in California and have handled federal litigation in Arizona, Washington, Minnesota, Tennesse and Texas.  I respectfully submit this declaration in Support of Plaintiffs' Motion for Attorneys' Fees and for Final Approval of Class Action Settlement.  Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

## I.   BACKGROUND AND EXPERIENCE

4.   Since my admission to the California bar in 2003, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, and class action litigation under the Telephone Consumer Protection Act and Fair Debt Collection Practices Act.

5.   Hyde & Swigart has been preliminarily confirmed as class counsel for purposes of this action and to proceed with the class action settlement.  My firm, Hyde & Swigart, in which I am a principal, has litigated over 1,200 cases in the past ten years.  My firm has three offices in two states, San Diego, California, Riverside, California and Phoenix, Arizona.  Hyde & Swigart has extensive experience in consumer class actions and other complex litigation.   My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

**A.   EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT**

6.   I have filed and litigated several other class actions based on the Telephone Consumer Protection Act in the past three years.  The following is a list of other TCPA class actions which I am or have been personally involved in:

a. *Bellows v. NCO Financial Systems, Inc*., 07-CV-01413 W(AJB) (S.D. Cal)(One of the first class action settlements under the TCPA in the nation; Hyde & Swigart served as co-lead counsel; final approval grated in 2009);

b. *Adams v. AllianceOne, Inc.*, 08-CV-0248 JAH (S.D. Cal) (Nationwide TCPA class settlement providing class relief of $40 per claiming class member resulting in over $2,500,000 paid to claiming class members; final approval granted in 2013);

c. *Lemieux v. Global Credit & Collection Corp*., 08-CV-1012 IEG(POR) (S.D. Cal.)(Co-lead counsel on a national TCPA class settlement providing class recovery in the amount of $70 for each claiming class member; final approval granted in 2011);

d. *Gutierrez, et al. v. Barclays Group, et al.*, 10-CV-1012 DMS(BGS)(Common fund created in the amount of $8,262,500 based on the receipt of unsolicited text messages; final approval granted 2012);

e. *Knutson, et al. v. Schwan's Home Service, Inc.*, 12-CV-00964-GPC-DHB (S.D. Cal.)(Heavily contested TCPA class action;  Currently serving as co-lead counsel and obtaining class certification (Sept. 2013);

f. *Malta, et al. v. Wells Fargo Home Mortgage, et al*., 10-CV-1290 IEG(BLM)(Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common

settlement fund in the amount of $17,100,000; final approval granted in 2013);

g. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS(BGS) (S.D. Cal.)(Currently serving as co-lead counsel for the settlement class of borrowers in connection with residential loans and TCPA violations stemming from the collection of those accounts);

h. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286 MMA(MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process;  still actively involved in the MDL litigation and settlement process);

i. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH(BGS)(Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process;  still actively involved in the MDL litigation and settlement process);

j. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.)(Nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15; final approval granted in 2012)

k. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.)(Achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

l. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.)(Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

m. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC-KSC (S.D. Cal.)(Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; preliminary approval pending)

n. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.);

o. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

p. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

7. Many the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars.  The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Hyde & Swigart in successfully prosecuting complex class actions.

   **B. HYDE & SWIGART'S OTHER CONSUMER RELATED EXPERIENCE AND RESULTS**

8. Hyde & Swigart has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and other related consumer statutes.  A brief summary of a non-inclusive list of notable published decisions are as follows:

   a. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008); (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

   b. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011); (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq.  Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

**HYDE & SWIGART**
San Diego, California

HYDE & SWIGART
San Diego, California

c.  *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB)(Reversing the lower court's granting of summary judgment to the defendant debt collector on the basis of the bona fide error defense and remanding for further proceedings);

d.  *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.)(TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

e.  *Olney v. Progressive Casualty Insurance Company*, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.); 13-CV-2058-GPC-NLS (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

f.  *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS).

g.  *Catala v. Resurgent Capital Servs., L.P.*, 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.)(Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

h.  *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005)(Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

i. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005)(Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA and Cal. Civ. Code §1788.17.  The FDCPA required strict compliance; actual confusion on debtors' part was not required);

j. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004)(Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA)

k. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005);(Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

l. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007)(Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

m. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc); (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

n. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575; (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes).

o. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008); (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

p. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008); (Holding a debtors claim based on the FDCPA stemming from the filing of a false

HYDE & SWIGART
San Diego, California

police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

q. *Owings v. Hunt & Henriques, et al.*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.); (Recognizing that the Service Members Civil Relief Act applies to California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

r. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013)(Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e)).

## C. ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

9. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I attended, some of which I have presented:

a. National Consumer Law Conference; Oakland, CA – 2003;

b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;

c. National Consumer Law Conference; Boston, MA – 2004;

d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;

e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;

f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;

g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;

HYDE & SWIGART
San Diego, California

h.  Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

i.  Three-day National Consumer Law Center Conference; Portland, OR - 2008;

j.  Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

k.  Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

l.  Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

m. Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

n.  Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

o.  Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

p.  National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

q.  Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

r.  Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

s.  Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

t.  Guest Speaker at California Western School of Law; Consumer Law - 2014.

10.  I am a member in good standing of the following local and national associations:

a.  National Association of Consumer Advocates;

HYDE & SWIGART
San Diego, California

b. Federal Bar Association, Southern District of California Chapter;

c. San Diego County Bar Association;

d. Riverside County Bar Association;

e. San Bernardino County Bar Association;

f. Enright Inns of Court;

g. American Association for Justice.

## II. QUALIFICATIONS OF OTHER HYDE & SWIGART STAFF

11. Other Hyde & Swigart staff who have expended a substantial amount of time on this case and assisted in litigating this action include the following:

a. Senior Paralegal - Eva Dickey, a 2004 graduate of Northern Arizona University, a 2010 graduate of University of Phoenix and a 2012 graduate of University of California, San Diego. Eva Dickey's contributions to this case included the following:

i. Maintaining and organizing files;

ii. Preparing exhibits;

iii. Conducting legal research;

iv. Drafting court documents, correspondence and legal memos;

v. Coordinating document review and client interaction.

## III. OVERVIEW OF HYDE & SWIGART'S EFFORTS IN THIS ACTION

### A. CONTINGENT NATURE OF ACTION

12. The *Johnson* action (Case No. 11-cv-03040-H-BGS) was filed on December 29, 2011. The *Johnson* Action was consolidated with the *Rose* action. This matter required Hyde & Swigart to spend time on this consolidated litigation that could have been spent on other matters. My firm has not been paid anything for our work on these cases since they were filed. It is my opinion that law firms in such a position expect to receive a multiplier in cases such as these because of the risk taken, the extent to which firms are unable to take on other cases, the delay in getting paid and the costs we have to advance. At

**HYDE & SWIGART**
San Diego, California

1   various times during the litigation of this class action, this lawsuit has
2   consumed my time as well as my firms resources.

### IV.   HYDE & SWIGART'S LODESTAR

13.  Hyde & Swigart has maintained contemporaneous time records since the
     commencement of this action.  Hyde & Swigart has worked a total of 117
     hours in this action, with a total lodestar of $63,765.[1]

   a. All attorneys and staff at Hyde & Swigart are instructed to maintain
      contemporaneous time records reflecting the time spent on this and other
      matters.  The regular practice at Hyde & Swigart is for all attorneys and
      staff to keep contemporaneous time records, maintained on a daily basis,
      and describing tasks performed in 0.1 hour increments.  Firm policy
      requires all staff to enter their time into an electronic timekeeping system
      on a daily basis.  I review and audit the time on a regular basis.

   b. I did not include any time spent working on Plaintiffs' Motion for Award
      of Attorneys' Fees and Costs, or this supporting declaration and exhibits,
      within the lodestar reported above.

   c. Hyde & Swigart's lodestar will grow slightly as we continue to finalize
      the settlement process and close the litigation.  The claims period will last
      for several months, and Hyde & Swigart's commitment of time and labor
      to this case will continue until (and likely beyond) that date.  Hyde &
      Swigart will continue to assist Class members with individual inquiries,
      will oversee the claims resolution process, and Class Counsel will help
      resolve Class member challenges to the result of their claims submissions.
      Judging by previous experiences, these responsibilities will require
      hundreds of hours of work by Class Counsel over the coming months.

### V.   HYDE & SWIGART'S COSTS

[1] The hourly rate sought and used in this lodestar calculation is $545.

HYDE & SWIGART
San Diego, California

14.  Hyde & Swigart maintains all books and records regarding costs expended on each case in the ordinary course of business, which books and records evidence which checks have issued on each case and/or which accounts payable are associated with each matter. I have reviewed the records of costs expended in this matter.

15.  Hyde & Swigart has incurred $530.24 in expenses related to the *Johnson* action, which includes filing fees ($350.00); service and courier fees ($150.00); and Federal Express or messenger charges ($30.24). Additionally, Hyde & Swigart has incurred $1103.12 in expenses relating to the *Rose* action, which includes Hyde & Swigart's proportional contributions to the fees associated with expert testimony and reports ($1,000.00); and internal costs such as printing, copying, and telephone charges ($103.12). Hyde & Swigart has incurred a total of $1,633.36 relating to both the *Johnson* and *Rose* actions.

## VI.  REASONABLENESS OF HOURLY RATES

16.  Hyde & Swigart's hourly rates are reasonable in respect to the ranges charged by comparable law firms in the State of California.[2]

17.  From 2009 through present Hyde & Swigart's approved hourly rate for both attorneys and support staff has steadily increased. Different rates have been approved based on the complex or non-complex nature of the litigation. For

---

[2] *See* National Law Journal article dated December 10, 2007, detailing partners' hourly rates at many law firms across the country. Note that in the 2007 time period reflected in that article that partners at the California law firms billed out in excess of $450 per hour. Luce, Forward, Hamilton & Scripps in San Diego at that time billed out its partners at a median hourly rate of $475, with a low of $325 and a high of $725. (Page 7.) Loeb & Loeb in Los Angeles billed its partners at a median of $600, with a low of $425 and a high of $875. (Page 7.) Manatt, Phelps & Phillips in Los Angeles billed its partners at a median rate of $590 per hour, with a low of $520 and a high of $785. (Page 7.) Fenwick & West of the Silicon Valley in Mountain View, California billed its partners at a median rate of $600 per hour, with a low of $500 and a high of $775 per hour. (Page 4.) Our three firms' hours hourly rates are well within the ranges reflected therein, and those rates in the article are from 2007, and likely have increased substantially since then.

HYDE & SWIGART
San Diego, California

non-complex matters, courts have regularly awarded an hourly rate for partners between $355 - $395.[3]  For complex matters, Hyde & Swigart's reasonable billing rate has been approved by the Courts from $395 - $545.[4]  The hourly rate sought in this matter is $545 per hour, based on the recent approval fee approval in the class action settlement of *Malta v. Wells Fargo Home Mortgage*, 10-CV-1290-BEN(NLS) [Dkt. 92].

18.   While I have sought in the past and have been approved by the past, I am not currently seeking reimbursement for the time my paralegal has spent on the combined matters.  The total lodestar sought is based solely on the attorney hours incurred by me.

## VII.   OVERVIEW OF WORK PERFORMED

19.   To provide the Court with an overview of the work done by Hyde & Swigart in this case, without requiring the review of our voluminous time records themselves, I divide my firm's work into specific phases that track the progress of the litigation from our initial investigation through settlement. The categories of work identified cross over into both the *Johnson* and *Rose* actions.

20.   *Initial Case Investigation*.  Hyde & Swigart spent 47 hours on combined initial case investigation and research. Such investigation included the following: Conducting extensive factual and legal research into the merits of the TCPA claims; discussing the facts with our clients; conducting research on the Defendant and subsidiaries including whether Defendant had been

---

[3] *See Basinger-Lopez v. Tracy Paul & Associates, et al.*, C-08-5192 SBA (N.D. Cal.) [Dkt. 14]; *Bellows v. NCO Financial Systems, Inc.*, 07-CV-01413 W(AJB) (S.D. Cal) [Dkt. 42]; *Dillon v. United Processing, Inc.*, 08-CV-1235 JM(NLS) (S.D. Cal.) [Dkt. 14].

[4] *Lemiuex v. Global Credit & Collection Corp.*, 08-CV-1012-IEG(POR) [Dkt. 46]; *Malta v. Wells Fargo Home Mortgage*, 10-CV-1290-BEN(NLS) [Dkt. 92]; *Adams v. AllianceOne, Inc.*, 08-CV-0248-JAH(WVG) [Dkt. 137]; *Gutierrez v. Barclays Group, et al.*, 10-CV-1012-DMS-BGS [Dkt. 57].

investigated for any prior TCPA violations; discussing joint prosecution of the action with counsel for the *Rose* Action; and drafting, revising, and filing the *Johnson* Complaint.

21.   *Initial Discovery Preparation and Settlement Conference.* Hyde & Swigart spent 62 hours after the filing and service of the complaint in the Johnson action preparing for the Court's ordered Early Neutral Evaluation, preparing draft discovery plans and written discovery to be served once discovery opened.  reviewing documents and call data produced by Bank of America; drafting confirmatory interrogatories; and drafting discovery meet and confer letters.

22.   *Confirmatory Discovery.*  Hyde & Swigart spent 2 hours discussing  and reviewing confirmatory discovery with co-counsel prior to it being served and following up with the results of the responses.

23.   *Overseeing Settlement Administration.*  Hyde & Swigart reviewed draft claims forms and notices that the Settlement Administrator prepared at the time of the filing of the preliminary approval motion.  Hyde & Swigart spent 6 hours responding to telephone calls and inquiries from class members who inquired about settlement status and/or the claims process.

**VIII.  CAREFUL REVIEW OF HYDE & SWIGART'S LODESTAR AND DELETION OF DUPLICATIVE WORK**

24.   I personally reviewed the time reported in the *Johnson* and *Rose* actions for all attorneys for all attorneys, law clerks, paralegals, and other personnel.  I have not included and am not making a request of the time spent by other attorneys or support staff at Hyde & Swigart in the *Rose* and *Johnson* matters to be included into the lodestar calculation.  These hours have been excised from the requested lodestar.  This time billed to each file was removed based on reasonable billing discretion and to ensure that Hyde & Swigart is not seeking reimbursement for unnecessary duplication of efforts.  I can therefore

**HYDE & SWIGART**
San Diego, California

confidently assert that the lodestar and hours reported in this declaration are reasonable, particularly in light of our efforts and accomplishments in this litigation.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Diego, CA on February 19, 2014.

**HYDE & SWIGART**

By: _/s/ Joshua B. Swigart_
Joshua B. Swigart
Attorney for Plaintiff

**ATTESTATION**

I, Jonathan D. Selbin, am the ECF user whose identification and password are being used to file this Declaration.  I hereby attest that Joshua B. Swigart has concurred in this filing.

_/s/ Jonathan D. Selbin_
Jonathan D. Selbin

[Additional counsel for Plaintiffs]

Douglas J. Campion, SBN #75381
Email: doug@djcampion.com
**LAW OFFICE OF DOUGLAS J. CAMPION**
409 Camino Del Rio South, Suite 303
San Diego, California  92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

1  Jonathan D. Selbin, SBN 170222
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

2  250 Hudson Street, 8th Floor

3  New York, NY  10013
Telephone:  (212) 355-9500

4  Facsimile:  (212) 355-9592

5  Abbas Kazerounian, Esq. (SBN: 249203)

6  ak@kazlg.com

7  **Kazerouni Law Group, APC**

8  2700 North Main Street, Ste. 1000
Santa Ana, CA 92866

9  Telephone: (800) 400-6808
Facsimile: (800) 520-5523

10

11

**HYDE & SWIGART**
San Diego, California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28