Douglas J. Campion, SBN #75381
Email: doug@djcampion.com
LAW OFFICE OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Beth E. Terrell, SBN #178181
Email: bterrell@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34th St., Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHENIE ROSE, on behalf herself and all others similarly situated,

Plaintiff,

v.

BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,

Defendants.

NO. CV 11 02390 EJD

CLASS ACTION

**DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

| CAROL DUKE AND JACK POSTER, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>Defendants. | NO. CV 12 04009 EJD<br><br>CLASS ACTION<br><br>Honorable Edward J. Davila<br><br>DATE: April 4, 2014<br>TIME: 9:00 a.m.<br>LOCATION: Courtroom 4, 5th Floor |
|---|---|

I, Beth E. Terrell, declare as follows:

1. I am a member of the law firm of Terrell Marshall Daudt & Willie PLLC ("TMDW"), counsel of record for Plaintiffs in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the States of California and Washington. I respectfully submit this declaration in support of Plaintiffs' Motion for Attorneys' Fees and Costs in the above-captioned class action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. TMDW is a law firm in Seattle, Washington, that focuses on complex civil and commercial litigation with an emphasis on consumer protection, product defect, employment, wage and hour, real estate, and personal injury matters. The attorneys of TMDW have extensive experience in class actions, collective actions, and other complex matters. They have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. They have prosecuted a variety of multi-million-dollar consumer fraud, wage and hour, securities fraud, and product defect class actions. The defendants in these cases have included companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Sallie Mae, Comcast, ABM

Industries, Inc., AT&T, T- Mobile USA, Weyerhaeuser, Behr Products, American Cemwood, Bank of America, Discover Financial Services ("Discover"), Chase, and Capital One.

3. TMDW has actively and successfully litigated class action lawsuits under the Telephone Consumer Protection Act as well as the Washington State analog. Cases in which TMDW has served or is serving as Class Counsel in such actions and in which I have played an active role include:

- *In re Capital One Telephone Consumer Protection Act Litigation*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephone without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* I serve as co-lead counsel in the MDL. A nationwide settlement was recently reached.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, pre-recorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* I serve as co-lead counsel in the MDL.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMDW worked to negotiate a $24.15 million nationwide settlement, and final approval was granted in 2012.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMDW is working to negotiate a nationwide settlement.

- *Hanley v. Fifth Third Bank*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* TMDW negotiated a $4.5 million settlement, which was

granted final approval in December 2013.

- *Steinfeld v. Discovery Financial Services, et al.*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMDW negotiated an $8.7 million settlement, and final approval is pending.

- *Chesbro v. Best Buy*—Filed on behalf of consumers who received automated, pre-recorded solicitation phone calls on their residential telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. TMDW negotiated a $4.5 million settlement, which is currently pending preliminary approval.

4. TMDW is currently litigating or has recently settled the following cases involving consumer fraud:

- *Milligan, et al. v. Toyota Motor Sales, Inc.*—Filed in 2009 on behalf of owners of 2001-2003 Toyota RAV4s containing defective Electronic Computer Modules, which cause harsh shifting conditions and permanent damage to the transmissions. TMDW worked to negotiate a nationwide class action settlement, and final approval was granted in January 2012.

- *Soto v. American Honda Motor Corporation*—Filed in 2012 on behalf of owners and lessees of 2008-2010 Honda Accords that consume motor oil at a much higher rate than intended, due to a systemic design defect. The case settled on a class-wide basis and TMDW is working on final approval.

- *Kitec Consolidated Cases*—TMD served as co-counsel in a national class action lawsuit against the manufacturers of defective hydronic heating and plumbing systems. The case settled for $125,000,000, and final approval was granted in 2011.

- *Seraphin v. AT&T Internet Services, Inc., et al.*—A multi-state class action filed in 2009 on behalf of AT&T internet customers who paid $20 a month or less for internet service and were assessed and Early Termination Fee when they cancelled service. A class settlement was approved by the Court in 2011.

5. TMDW is currently litigating or recently settled the following cases involving mortgage fraud and/or illegal debt adjusting schemes:

- *Smith v. Legal Helpers Debt Resolution LLC*—Filed in 2011 on behalf of consumer who were charged excessive fees for debt adjusting services in violation of Washington law. Class settlements were approved by the Court in December 2012 and December 2013.

- *Brown v. Consumer Law Associates LLC, et al.*—Filed in 2011 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. A class settlement was approved by the Court in 2013.

- *Bronzich, et al. v. Persels & Associates, LLC, et al.*—Filed in 2010 on behalf of consumers who were charged excessive fees for debt adjusting services in violation of Washington law. A class settlement was approved by the Court in 2013.

6. In addition to a successful consumer protection practice, TMDW has litigated the following wage and hour class actions:

- *Newell v. Home Care of Washington, Inc., et al.* —TMDW represents a certified class of more than 400 in-home health care workers who allege violations of state wage and hour law. Trial is set for August 2014.

- *Hill v. Xerox Business Services, LLC, et al., and Douglas v. Xerox Business Services, LLC, et al.*—TMDW represents proposed classes of current and former call center workers who allege violations of state and federal wage and hour laws. Both cases were filed in 2012 and are pending in the United States District Court for the Western District of Washington.

- *Dickerson v. Cable Communications, Inc., et al.*—Filed in 2012 on behalf of approximately 500 individuals alleging their employer violated Oregon's wage and hour laws. Defendants' systematic scheme of wage and hour violations involved, among other things, failure to pay non-managerial installation technicians for all hours worked, including overtime. The case settled on a class-wide basis, and approval was granted in 2013.

- *Khadera v. ABM Industries, Inc.*—TMDW represented 337 employees who alleged violations of federal and state wage and hour laws. The case settled, and final approval was granted in 2012.

- *Simpson v. ABM Industries, Inc.*—TMDW represented a CR 23 class of approximately 6,800 employees who alleged Washington State wage and hour violations. The case settled in March 2012, and final

approval of the settlement was granted on September 2012.

- *Martinez v. 24 Hr. Professional Janitorial Services, Inc.*—TMDW represented a class of 175 employees who alleged wage and hour violations. The case settled in 2009, and King County Superior Court approved the settlement in 2010.

- *Barnett, et al. v. Wal-Mart Stores, Inc.*—Filed in 2001 on behalf of Washington employees alleging wage and hour violations by the country's largest private employer. After more than seven years of litigation, TMDW obtained a settlement of $35 million on behalf of a certified class of approximately 88,000 employees. That settlement was approved in July 2009.

- *McGinnity, et al. v. AutoNation, Inc., et al.*—TMDW represented a certified class of more than 500 employees who were denied earned vacation benefits. After nearly two years of litigation before an arbitrator, we obtained an award of $2.34 million on behalf of the class. We successfully defended the award on appeal, and the Washington Supreme Court denied defendants' petition for review. A judgment in excess of $2,600,000 was satisfied in September 2009.

- *Ramirez, et al. v. Precision Drywall, Inc.*—TMDW represented a certified class of workers who alleged they were not paid for overtime work. The case was tried before a jury during a five-week period in 2010, and TMDW successfully obtained a judgment for the workers in excess of $4,000,000. TMDW continues to work on enforcing the judgment against multiple defendants.

7. I am the lead attorney from TMDW in the instant litigation. A founding member of TMDW, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions. I have served as co-lead counsel on numerous multi-state and nationwide class actions. I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

8. I received a B.A., magna cum laude, from Gonzaga University in 1990. In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif. Prior to forming TMD in May 2008, I was a member of Tousley Brain Stephens PLLC. I

am a frequent speaker at legal conferences on a wide variety of topics including consumer class actions, employment litigation, and electronic discovery, and I have been awarded an "AV" rating in Martindale Hubble by my peers.

9. I am actively involved in several professional organizations and activities. For example, I currently serve as a Vice President for the Washington State Association of Justice ("WSAJ"), and serve on the WSAJ Executive Committee. I am also the current Chair of the WSAJ's Consumer Protection Section. I am the current Vice Chair of the Washington Employment Lawyers Association and a member of the Public Justice Foundation's Board of Directors. I serve on the Foundation's Development, Case Evaluation, Membership, and Class Action Preservation Committees.

10. I have been repeatedly named to the annual Washington Super Lawyers list (2005, 2010, 2011, 2012, and 2013) and the Top 50 Women Super Lawyers list (2012 and 2013) by *Washington Law & Politics* Magazine.

11. Kimberlee L. Gunning, a former member of Terrell Marshall Daudt & Willie PLLC, also performed substantial work on this matter. Ms. Gunning graduated from the University of Washington School of Law in 2004. Before joining the firm, Ms. Gunning had a solo practice focused on consumer class actions, employment law and appeals in all areas of civil and administrative law and was also an associate at Tousley Brain Stephens PLLC for 4 years. Ms. Gunning has extensive experience in complex civil litigation and has acted as co-counsel in several consumer class actions, including *Spafford v. EchoStar; Hartman, et al. v. Comcast; Seraphin v. AT&T Internet Services, Inc., et al; Vernon, et al. v. Qwest, and Grosvenor v. Qwest and Godoy v. AT&T Wireless.* In 2011 and 2012, Ms. Gunning was named a Washington "Rising Star" by *Washington Law & Politics* Magazine. Ms. Gunning is now a senior trial attorney in the Washington State Attorney General's Consumer Protection Division.

12. This lawsuit has consumed my time, along with the time of my former partner Kimberlee L. Gunning and various staff members as detailed below. Such time could

otherwise have been spent on other fee-generating work. Because the representation in this matter is on a contingency-fee basis, TMDW shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse outcome.

13. TMDW sets its rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill, and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; the rates customarily charged by other lawyers of similar skill and experience; and the experience, reputation, and ability of TMDW's attorneys and staff members.

14. The regular practice at TMDW is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments. Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis.

15. I was the attorney primarily responsible for reviewing the work of the TMDW timekeepers who worked on this matter. I supervised all work to encourage efficiency and ensure there was as little duplication of effort as possible, including limiting the number of attorneys assigned to this case. I also reviewed the billing records and reduced or eliminated time where necessary. For example, I deleted time spent on routine, purely clerical matters, including time billed by Cassandra L. Bohannon, Rachel Hoover, Torrie Marshall, Janelle Chase, and Kait Heacock. Additionally, I did not include any time spent working on Plaintiffs' Motion for Attorneys' Fees and Costs, or this supporting declaration and exhibits, within the lodestar and hours reported in paragraphs 20 and 22 below. I can therefore confidently assert that the lodestar and hours reported in this declaration are reasonable, particularly in light of our efforts and accomplishments in this litigation.

16. The work performed by Mr. Kinsey, Ms. Nordby, and Ms. Boschen was work that required sufficient knowledge of legal concepts and that I or another attorney would have had to perform absent such assistance. Mr. Kinsey, Ms. Nordby and Ms. Boschen are qualified

to perform substantive legal work based on their training and past experience working for attorneys, including attorneys outside of TMDW's offices.

17. I have worked closely with co-counsel to divide tasks, ensure efficient case management, and prevent duplication of efforts. By assigning specific tasks among firms, we were able to avoid replicating work. Only where it was necessary to have involvement from all of the firms, such as during mediations, did such involvement occur.

18. TMDW played a key role in litigating the *Ramirez* action. The *Ramirez* action was filed on August 31, 2011 in the United States District Court for the Southern District of California. Bank of America actively resisted discovery in the *Ramirez* action. Bank of America's approach to discovery required Plaintiffs' counsel to spend substantial time meeting and conferring with defense counsel, taking an early 30(b)(6) deposition regarding Bank of America's calling data in order to ensure that Bank of America produced relevant, responsive information, and successfully moving to compel other discovery responses. Once the cases were jointly prosecuted, all Plaintiffs' counsel benefited from our diligent discovery practice in the *Ramirez* action.

19. TMDW attorneys and staff remained active after Plaintiffs' counsel began to prosecute the cases jointly. I was involved in all stages of the litigation and settlement of the cases, with a focus on settlement negotiation, confirmatory discovery, and working with the claims administrator and notice provider. Along with LCHB, I took a leading role in drafting the settlement agreement and its exhibits, the forms of notice, and the preliminary approval papers. I continue to be an active participant in the post-settlement phase of this case, including ongoing communications with the claims administrator about notice and claims issues.

20. Through February 18, 2014, TMDW has worked a total of 420.1 hours in this action, with a total lodestar of $224,847.00.

21. TMDW will incur additional fees and costs between now and the close of this litigation, including overseeing the settlement process, addressing class member inquiries, and briefing and attending the hearing for final approval of the settlement.

22. The following table lists the TMDW attorneys and professional personnel and their current hourly rates. The hourly rate shown for any attorney or paralegal who: (a) is no longer employed with TMDW; or (b) has been promoted, reflects the last rate that applied at the time of their employment in that position. The chart also details the time each of these attorneys and litigation assistants worked on this case and their contribution to TMDW's total lodestar:

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| **ATTORNEYS** | | | | |
| **Beth E. Terrell**<br>Partner at Terrell Marshall Daudt & Willie PLLC<br>J.D. from Univ. of California, Davis School of Law, Order of the Coif, 1995. | Researched and analyzed various legal and factual issues; interviewed clients; worked on pleadings and memoranda; worked on discovery matters; worked on motion to compel; prepared for and attended Defendant's 30(b)(6) depositions; prepared for mediations; attended mediations; negotiated and worked on the settlement agreement and supporting documents; conducted confirmatory discovery; worked on notice and settlement administration issues. | $675 | 179.5 | $121,162.50 |
| **Kimberlee L. Gunning**<br>Partner at Terrell Marshall Daudt & Willie PLLC from 2009 to 2013.<br>J.D. from Univ. of Washington School of Law, 2004. | Worked on pleadings, memoranda and correspondence; analyzed various legal and factual issues; worked on case strategy; worked on discovery matters; worked on discovery requests and responses; participated in discovery conferences; reviewed document production; participated in case management conference; worked on deposition preparation; attended Plaintiff's deposition; worked on mediation submission; worked on settlement issues. | $525 | 146.7 | $77,017.50 |

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| **Whitney B. Stark** Associate at Terrell Marshall Daudt & Willie PLLC from July 2013 to present. J.D. from University of California, Hastings College of Law, 2004. | Worked on second amended complaint and stipulation regarding same; worked on claims administration issues; drafted class notice documents. | $525 | 10.9 | $5,722.50 |
| **LAW CLERKS** | | | | |
| **Charlotte Sanders** Law Clerk at Terrell Marshall Daudt & Willie PLLC from June 2010 – June 2011. Contract Attorney from November – December 2012. | Worked on discovery requests. | $325 | 4.6 | $1,495.00 |
| **PARALEGALS/LEGAL ASSISTANTS** | | | | |
| **Bradford Kinsey** Paralegal at Terrell Marshall Daudt & Willie PLLC since October 2009. AA as a legal assistant from Edmonds Community College, 1989. 23 years of experience working in civil litigation representing both plaintiffs and defendants. | Drafted and revised pleadings; filed and served pleadings and discovery-related documents; prepared correspondence; coordinated mediation scheduling; coordinated signatures for settlement agreement and finalized same. | $200 | 42.5 | $8,500.00 |
| **Eden B. Nordby** Paralegal at Terrell Marshall Daudt & Willie PLLC since June 2008. BA. Sarah Lawrence College, 2005. | Worked on issues regarding class member inquiries; worked on case deadline management; worked on discovery requests and responses; served same; worked on deposition notice; coordinated court reporter for same; worked on mediation submission. | $305 | 12.7 | $3,873.50 |
| **Jennifer J. Boschen** | Worked on ESI and discovery matters; | $305 | 23.2 | $7,076.00 |

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| Paralegal at Terrell Marshall Daudt & Willie PLLC from May 2008 – January 2009 & March 2010 - present.<br>BA from Rutgers University, 1998. | reviewed and analyzed document production; assisted with deposition preparation; worked on correspondence regarding discovery. | | | |
| **TOTAL:** | | | 420.1 | $224,847.00 |

23. Our lodestar calculations are based on reasonable hourly rates. Indeed, courts in Western Washington and California have approved fee requests by TMDW that were based on these rates (or similar rates in place at the time of application). A sample of the federal and state courts since 2008 that have approved TMDW's standard billing rates and reimbursement of costs as reasonable are:

a. July 2009, in *Barnett, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-2-24553-8 SEA (Wash. Sup. Ct. King County);

b. September 2010, in *Odom v. Microsoft Corp.*, Case No. 04-2-10618-4 SEA (Wash. Sup. Ct. King County);

c. July 2009, in *Splater v. Thermal Ease Hydronic Systems, Inc.*, Case No. 03 2 33553-3 SEA (Wash. Sup. Ct. King County);

d. December 2010, in *Carideo v. Dell Inc.*, No. CV-01772-JLR (W.D. Wash.);

e. May 2011, in *Fine v. T-Mobile USA, Inc.*, No. CV-00973-TSZ (W.D. Wash.);

f. May 2011, in *Frey v. 3PD, Inc.* C08-0630 JCC (W.D. Wash);

g. August 2011, in *Seraphin v. AT&T Internet Svcs*. CV-00131-REB (D. Idaho);

h. September 2012, in *Arthur v. Sallie Mae, Inc.* C10-00198 JLR (W.D. Wash.);

i. January 2012, in Milligan v. Toyota Motor Sales, U.S.A., Inc. C09-05418 RS (N.D. Cal.);

j. October 2012, in *Khadera v. ABM Industries, Inc.* C08-0417 RSM (W.D. Wash.); and

k. March 2013, in *Meilleur v. AT&T Corp.* C11-01025 MJP (W.D. Wash.).

24. TMDW has incurred $19,212.75 in expenses, which includes travel costs associated with my participation in depositions and mediations ($4,720.30); other hard costs such as court filing fees ($206); transcript costs ($2,459.61); research on Westlaw and PACER ($1,748.53); FedEx and postage charges ($97.87); mediation fees ($9,901.79); and internal costs such as printing and copying ($78.65).

25. Since the beginning of this case, TMDW has worked with no guarantee of being compensated for its time and efforts. Payment of TMDW's fees has always been contingent on successfully obtaining relief for the Plaintiffs and Class members. As a result, there was a substantial risk of non-payment. Work on this case has necessarily been to the exclusion of work on other matters that likely would have generated fees. TMDW has also been denied use of the fees it earned over the course of this case.

26. I was involved in negotiating the proposed settlement in this case. I believe the settlement provides an excellent result for Class members and is fair, adequate, and reasonable. Plaintiffs and their counsel have considered the risks inherent to litigation and the various defenses available to Bank of America and FIA Card Services. The reality that Plaintiffs and class members could end up recovering only a fraction of the settlement benefits or even losing at certification or trial was significant enough to convince Plaintiffs and their counsel that the settlement reached with Defendants outweighs the gamble of continued litigation.

I declare under penalty of perjury of the laws of the State of Washington and the United States of America that the foregoing is true and correct.

EXECUTED at Seattle, Washington this 19th day of February, 2014.

/s/ Beth E. Terrell, SBN #178181
Beth E. Terrell, SBN #178181

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on February 19, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mark A. Lackner
mlackner@reedsmith.com
David S. Reidy
dreidy@reedsmith.com
Matthew J. Brady
mbrady@reedsmith.com
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
Facsimile: (415) 931-8269

*Attorneys for Defendants*

DATED this 19th day of February, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

By: /s/ Beth E. Terrell, SBN #178181
Beth E. Terrell, SBN #178181
Email: bterrell@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorney for Plaintiffs*