RECEIVED
MAR 21 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

March 13, 2014

Clerk of the U. S. District Court
for the Northern District of California
280 South 1st Street
San Jose, CA 95113

Re: Rose v. Bank of America Corp.,
    Case No. 11-cv-02390-EJD (N.D. Cal.)
    Objection to the Settlement

Dear Clerk of the Court:

This letter is an objection to the proposed Settlement. I am a Settlement Class Member who has not opted out of the Settlement, and I am not being represented by counsel. I do intend to appear at the Final Approval Hearing.

The basis of my objection are three fold: 1) There is no adequate showing that the proposed Settlement bears any relationship to the alleged damages inflicted by Defendants on Plaintiffs; 2) The actions of Class Counsel are indicia of a consciousness of unfairness and collusion; and 3) The amount of the proposed attorney fees and costs of up to $8,020,976 constitutes over reaching, represents unjust enrichment, and shocks the conscience.

In its Stipulation and Settlement Statement published on the case website, Class Counsel failed to recite what discovery, what proceedings, and what procedures led up to the proposed Settlement. On February 25, 2014, I telephoned the office of Class Counsel and asked to speak to someone about this proposed Settlement. I was transferred to Jennifer who identified herself as a paralegal who would answer my questions. When I asked her how many people were in the class, what discovery had taken place, and what pretrial activity had been accomplished, she said she didn't know, and didn't know who had that information. I then asked her if I could look through the file and satisfy myself that the proposed Settlement was adequate, fair, and an arms length transaction, but I was told that would never be permitted.

The next day I received a telephone call from Jennifer saying that an attorney with the firm would like to talk with me about my request. A telephone conference was scheduled for 10 AM on February 28th, and I waited from 9:55 AM to 11 AM on that date to receive that telephone call, but it never came. Nor was there any attempt to reach me thereafter.

Since I am a member of the class, and therefore a client of Class Counsel, there is plenty of legal authority to support my right to access and scrutinize Class Counsel's file. Beside

the Rules of Professional Conduct, there is ***In the Matter of Kaleidoscope, Inc.*** 15 B.R. 232 (Bkrutcy. D.Ga. 1981) where the court held that the attorney is an agent of the client and may not refuse to turn over any portion of client's file, and may not assert work-product privilege against client. And in ***Resolution Trust Corp. v. H---, P.C.*** 128 F.R.D. 647 (N.D. Tex. 1989), the court concluded that the **entire** contents of a client's file belong to the client, and that neither the attorney-client privilege nor work-product doctrines were applicable.

Therefore, I oppose the proposed settlement and demand greater information on how it represents an adequate result for Class Plaintiffs. I also oppose the amount of attorney fees and costs requested as being way above what might be considered reasonable.

Very truly yours,

*/s/ Michael Narkin*

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507

cc: Lieff Cabraser Heimann & Bernstein, LLP