March 21, 2014

**RECEIVED**

**MAR 2 4 2014**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

<u>Via FedEx Priority Overnight</u>
Clerk of Court
United States District Court for the
Northern District of California
280 South 1st Street
San Jose, California 95113

Re: *Rose v. Bank of Am. Corp.*, Case No. 11-cv-02390-EJD (N.D. Cal.)

Dear Clerk:

My name is Cassie Grimes Hampe. My home address is 6571 Furman Court, Tyler, Texas 75703 and my telephone number is (214) 356-2388.

Please accept this letter as my objection to the proposed class action settlement, the award of excessive attorneys' fees to class counsel, and the Court's approval of the settlement in the above referenced class action lawsuit. The proponents of this settlement have <u>not</u> met their burden to show that the settlement is fair, reasonable, and adequate.

I received notice of this class action lawsuit by mail at my home address referenced below. I have attached a copy of said notice as Exhibit "A". I have also attached a copy of the claims I have filed in this case as Exhibit "B".

By my signature below, I state under penalty of perjury that I recall getting an automatic telephone call from Bank of America regarding a Bank of America Credit Card Account between May 16, 2007 and January 31, 2013 ("Credit Card Calls").

I object to the proposed settlement on the following grounds:

The attorneys fee requested by class counsel are excessive. Class counsel seeks 25% of the $32 million fund. Based on the records submitted by class

counsel in support of their fee request, they are seeking a multiplier of approximately 5.7 times their lodestar. That is excessive. Although the Ninth Circuit has not addressed this issue directly in the context of a class action, the teachings of the United States Supreme Court in *Perdue v. Kenny*, 130 S. Ct. 1662 (2010) (addressing a fee multiplier for counsel in a civil rights case) suggest that a 5.7X multiplier to class counsel would be a windfall to Class Counsel, and not justified by the actual risks Class Counsel faced by undertaking this litigation.

The record is devoid of any evidence that Class Counsel faced any enhanced or extra risk in pursuing the TCPA claims that this case seeks to settle. Moreover, the modest payment to class members (which is described as potentially between $20 and $40 per claimant) is quite low and represents a settlement for pennies on the dollar value of the claims. The defendant is solvent, has deep pockets, and faced hundreds of millions of dollars in potential liability in this case. $32 million is hardly an extraordinary against that backdrop and certainly does not justify such an extraordinary multiplier. Class Counsel in effect seeks $3,000 per hour for every partner, associate, and legal assistant that worked on this case. Such a lucrative outcome for Class Counsel after such a modest settlement cannot be justified and does not square with *Perdue*. This Court, and the Ninth Circuit, should apply the rule of *Perdue* to fee requests in class actions such as this one.

Class Counsel also seeks to camouflage their excessive fee request by pegging the percentage to the 25% benchmark in this Circuit. While that percentage is in fact the benchmark (when the elements justifying that fee can be established, which they cannot here for the reasons stated above), Class Counsel seeks to count the cost of notice and administration of the settlement as a "recovery" to the class. It is not. Class Counsel should not be awarded a 25% "commission" on the costs of administration and notice.

Objection is made to any procedures or requirements to object that require information or documents other than those that are contained herein to the extent that such requirements are unnecessary, unduly burdensome, are calculated to drive down the number and quality of objections to the settlement and violate objectors' due process rights and Rule 23(e)(5).

I also join in and incorporate herein by reference any and all objections filed by other objectors as though set forth in full, to the extent not inconsistent with the specific objections made herein.

I will not attend the fairness hearing.

I also wish to disclose to the Court that I have sought and obtained assistant from an attorney in preparing and filing this objection. *See* ABA Opinion 07-446. That attorney is Christopher A. Bandas. I do not seek any advantage from the Court of any kind by virtue of submitting this objection myself.

I am mailing my objections, as indicated above and below, to the court and to the attorneys identified in the notice as required recipients.

Sincerely,

*Cassie Hampe*

Cassie Grimes Hampe


cc: Lieff Cabraser Heimann & Bernstein, LLP
     Embarcardero Center West
     275 Battery Street, 29th Floor
     San Francisco, CA 94111

The Settlement Class includes all individuals who:

(1) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Residential Mortgage Loan Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between August 30, 2007 and January 31, 2013 (Mortgage Calls);

or

(2) received one or more non-emergency, default servicing telephone calls from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between May 16, 2007, and January 31, 2013 (Credit Card Calls);

or

(3) received one or more non-emergency, default servicing text messages from Bank of America regarding a Bank of America Credit Card Account to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice between February 22, 2009, and December 31, 2010 (Credit Card Texts). Those persons who also received a Credit Card Call may make only one claim for either a Credit Card Call or Credit Card Text.

PRESORTED
FIRST-CLASS MAIL
AUTO
U.S POSTAGE
PAID
PORTLAND, OR
PERMIT NO. 2862

Bank of America TCPA Settlement Claims Administrator
PO Box 3410
Portland, OR 97208-3410

**Important notice about a Class Action Settlement.**

8168063776902
CASSIE A GRIMES
6571 FURMAN COURT
TYLER, TX 75703-4281

59753
97
138

EXHIBIT "A"

Legal Notice

## If you received a non-emergency mortgage or credit card default servicing call or text on your cellular telephone from Bank of America through the use of an automatic telephone dialing system and/or a prerecorded voice, you could receive a payment from a class action settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A $32,083,905 Settlement has been reached in a class action lawsuit claiming that Bank of America unlawfully used an automatic telephone dialing system and/or an artificial prerecorded voice to call or text cell phones without the prior express consent of the recipients. Bank of America denies that it did anything wrong and the Court has not decided who is right.

**Who's included?** Bank of America's records show you are a member of the Settlement Class. The exact definition of who is included in the Class is on the reverse side of this notice.

**What are the Settlement terms?** A Settlement Fund of $32,083,905 has been established to pay valid claims, attorney fees, service awards, costs, expenses and settlement administration. Additionally, Bank of America has enhanced its business practices to ensure that a borrower has provided consent before being called on a cell phone and that the Bank's loan servicing record reflects the borrower's prior express consent to call his/her cell phone.

**How can I get a payment?** To get a payment, you must submit a claim using this 13 digit, unique identifier: 8168063776902. You can submit your claim online, by mail or by calling the toll-free number. It is estimated that payments will be between $20 and $40 per claim and each Class Member may be eligible to file up to two Claims. The final cash payment amount will depend on the total number of valid and timely claims filed by all Class Members. The claim deadline is **March 21, 2014**.

**Your other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **March 21, 2014**. If you do not exclude yourself, you will release your claims against Bank of America. You may object to the Settlement by March 21, 2014. The Detailed Notice available on the website explains how to exclude yourself or object. The Court will hold a Hearing on April 4, 2014 to consider whether to approve the Settlement and a request for attorneys' fees of up to $8,020,976 and service payments of $2,000 each to the seven Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you don't have to. For more information, call or visit the website.

**www.BOATCPASettlement.com • 1-877-919-9186**

# Bank of America TCPA Settlement

Case No. 11-cv-02390-EJD (N.D. Cal.)

Home | FAQs | Important Documents | Submit a Claim | Contact Us | Español

## Submit a Claim - Success

**Important Dates**

**March 21, 2014**
Deadline to request exclusion ("opt-out") from the Settlement

**March 21, 2014**
Deadline to object to the Settlement

**April 4, 2014**
Final Approval Hearing

**March 21, 2014**
Deadline to submit a Claim Form

Thank you for your submission. Your Confirmation Number is: 7GEWBHT1.

NOTICE: This website provides a summary of the Settlement and is provided for informational purposes only. In the event of any discrepancy between the text of this website and the original text upon which it is based, the text of the original document shall prevail.

Questions? Contact the Claims Administrator at **1-877-919-9186**



© 2013 Epiq Systems, Inc., All rights reserved | Privacy Policy | | Version: 1.0.2.54 | Updated: 2/20/2014 3:05:49 PM



EXHIBIT "B"

https://www.boatcpasettlement.com/en/Claim/Confirmation

3/20/2014