UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>    Defendants. | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**OBJECTION TO PROPOSED SETTLEMENT, FEE REQUEST, AND INCENTIVE PAYMENTS** |
| CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,<br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>    Defendants. | |

I, Erich Neumann ("Neumann"), an eligible Class Member, do hereby state as follows:

1. My name is Erich Neumann, and I reside at 5 Island Avenue, Unit 3J, Miami Beach, FL 33139. My telephone number is (305) 735-2404.

2. I am a Class Member. I received dozens of annoying and harassing automated calls regarding my mortgage loan during the class period. In my estimation, I received multiple calls per week for many months. These calls were especially frustrating because I was attempting to restructure my loan with Bank of America the entire time.

3. I object to the Settlement, Fee Request, and Incentive Payments in the above captioned matter, and I rely upon legal authority and evidenced cited herein.

4. My objections to the Proposed Settlement are as follows:

    a. The settlement provides for only one (1) claim for class members who received harassing automated calls regarding mortgage payments. Additionally, it provides for

1

one (1) additional claim for class members who received harassing automated calls regarding credit card account payments. However, the settlement makes no distinction between class members, such as me, who received **multiple** harassing calls as compared to those who may have received only one or two harassing calls. Class members who received ongoing and multiple harassing calls on a weekly basis should be granted to right to make a claim for each of the calls received and should be entitled to a larger share of the total fund.

   b. The total estimated payment for each claimant is inadequate. The notice form estimates that each claimant will receive between $20 to $40. However, to class members such as me, who received continuous harassing calls, this is completely inadequate compensation. Additionally, it will not stop the Defendants from engaging in the same behavior in the future if it prompts some of its debtors to pay their bills faster.

   c. The attorneys' fee request is excessive compared to the actual billable time spent on the case. The plaintiff's counsel claims that 2,560.70 hours were spent during this litigation by its attorneys and staff. This number of attorneys' fees is simply impossible in a case that did not have substantial motion practice and did not go to trial. In fact, despite the long time period the case was open, there was very little litigation involved. After the motion to dismiss was fully briefed, no other substantive motions were filed until preliminary approval of settlement. Nor were there many discovery disputes that I can see from review of the docket. In summary, the Plaintiff filed its complaint, amended its complaint, filed one opposition brief to Defendant's motion to dismiss, entered into ADR, and then settled the case. This litigation was not hard fought by any stretch of the imagination and could not possibly have required the 2,560 hours as claimed by the Plaintiff's counsel.

   d. The rate claimed by the Plaintiff's counsel simply absurd. Plaintiff's counsel claims that 2,560.70 hours (including both attorney and staff hours combined) were spent on the file for a total dollar figure of $1,396,523.75. This implies an average hourly rate of $545.37 amongst all counsel and staff who worked on the file. As noted, this case did not involve complex issues, did not involve substantial motion practice and did not go to trial. In

fact, although as much is not completely clear from the Plaintiff's filings, it appears that a large portion of the 2,560 hours were spent by staff members reviewing documents and administering claims forms. Certainly time spent by staff members and document reviewers, whether they were attorney or staff members, should not be compensated at such a high rate. Additionally, while I am sure that some of the attorneys involved in the litigation were highly experienced professionals, I find it hard to believe that they would command a rate at or over $545 per hour for document review. In fact, in order for the overall rate (which presumably includes non-attorney staff and low level attorneys at lower rates) to average out to $545 per hour, the experienced attorneys would have to be charging rates well in excess of $700 to $900 per hour.

   e. The lodestar multiplier sought by the Plaintiff's counsel is clearly excessive. As discussed earlier, this case was not complex. It did not involve any novel issues. It did not involve any substantial motion practice. It did not involve any intensive discovery motions. It did not go to trial. Additionally, the Plaintiff's counsel are already overbilling and overcharging for each hour spent in their hourly rates. Yet, the Plaintiff's counsel are not content. They further request a 5.7x multiplier on top of their excessive lodestar. Plaintiff counsel's multiplier request equates to grand theft of the settlement funds that would otherwise go to the class members. The multiplier inflates Plaintiff's counsels' already inflated hourly rates from an average of $545 per hour to a completely ridiculous $3,106.50 per hour. This is unacceptable.

  WHEREFORE, for the reasons stated above, I respectfully object to this settlement.

Sincerely,

Erich Neumann, Esq.

**PROOF OF SERVICE**

I hereby certify that on March 17, 2014, a true copy of the above document was served by U.S. Mail to the following:

Clerk of the Court
U.S. District Court for the
Northern District of California
280 South 1st Street
San Jose, CA 95113

Lieff Cabraser Heimann & Bernstein, LLP
Embarcadero Center West
275 Battery Street, 29th Floor
San Francisco, CA 94111

Erich Neumann, Esq.