March 13, 2014

Clerk of the U. S. District Court
for the Northern District of California
280 South 1st Street
San Jose, CA 95113

Re: Rose v. Bank of America Corp.,
    Case No. 11-cv-02390-EJD (N.D. Cal.)
    Objection to the Settlement, Addendum

Dear Clerk of the Court:

Since the mailing of my initial objection to the Settlement, I received a phone call from attorney Nicole Sugnet of Class Counsel's law firm who offered to discuss the issues I raised with regard to the Settlement. I told her that what I wanted most was to scrutinize the discovery that had taken place and led up to the proposed Settlement. She refused that request and told me that there was a protective order in place which would prevent me from accessing the discovery file. She even was kind enough to send me a copy of that protective order which, although captioned under another case name and number, she assured me was a blanket protective order covering the instant case as well.

I reminded her of the personal objection to a Proposed Settlement filed by Chief Judge Kozinski of the U.S. Court of Appeals for the Ninth Circuit in the <u>Klee</u> v. <u>Nissan North America</u> class action case (2:12-cv-08238-BRO-PJW) where Judge Kozinski was a member of the class as an owner of a Nissan LEAF. The thrust of his objection was that discovery had been inadequate, and that the motivation for the proposed Settlement was merely an award of attorney fees.

Ms. Sugnet asked me to **trust** that sufficient discovery had already been accomplished in the instant case, and I had no need to worry or inquire further. However, I do not find her assurances sufficient.

It appears that the Protective Order in place in this case was the result of a joint motion by both Class Counsel and the Defense. Under Rule 26(c, a district court may issue a protective order overruling the public's right to access the fruits of pretrial discovery for *good cause*. For good cause to exist under Rule 26(c, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir.2002). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c test." *Beckman Indus., Inc. v. Int'l Ins. Co.* 966 F.2d 470, 476 (9th Cir.1992). Rather, the party seeking protection must make a "particularized showing of

good cause with respect to [each] individual document." ***San Jose Mercury News, Inc. v. U.S. District Court---N.Dist. (San Jose)*** 187 F.3d 1096, 1103 (9th Cir.1999).

Here, no particularized showing of good cause with respect to each individual document was presented, and as a class member with the right to object to any settlement, my right to access and scrutinize discovery is far greater than merely a right afforded to a member of the general public.

Additionally, under the cloak of a protective order, the attorneys may have seen no need to engage in real discovery. Instead, they were free to discuss attorney fees without the bother of having to be adversaries on behalf of the Class.

Therefore, I request that the Court disapprove of the proposed Settlement and vacate (or modify) the Protective Order, so that Class members like myself may access and scrutinize all discovery and satisfy themselves that discovery has been adequate.

Very truly yours,

*[signature: Michael Narkin]*

Michael Narkin
85391 Chezem Road
Eugene, OR 97405
541-852-5507

cc: Lieff Cabraser Heimann & Bernstein, LLP