UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE ROSE, on behalf of herself and others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA CORPORATION; FIA CARD SERVICES, N.A.<br><br>　　　　Defendants. | Case No.: 5:11-CV-02390-EJD<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME**<br><br>**[Re: Docket No. 92]** |

Presently before the Court is Thomas Thomas' motion for an extension of time within which to opt out of the class settlement reached by the parties in the above-captioned cases. The Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and vacates the hearing scheduled for July 25, 2014. Having fully reviewed the parties' briefings, and for the following reasons, the Court GRANTS Mr. Thomas' motion.

**I. BACKGROUND**

The instant motion concerns two separate actions: the above-captioned class action lawsuit currently awaiting final approval of settlement ("the Class Action"), and an individual lawsuit currently pending in the Circuit Court in and for Broward County, Florida ("the Florida Action")

brought by Mr. Thomas against Bank of America, N.A.  Both actions allege, <u>inter alia</u>, that Bank of America violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

Mr. Thomas filed the Florida Action on March 5, 2013.  Bank of America filed its Answer and Affirmative Defenses on June 13, 2013.  Mr. Thomas later agreed to allow Bank of America to amend its Affirmative Defenses on October 25, 2013.  The parties have each propounded discovery and Mr. Thomas had an opportunity to depose Bank of America's corporate representative on March 4, 2014.

A second deposition of Bank of America's corporate representative specifically regarding the telephone and computer systems used to place the calls to Mr. Thomas' cellular telephone was scheduled with counsel for Bank of America for May 28, 2014, to take place in Bank of America's counsel's office.  Bank of America's outstanding responses to Mr. Thomas' discovery were due on May 27, 2014.

On May 27, 2014, counsel for Bank of America filed a motion to stay proceedings in the Florida Action alleging that Mr. Thomas had failed to timely opt-out of the Class Action, thus barring his TCPA claims in the Florida Action.  Mr. Thomas' attorney, Yechezkel Rodal, claims that this was when he was first made aware that Mr. Thomas' opt-out letter had not been timely received.  Mr. Thomas filed this motion thereafter.

**II.  LEGAL STANDARD**

Under Rule 6(b) of the Federal Rules of Civil Procedure, where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect."

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993).  Because Congress has not provided guidance to determine what sorts of actions constitute excusable neglect, the Court's

"determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id.

**III. DISCUSSION**

"Factors one, two and four will almost always cut one way: Delays are seldom long, so prejudice is typically minimal. Bad-faith delay is rare, given that we're only dealing with 'neglect,' not deliberate flouting of the rules-though flouting does happen on occasion. Most of the work, then, is done by factor three, the most important one." Pincay v. Andrews, 389 F.3d 853, 861 (9th Cir. 2004) (dissent).

For the most part, the same is true of the instant motion. With respect to the second factor, the parties agree that Mr. Thomas' motion should have "zero impact" on the class settlement, and therefore a delay of slightly over two months does not appear excessive.

As to the fourth factor, Bank of America contends that Mr. Thomas fails to demonstrate good faith. Mr. Thomas' motion is primarily based on the claim that his attorney, Mr. Rodal, assigned the task of mailing Mr. Thomas' opt-out letter to a paralegal, who apparently failed to mail the letter. Bank of America suggests a possible lack of good faith due to the fact that Mr. Thomas did not identify the paralegal in the moving papers, did not include testimony from the paralegal to support the motion, and did not provide Bank of America with the paralegal's contact information until shortly before the filing of Bank of America's response brief. However, the late disclosure of the paralegal's contact information does not obviously appear to have been in bad faith: Bank of America requested the paralegal's information on June 13, 2014 and received it on June 16, 2014, while Mr. Thomas' motion was filed on June 2, 2014. Although Mr. Rodal waited until the day Bank of America's response was due (June 16) before providing the paralegal's information, the Court is reluctant to infer bad faith given that Bank of America waited until June 13 to make the request, and Mr. Rodal claims he spent the time attempting (but failing) to elicit an affidavit from the paralegal.

As to the first factor, Bank of America asserts that it would be prejudiced if Mr. Thomas were permitted to opt out after the deadline because Bank of America would be forced to litigate a claim that it has already agreed to settle. Bank of America notes two cases in which courts have

3

Case No.: 5:11-CV-02390-EJD
ORDER GRANTING MOTION FOR EXTENSION OF TIME

found that granting a late class settlement opt-out request would cause prejudice to the opposing party: <u>In re Charles Schwab Corp. Sec. Litig.</u>, 2010 WL 2178937 (N.D. Cal. May 27, 2010) and <u>Bowman v. UBS Fin. Servs., Inc.</u>, 2007 WL 1456037 (N.D. Cal. May 17, 2007).  The cases support a finding that Bank of America would suffer at least some amount of prejudice if the Court grants Mr. Thomas' motion.  Both courts found that the defendants would suffer prejudice by the late opt-out requests, reaching the same conclusion in both cases despite the fact that the requests were made at different stages in the settlement process: the request in <u>In re Charles Schwab</u> was made "on the eve of preliminary approval" of the settlement, while the request in <u>Bowman</u> was made after final approval.

However, any prejudice suffered by Bank of America is not likely to be severe.  Bank of America's only claim of prejudice is that it will have to continue defending the Florida Action.  Bank of America does not indicate that it changed its litigation strategy in the Florida Action because it relied on its belief that Mr. Thomas had opted out, nor does Bank of America claim that its decision to settle the Class Action (or its negotiating position) was affected by Mr. Thomas' participation or non-participation in the class.  The fact that Bank of America will need to continue defending the Florida Action should the Court grant Mr. Thomas' motion, by itself, is not significant to an "excusable neglect" analysis.  See <u>Pincay</u>, 389 F.3d 853 (upholding a district court's finding of "no prejudice" despite the fact that granting extension of time would mean that the non-movant would need to defend an appeal that it would otherwise escape).

The Court also recognizes that none of the movants in <u>In re Charles Schwab</u> and <u>Bowman</u> had a particularly compelling explanation as to the third factor- the reason for the delay.  The movants in <u>In re Charles Schwab</u> failed to read the class action notice because it had been relegated to a pile of "junk mail."  In <u>Bowman</u>, the movants do not appear to have provided any explanation at all.

Mr. Thomas attributes his failure to timely opt out of the Class Action to his attorney Mr. Rodal.  On March 5, 2014, Mr. Thomas informed Mr. Rodal that he had received a postcard regarding the Class Action.  The opt-out request was required to be postmarked no later than the March 21, 2014 deadline.  Following the conversation, Mr. Rodal prepared an opt-out letter and

mailed it to Mr. Thomas for signature.  Mr. Rodal then assigned the task to a paralegal that was working for him at that time.  Mr. Thomas returned the opt-out letter, and Mr. Rodal claims that, to the best of his knowledge, the opt-out letter was to be mailed out on March 13, 2014 by the paralegal.  The paralegal, however, did not make any notes as to when she mailed the letter, if at all.  The paralegal's employment was terminated on or about March 18, 2014, and the letter was not found on her desk, in her drawers, or anywhere within her workspace.

After considering all the factors that underlie the determination of excusable neglect and the relevant case law, the Court finds that excusable neglect is adequately shown.  The Court's decision takes into consideration the following: First, Mr. Thomas acted quickly to opt out of the Class Action; unlike in the other cases, he at least made an attempt to opt out, and the record suggests that he believed he had done everything required to opt out.  Second, Mr. Rodal's excuse is arguably stronger than the excuse accepted by the district court in Pincay.  In Pincay, the attorney's reason for missing the deadline was that he relied on his paralegal's incorrect reading of the Federal Rules of Appellate Procedure.  389 F.3d at 858.  It seems more excusable for an attorney to rely on his paralegal for a purely administrative task (mailing a letter) than to rely on a paralegal's reading of the law.  Third, the prejudice to Bank of America is minor; more akin to a denial of a windfall than prejudice.  Had the failure to timely opt out resulted in greater prejudice to Bank of America, the result would be different.  And finally, the fact that Mr. Rodal attributes his neglect to a recently-fired paralegal, who Bank of America can contact, lends credibility to the story.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Thomas' motion.  Mr. Thomas is deemed excluded from the class action settlement.

**IT IS SO ORDERED**

Dated: July 14, 2014

_____
EDWARD J. DAVILA
United States District Judge