Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorneys for Objectors James Kirby and Susan House

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>　　　　　Defendants. | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR FRCP RULE 54 ATTORNEY FEES**<br><br>Date: February 20, 2015<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila |
| CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>　　　　　Defendants. | Case No. 5:12-cv-04009-EJD (PSG) |

Susan House and James Kirby respectfully request an award of attorneys' fees for their role in improving the fairness of the settlement and increasing the value of the common fund for the benefit of class members.

**A. Legal Principles**

Federal courts award attorneys' fees under the common fund doctrine as a matter of federal common law, based on "the historic equity jurisdiction of the federal courts." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 164 (1939). Under the common fund doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).

Objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law. *See Rodriguez v. Disner*, 688 F.3d 645, 659 (9th Cir. 2012) (objectors are entitled to attorneys' fees when they confer a substantial benefit on the class). When objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051–52 (9th Cir.2002).

In awarding attorneys' fees from the common fund generated by litigation, courts are bound by traditional principles of equity and we must review awards to class counsel and objectors in that light. *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 273 F. Supp. 2d 563, 565 (D.N.J. 2003) *aff'd sub nom. In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 103 F. App'x 695 (3d Cir. 2004), *citing Boeing v. Van Gemert*, 444 U.S. at 478.

Fed.R.Civ.Proc. Rule 54 specifies the procedures to be following in making a claim for attorneys' fees:

Rule 54(d)(2) Attorney's Fees:

(A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.

(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;

(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;

(iii) state the amount sought or provide a fair estimate of it;

I. ARGUMENT

### A. The House And Kirby Objection (Doc. 81) Materially Benefited The Class

The court correctly observed "The results obtained for the class are generally considered to be the most important factor in determining the appropriate fee award in a common fund case." Order Granting Motion For Final Approval Of Settlement; Granting In Part And Denying In Part Motion For Attorney's Fees And Costs, Doc. 108, page 17, *citing Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). House and Kirby's objection highlighted significant shortfalls in the benefits conferred on the class by this settlement.

#### 1. *House And Kirby Argued The Injunctive Relief Does Not Benefit The Class, And That Class Recovery Was Unfairly Reduced By Distributions To Class Counsel, Notice And Settlement Administration Expenses, And Cy Pres Awards*

House and Kirby pointed out that the injunctive relief obtained in this Settlement provides little in the way of real benefit to class members. (Doc. 81, pages 4-5). The court correctly agreed with this assessment, finding "The non-monetary relief achieved here is particularly nominal in comparison to nonmonetary relief achieved in other TCPA class action settlements." Doc. 108, page 19, lines 13-14. The court did not specifically address an additional point raised by this objector – that the prospective changes will benefit Bank of America's current customers and clients, but will not benefit the many class members who are no longer current clients.

Although our criticism of the injunctive relief differed slightly from that of the court, we believe we drew the court's attention to the valuation problem related to the injunctive relief. We pointed out that much of the $32,083,905.00 settlement fund will go to pay attorneys' fees, administrative charges, and unnamed *cy pres* recipients, rather than Class Members. We argued "[t]he fairness of the settlement

must be evaluated primarily on how it compensates class members—not on whether it provides relief to other people." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 720 (6th Cir. 2013) (*quoting Synfuel Techs., Inc. v. DHL Express (USA), Inc*., 463 F.3d 646, 654 (7th Cir. 2006).

For the same reasons, we argued that the *cy pres* component of the Settlement was unfair to the class. The Settlement Agreement here provides that monies from uncashed checks will go to *cy pres* recipients. Settlement Agreement, Section 9.03. Since many of the class members are indebted to this Defendant it would be easy for any remaining funds to apply to forgiveness of debt for current class members. We also argued that Settlement Administration expenses should not be a benefit for the class. As initially requested, the attorneys' fees were far too large a percentage of amounts not inuring to the benefit of the Class.

Even where "the *cy pres* fund and injunctive relief are substantial benefits secured under the settlement agreement, they benefit the public and future consumers of [the defendants' product]—not Class members for past injuries—and cannot be a key consideration in determining the fairness of the settlement." *Pearson v. Nbty, Inc.*, No. 11-cv-7972, 2014 U.S. Dist. LEXIS 357, at *15 (N.D. Ill. Jan. 3, 2014). *See also Crawford v. Equifax Payment Servs*., 201 F.3d 877, 880 (7th Cir. 2000) (injunctive agreement not to use the abusive debt collection letter at issue was a "gain" of "nothing" for class members).

We raised the value of the injunctive relief to the class, and request compensation to reflect our contribution to the fairness of the settlement in that regard.

### 2. House and Kirby alerted the Court on the low consideration offered to Class Member.

The court agreed with House and Kirby that the results were on the lower end of the spectrum for TCPA cases. We drew the court's attention to the recovery provided in other TCPA cases, specifically noting the consideration provided in *Samantha Ellison v. Steve Madden Ltd*., case number 2:11-cv-05935 (C.D. Cal.) and *Kramer v. Autobytel Inc., et al*, Case Number 4:10-cv-02722 (N.D. Cal.). (Doc. 81, page 3). The court cited *Kramer* in its analysis of the compensation offered to the class. (Doc. 108, page 18, lines 11-14).

We alerted the court that the results did not justify the high multiplier class counsel claimed for their work. We argued the fees were too high in light of the poor result. Doc. 81, page 6. The court agreed with our argument, and its analysis reflects this agreement. The court observed, "Because the results achieved here are not "exceptional" in other TCPA class action settlements, and are on the lower end of the scale, this factor does not support granting a high multiplier. Doc. 108, page 20, lines 1-3.

We also suggested to the court that the Settlement included indicia of unfairness and collusion and these are signs the settlement is unfair under *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011). The amount the class receives under the settlement is the critical baseline in performing the Bluetooth disproportionality analysis. *Bluetooth*, 654 F.3d at 943. Under Bluetooth, the first signal a settlement is unfair is "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded." *Id.*; *see also* AMERICAN LAW INSTITUTE, PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION § 3.05, comment b at 208 (2010) ("a proposed settlement in which the class receives an insubstantial payment while the fees requested by counsel are substantial could raise fairness concerns"). Here, the court correctly noted that the class recovery was low compared to other prominent TCPA cases.

### 3. Self-Dealing Justified the Reduction in Fees

The attorneys' fees were too high in light of the benefit conferred on the class because of the inequitable distribution between class members and class counsel is the first warning sign of an inequitable settlement under *Bluetooth.*

The second red flag under *Bluetooth* is a clear sailing agreement. *Bluetooth*, 654 F.3d at 947. A clear sailing agreement is an agreement by the Defendant to not challenge the portion of the settlement that will go to Class Counsel. The Settlement Agreement did include such a provision. Settlement Agreement Part V, Section 5.01 provides "Defendants will not object to any request by Plaintiffs' Counsel for attorneys' fees in an amount not exceeding 25% (twenty-five percent) of the Settlement Fund, nor object to any amounts sought for the costs incurred by Plaintiffs' Counsel in litigating the Actions." Doc. 59-1, page 12.

A defendant's agreement to not challenge a fee request deprives the court of an adversarial proceeding and the objectors stepped in to fill that.  The contribution of objectors becomes important where Defendants' are not challenging an attorney fee motion, as without the objectors the court would receive no countervailing arguments on the reasonableness of the fee award.  "Such a clause by its very nature deprives the court of the advantages of the adversary process." *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991).  The clause "suggests, strongly," that its associated fee request should go "under the microscope of judicial scrutiny." Id. at 518, 525. The clear sailing clause lays the groundwork for lawyers to "urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Weinberger*, 925 F.2d at 524; *accord Bluetooth*, 654 F.3d at 948.  "Provisions for clear sailing clauses 'decouple class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery. They potentially undermine the underlying purposes of class actions by providing defendants with a powerful means to enticing class counsel to settle lawsuits in a manner detrimental to the class." *Vought v. Bank of Am., N.A.*, 901 F. Supp. 2d 1071, 1100 (C.D. Ill. 2012).  *See also* William D. Henderson, *Clear Sailing Agreements: A Special Form of Collusion in Class Action Settlements*, 77 TUL. L. REV. 813, 816 (2003) (urging courts to "adopt a per se rule that rejects all settlements that include clear sailing provisions.").

The objection also drew the court's attention to the quick pay provision in the Settlement Agreement.  A quick pay provision indicates class counsel are focusing on their own interests.  Kirby and House pointed out that Section 7.04 of the Settlement Agreement includes a quick pay provision that will enable Class Counsel to be paid ten days after the entry of the Final Approval Order and the order approving fees. But Class Members must wait thirty days after the "Effective Date" which is defined as: either, thirty days after entry of the Final Judgment, if no appeal or request for rehearing is filed, or, if an appeal is filed, then five days after the appellate proceedings have been terminated.  The Settlement does not specifically address a Motion for Reconsideration, so presumably Class Counsel could collect their fee ten days after the entry of the court's Final Approval Order.  With their recent

filing of a Motion for Reconsideration (Doc. 110), Class Counsel has delayed the Effective Date for their own enrichment; a clear demonstration of the conflict of interest that now exists: pay the clients or increase their payday.  The unfairness of the quick pay provision is now illuminated.  The Objection pointed out that such provisions are an affront to Class Members because they disincentive Class Counsel from conscientiously attending to the claims administration and funds distribution process, and divorce Class Counsel's interests from those of the class.  These points should be considered now.  These two indicia of self-dealing, clear sailing and quick pay, combined with the disproportionate fee request, fully justified the court's reduction of attorneys' fees.

### B. Other Objections Filed Did Not Materially Contribute To An Increased Benefit For The Class Or Highlight The Disparity Between The Benefit Conferred On The Class And Class Counsel's Fee Request.

The other objections did not address in detail the issues the court focused on its decision to reduce the attorneys' fees.  Some of the objections included moving personal stories related to the objectors' loss of their homes to foreclosure or other financial difficulties.  The Lombardo Declaration, Doc. 68, argued the settlement consideration was "farcical" because she was still making payments related to the mortgage taken out on a home that had to be sold, after 34 years of ownership.  The Ricketts Objection, Doc. 76, also described personal disappointments and financial struggles, but connected to the fairness of the settlement.  The Cifuentes Objection, Doc. 77, detailed a mother's financial difficulties occasioned while caring for her son who suffered from PTSD, and argued the settlement was unfair.  These objections did not materially aid the court's analysis.

Other objections complained the settlement was not fair.  *See, e.g*., Rodriguez Objection, Doc. 69, De Moura Objection, Doc. 71 (arguing class members should be treated same as plaintiffs [presumably class representatives]), Mark Objection, Doc. 75 (objecting to proposed pay out to him under the settlement).  Two objections highlighted the unfairness for class members who received constant harassing phone calls.  *See e.g*., Smith Objection, Doc.83, and Neumann Objection, Doc. 84.  These objections might be credited with highlighting the class' perception that the Settlement was unfair.

Many of the objections complained that the consideration being offered by Bank of America was too low. The Kaszuba Objection, Doc. 82, argued that Bank of America should offer $250 million in consideration for the Settlement but the court did not determine the settlement was too low.

The Narkin Objections, Docs.79 and 85, complained of a right to review the files but that conferred no benefit for the class. The Hampe Objection, Doc. 80 complained the fee request was too high and the benefit too low. Neumann Objection, Doc. 84, argued the consideration was inadequate as he received numerous calls, and that the attorney fees were unreasonable given the stage of the litigation (i.e. that the litigation had not advanced beyond the motion to dismiss stage). Neumann also argued the attorneys' fees were excessive, the lodestar was excessive, and that the lodestar multiplier excessive, particularly because much of the work involved document review. All were filed pro se. The Neumann Objection, Doc. 84, was written by an attorney, whether his objection was meritorious or not, Mr. Neumann cannot claim attorneys' fees for representing himself. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (A pro se litigant who is not a lawyer is not entitled to attorney's fees, whether or not the litigant is a lawyer.).

### C. House And Kirby Are Entitled To Attorneys' Fees For Their Role In Improving The Fairness Of The Settlement.

Objections resulting in additional class benefits or that substantially improve the settlement may justify an award of attorneys' fees. *Cohorst v. BRE Props., Inc*., No. 10-cv-2666-JM(BGS), 2012 WL 2001754, at *1 (S.D. Cal. June 5, 2012) (*citing Uselton v. Commercial Lovelace, Inc*., 9 F.3d 849, 855 (10th Cir. 1993); *City of Detroit v. Grinnell Corp*., 560 F.2d 1093, 1098 (2d Cir. 1977)); *see also Wininger v. SI Mgmt. L.P*., 301 F.3d 1115, 1123 (9th Cir. 2002); *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002). Attorneys' fees are awarded to objectors whose efforts "substantially benefit the class members." Id.

Attorneys' fee awards in class actions help to ensure adequate enforcement of the legal rights afforded class members. "[A] financial incentive is necessary to entice capable attorneys, who otherwise could be paid regularly by hourly-rate clients, to devote their time to complex, time consuming cases for

which they may never be paid." *Pinto v. Princess Cruise Lines*, 513 F. Supp. 2d 1334, 1338 (S.D. Fla. 2007) (*quoting Mashburn v. Nat'l Healthcare, Inc.*, 684 F. Supp. 679, 687 (M.D. Ala. 1988)).

House and Kirby are entitled to attorneys' fees because they alerted the court to problematic aspects of the Settlement, including the inequitable award of attorneys' fees and overly high lodestar multiplier claimed by Class Counsel. Because of its determination that the attorneys' fees were too high, the court reduced the attorneys' fees from the $8,020,976.00 (including expenses) to $2,402,243.91. $5,618,732.09 in additional consideration will go to Class Members. House and Kirby should be compensated with a percentage of that additional benefit conferred on the class.

House and Kirby also deserve recognition for their role in alerting the Court to the indicia of unfairness and self-dealing found in this Settlement. The risk of collusion in a class action case necessitates a broad range of participants to ensure against collusion over lawyers' fees. *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002). After protracted litigation, class and defense counsel eventually find themselves on essentially the same side to agree on a settlement, as does the court itself. *In re Prudential Ins. Co. of Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 202 (3d Cir. 2002). Because of this reality, objectors serve a very important function. A lawyer for an objector who raises questions about a proposed settlement renders an important service. *Great Neck Capital Appreciation Inv. Partnership, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 416 (E.D. Wis. 2002).

Had the court not reduced the attorneys' fees, the class would have received only $24,062,929.00 [less settlement administration expenses]. Because of the court's order, the class will now receive $29,681,661.09.

> Enter the objectors. Members of the class who smell a rat can object to approval of the settlement. See, e.g., Reynolds v. Beneficial National Bank, supra, 288 F.3d at 287–88; Edward Brunet, "Class Action Objectors: Extortionist Free Riders or Fairness Guarantors," 2003 U. Chi. Legal F. 403, 411–12. If their objections persuade the judge to disapprove it, and as a consequence a settlement more favorable to the class is negotiated and approved, the objectors will receive a cash award that can be substantial, as in In re Trans Union Corp. Privacy Litigation, 629 F.3d 741 (7th Cir. 2011).

*Eubank v. Pella Corp.*, 13-2091, 2014 WL 2444388 at *3 (7th Cir. June 2, 2014)

We will also file an opposition to Class Counsel's Motion for Reconsideration. At this point, objectors' counsel are the only attorneys litigating on behalf of the Class, as Class Counsel are now fighting for their own compensation to the detriment of the class. Objectors are particularly important in this context as Class Counsel have abandoned their role as fiduciaries of the Class. As noted in *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 202 (3d Cir. 2002):

> Because of the conflicting interests between Lead Counsel and this extremely large class over fees to be derived from the settlement, there is a high degree of professional responsibility that they owe a largely absent class who depend on lawyers they never saw or retained. . . . Therefore, a lawyer with objector status plays a highly important role for the class and the court because he or she raises challenges free from the burden of conflicting baggage that Class Counsel carries.

The objectors should be granted attorneys' fees proportional to benefit conferred on the class and should be deducted from the class counsel's fee request. *See, e.g., In re Prudential Ins. Co. of Am., supra*. (awarding objector's attorneys' fees out of class counsel's fee award); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 816-817 (N.D. Ohio 2010) (same); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (same); *In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998) (same).

It is imperative district courts incentivize objector participation in the settlement process further the interests of the class and to prompt class attorneys to negotiate settlements with the best interests of the class at heart, rather than out of concern for their own gain. Under *Rodriguez v. Disner*, 688 F.3d 645 (9th Cir. 2012), a district court errs in denying fees to objectors who raise issues for the court's attention. In a first appeal, the court determined that "the district court clearly erred in ruling that the objectors' actions 'did not add anything' to its decision to deny incentive awards, given that the court had not focused on the incentive agreements before the objectors raised the issue." *Id.* at 660, citing *Rodriguez I*, 563 F.3d at 963. Upon further appeal after remand back to the district court, the Ninth Circuit determined, "Because the district court abused its discretion by denying attorneys' fees to the Schneider Objectors on the ground that the court relied on "its own analysis of the case law," we vacate that fee order and remand for further proceedings consistent with this opinion. 688 F.3d 645, 660

The court's independent analysis does not negate the objector's claim for compensation under the approach adopted in Rodriguez.

## II. CONCLUSION

We believe it appropriate that the court award attorneys' fees in keeping with the additional benefit conferred on the class to counsel for House and Kirby. House and Kirby suggest that 7% of the additional $5,618,732.09 additional class benefit would be a reasonable fee. Objectors further request that the court order the quick pay provision be enjoined pending ruling on this motion and the outcome of any appeals.

House and Kirby also request an incentive award of $2000 each for stepping out to protect and serve the class.

Dated:   September 16, 2014            By: ____/s/ Joseph Darrell Palmer_____
                                            Joseph Darrell Palmer

                                        Attorney for Objectors James Kirby and Susan House

### CERTIFICATE OF SERVICE

I certify that on September 16, 2014, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Southern District of California by using the USDC CM/ECF system. I certify that all registered CM/ECF users will be served via the USDC CM/ECF system.

___/s/ Joseph Darrell Palmer____
Joseph Darrell Palmer