Joseph Darrell Palmer (SBN 125147)
darrell.palmer@palmerlegalteam.com
Law Offices of Darrell Palmer PC
2244 Faraday Avenue, Suite 121
Carlsbad, CA 92008
Telephone: (858) 215-4064
Facsimile: (866) 583-8115

Attorneys for objectors James Kirby and Susan House

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf of herself and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>            Defendants.<br>_____ | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**REPLY IN SUPPORT OF MOTION FOR FRCP RULE 54 ATTORNEY FEES**<br><br>Date: February 20, 2015<br>Time: 9:00 a.m.<br>Judge: Hon. Edward J. Davila |
| CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>            Defendants.<br>_____ | Case No. 5:12-cv-04009-EJD (PSG) |

1

Class counsel's opposition to House and Kirby's Rule 54 Motion for Attorneys' Fees focuses on two arguments: the objections did not cause the court to deny settlement approval and Darrell Palmer has an ongoing disciplinary proceeding. Neither is relevant.

### A. The Court's Final Order Substantially improved the Settlement for the Benefit of the Class

In opposition to objectors' fee request, class counsel repeat several times the following quotation from the Court's final approval order: "no Class Member has stated grounds that would provide a substantial reason to deny approval" (Dkt. No. 108 at 9.). Quoted at Opposition to Motion, Doc. 115, page 6, lines 6-7; page 7, lines 16-17; and page 8, line 24 to page 9, line 1.

The court did not deny approval but it reduced the attorneys' fee award resulting in an increased benefit to the class. The objections contributed to this improvement.

Class counsel also argue the "Palmer objectors largely repeat objections previously lodged by the other objectors and thus did not add anything unique." Doc. 115, page 11. It is not true that our objections merely repeat other objections. We compared our objections with those filed by other objectors in some detail in the Fee Motion, Doc. 113-1, pages 7-8. Mostly the objections were written by individual class members, who added information on their individual experience with the Defendant. Our objections were different. Two objections were drafted by attorneys and reflected a better understanding of the settlement, but our objections differed substantially. We are also "supporting" our objection by continuing to oppose class counsel's efforts to gain reconsideration of the court's reduction of their fees, and by highlighting certain issues we believe the court may have overlooked.

### B. Though no finding of collusion the fee reduction reflects concerns over self-dealing.

The court's reduction of class counsel's fees – "a somewhat radical downward departure from the benchmark fee of 25%" (Doc. 110, page5) yet class counsel insist objectors erred in attempting to alert the court to class counsel's self-dealing.

The clear sailing agreement in the settlement agreement deprived the court of an adversarial process. As class counsel noted, we argued in our fee motion the court erred in failing to recognize the existence of the clear sailing agreement, specifically in finding there was no clear sailing agreement

because the attorneys' fees are paid out of the class fund. (Contrary to the court's ruling, this describes a "kicker", or reversion of funds to the defendant – the third indicia of self-dealing under *In re Bluetooth Headset Prod. Liab. Litig*, 654 F 3d 935 (9th Cir. 2011). Fortunately in this case objectors appeared to alert the court to the problems in the settlement. All too often there are no objectors, and the district court is deprived of any adversarial process when considering the fairness of a settlement. As Justice Posner noted: "When there are objecting class members, the judge's task is eased because he or she has the benefit of an adversary process: objectors versus settlors (that is, versus class counsel and the defendant)." *Redman v. Radioshack Corp* .No. 14-1470, 2014 2014 WL 465447, -- F.3d -- at *10 (7th Cir. Sept. 19, 2014)

We take exception to class counsel's criticism we "devote[] nearly an entire page to arguing that the settlement contained a 'clear sailing' fee agreement (Dkt. No. 113-1 at 5-6), despite the Court's ruling that "there is no 'clear sailing' arrangement (Approval Order at 9). Doc. 115, page 9. But class counsel know what constitutes a clear sailing agreement.

We also pointed out a second aspect of the settlement indicating self-dealing, and still believe the quick pay provision was and indicator of the conflict. We hope class counsel "remain committed to diligently assisting class members in resolving any issues they may have with the claims administration process" but this does not change the fact that by filing the motion for reconsideration they are interfering with class members' getting paid. They add that they moved for reconsideration "which brings to the Court's attention the factual record explaining the value of the injunctive relief obtained and the procedures class counsel implemented to avoid duplicative work." Doc. 115, page 10. This is disingenuous; they moved to increase their paycheck and their current focus is not for the benefit of the class; the above are their arguments to support that goal.

## C. Class counsel's lodestar

We alerted the court to issues regarding lodestar and multiplier, but did not undertake the painstaking lodestar analysis conducted by the court. In part this reflects the information provided to the class. The attorneys' fee motion posted on the settlement website for class members does not include supplemental materials or declarations providing detailed billing records. These materials were apparently filed, but were not provided for class member review. By posting the motion only – but not

3

the supporting materials -- class counsel appears to have attempted technical compliance with *Mercury Interactive* and Rule 23(h), but was inadequate. "But when notice is a person's due, ***process which is a mere gesture is not due process***. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315-6 (1950) (emphasis added).

In another TCPA settlement, *Wilkins v. HSBC Bank Nevada*, 14-cv-190 (N.D. Ill.) this same set of class counsel provided no lodestar information in their fee petition, filed only a few days' after this court's ruling, no doubt omitted detailed billing records to ensure the Illinois court does not conduct the same heightened scrutiny. *Wilkins* was filed and settled four days later but class counsel still moved for fees of 30% of the settlement fund, or $11,992,500, a far higher percentage fee than they would likely receive in this circuit. See *Wilkins*, Declaration of Jonathan Selbin, Doc. 67, page 12, para. 23. class counsel's efforts to avoid the scrutiny required for proper analysis weighs against this court altering its ruling. This court's analysis of class counsel's duplicative case filing is a long overdue check on class counsel's jockeying for advantage, including efforts to inflate their fee awards.

### D. class counsel's attack on Palmer's Credibility is not Relevant

Mr. Palmer's state bar litigation has no relevance. Class counsel misrepresent the proceedings and suggest Palmer was convicted of lying; untrue. State bar rulings are not final or citable until the California Supreme Court issues a final decision. There is no final decision, the matter is on appeal and the underlying matter involved no intentional malfeasance. Any discussion of it here is irrelevant except to expose class counsel's desperation and disregard for the mandated Rule 23 process, including objections.

### E. Objectors are entitled to incentive awards for efforts on behalf of the Class

Class counsel claim ignorance of any court in this circuit granting objectors' incentive awards for services to the class. See Doc. 115, page 13 ("Plaintiffs have not identified any case in the Ninth Circuit in which an objector was awarded an incentive fee. The Ninth Circuit has described incentive awards as "payments to class representatives for their service to the class in bringing the lawsuit.")

Several courts have considered the propriety of permitting incentive awards to objectors, and recent cases in this circuit have granted incentive awards to objectors. For analysis of objector incentive awards, see *Hartless v. Clorox Co.*, 273 F.R.D. 630, 647 (S.D.Cal.2011) (recognizing that incentive awards to objectors might be appropriate sometimes); and *UFCW Local 880–Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.*, Civ. No. 05–1046, 2008 WL 4452332, at *4 (D.Colo. Sept. 30, 2008) (declining to award an incentive payment but suggesting an award to objector may be appropriate sometimes). Two recent examples of cases awarding incentive awards to objectors for their efforts on behalf of the class include *Lonardo v. Travelers Indem. Co.*, 706 F.Supp.2d 766, 813 (N.D.Ohio 2010)where the court awarded an objector the "nominal sum" of $500 for his "nominal contribution" to the case in objecting to procedural hurdles to class recovery and the amount of the attorneys' fee award., and *Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373, 400 (D.N.J. 2012) *aff'd sub nom. Dewey v. Volkswagen Aktiengesellschaft*, 558 F. App'x 191 (3d Cir. 2014) *cert. denied*, 14-70, 2014 WL 3592942 (U.S. Oct. 6, 2014) which awarded incentive payments of $500 to three objectors.

In this circuit, see *In re Apple Inc. Sec. Litig.*, Civ. No. 06–5208, 2011 WL 1877988, at *5 (N.D.Cal. May 17, 2011) where the court found an incentive payment of $1,000 would fairly compensate the objector for work on behalf of the class which contributed to $2.5 million being paid to class members rather than donated to universities.

## F. Conclusion

The court's decision to reduce the attorneys' fee award is a long overdue signal to class counsel who duplicate work to increase fees. These objectors raised issues and added an adversarial aspect to the final approval process that would have otherwise been absent.


Dated: October 7, 2014                    By: _____/s/ Joseph Darrell Palmer_____
                                              Joseph Darrell Palmer

                                          Attorney for objectors James Kirby and Susan House

## CERTIFICATE OF SERVICE

I certify that on October 7, 2014, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system. I certify that all registered CM/ECF users will be served via the USDC CM/ECF system.


____/s/ Joseph Darrell Palmer_____
Joseph Darrell Palmer