UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STEPHANIE ROSE, on behalf of herself and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA CORP., and FIA CARD SERVICES, N.A.,<br><br>　　　　　Defendants.<br><hr>CAROL DUKE and JACK POSTER, on behalf of themselves and others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA, CORP.; and FIA CARD SERVICES, N.A.,<br><br>　　　　　Defendants. | Case No.  5:11-cv-02390-EJD<br><br>**ORDER DENYING OBJECTORS' MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 113 |

　　　　Plaintiffs Stephanie Rose, Sandra Ramirez, Shannon Johnson, Amin Makin, Carol Duke, Jack Poster, and Freddericka Bradshaw ("Plaintiffs") initiated the present class action lawsuit against Defendants Bank of America Corp., Bank of America, N.A., and FIA Card Services, N.A. (collectively, "Defendants") alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq.  The parties reached a settlement agreement, which was objected to by James Kirby and Susan House ("Objectors").  On August 29, 2014, the court granted the motion for final approval of the class action settlement, and granted in part and denied

1

Case No.: 5:11-cv-02390-EJD
ORDER DENYING OBJECTORS' MOTION FOR ATTORNEYS' FEES

1  in part Plaintiffs' motion for attorneys' fees and costs. In response to the court's order, the
2  Objectors filed the instant motion for attorneys' fees and incentive awards. See Dkt. No. 113
3  ("Mot.").

This matter was found suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b). Having carefully considered the parties' arguments, the Objectors' motion will be denied for the following reasons.

## I.  BACKGROUND

Plaintiffs and Defendants reached a settlement agreement resolving six actions alleging that Bank of America engaged in a systematic practice of calling or texting consumers' cell phones through the use of automatic telephone dialing systems and/or an artificial or prerecorded voice without their prior express consent, in violation of the TCPA. On March 31, 2014, the Objectors filed their objection to the settlement agreement. See Dkt. No. 81 ("Objection"). The Objectors argued that the compensation offered to class members was too low, the injunctive relief did not benefit the class, the attorneys' fee request was excessive, and the "quick pay" provision[1] for attorneys' fees elevated class counsel's interests over those of the class. See id.

On April 4, 2014, the court held a hearing for the final approval of the class action settlement and Plaintiffs' motion for attorneys' fees and costs. See Dkt. No. 88. On August 29, 2014, the court issued an order granting the final approval of the class action settlement, and granting in part and denying in part Plaintiffs' motion for attorneys' fees and costs. See Dkt. No. 108 ("Order"). Judgment in this action was entered on September 2, 2014. See Dkt. No. 109.

On September 16, 2014, the Objectors filed the instant motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54, and for incentive awards. See Dkt. No. 113. Plaintiffs filed an opposition brief, and the Objectors filed a reply brief. See Dkt. Nos. 115 ("Opp."), 119 ("Reply").

---

[1] The purported "quick pay" provision is Section 7.04 of the settlement agreement which enables class counsel to be paid ten days after the entry of the final approval order and the order approving fees. See Mot. at 5.

## II. LEGAL STANDARD

Pursuant to FRCP 54(d)(2), a claim for attorney's fees must be made by a timely motion. "Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation." Rodriguez v. Disner, 688 F.3d 645, 658 (9th Cir. 2012). Non-named members of a certified class can object to the fairness of a settlement at the fairness hearing and can appeal the court's decision to ignore their objections. Id. If the "objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel." Id. However, if objectors "do not increase the fund or otherwise substantially benefit the class members," then they are not entitled to fees "even if they bring about minor procedural changes in the settlement agreement." Id. The district court may "deny fees to objectors whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit to the class." Id. at 658-59.

## III. DISCUSSION

The Objectors seek $393,311.24 in attorneys' fees,[2] and an incentive award of $2,000 each. Mot. at 10. Each request will be addressed in turn.

### A. Request for Attorneys' Fees

The Objectors contend that their objections to the settlement agreement in this action materially benefitted the class in three ways. Mot. at 2. First, they argue that the court agreed with their assessment that the injunctive relief provided little in the way of real benefit to class members. Id. Second, they argue that they drew the court's attention to the low recovery as compared to other TCPA cases and to the settlement agreement's indicia of unfairness and collusion. Id. at 3-4. Third, the Objectors argue that they pointed out class counsel's high attorneys' fee request, and the clear sailing and quick pay provisions contained in the settlement agreement. Id. at 4-5, 8. Furthermore, they contend that unlike other objections, they addressed in detail the issues the court ultimately focused on in deciding to reduce Plaintiffs' attorneys' fees.

---

[2] The Objectors' counsel request 7% of the $5,618,732.09 that was returned to the common fund per the court's order regarding Plaintiffs' motion for attorneys' fees and costs. See Mot. at 10.

3
Case No.: 5:11-cv-02390-EJD
ORDER DENYING OBJECTORS' MOTION FOR ATTORNEYS' FEES

Id. at 6.

In opposition, Plaintiffs argue that the Objectors' objections did not substantially benefit the class because the Objectors did not mention collusion, there was no finding by the court that there was a clear sailing arrangement, and the court order did not address the quick pay provision. Opp. at 3-5. Plaintiffs further argue that the Objectors' rationale as to the injunctive relief was different than that relied on by the court, the Objectors' arguments regarding low cash awards were made by nearly all of the objectors, and the Objectors did not provide any specific factual support for their arguments that Plaintiffs' fee request was excessive. Id. at 5-7.

The court finds the Objectors' attorneys' fee request to be unwarranted. As an initial matter, the Objectors' participation in this action was limited to the filing of an eight-page brief objecting to the settlement agreement. See Dkt. No. 81. There is no indication that the Objectors attended the final approval hearing held in April 2014 to advance their objections.

More importantly, the court did not rely on the Objectors' arguments in issuing its decision. The court's concern over the settlement agreement's injunctive relief provision stemmed from the terms of the settlement agreement itself and class counsel's response during the final approval hearing. See Order at 19. The court did not rely on the Objectors' argument that injunctive relief would be unavailable to former mortgage holders or credit card customers, nor did the court rely on the Sixth Circuit decision offered by the Objectors. See Objection at 5. Indeed, the Objectors admit in the instant motion that the court's rationale differed from their own objection. See Mot. at 2.

As to the Objectors' argument that they drew the court's attention to the low recovery for the class as compared to other TCPA cases, their objection only mentioned two court decisions, one of which was used by this court and was found through independent research. See Objection at 3; Order at 18. As to drawing attention to the settlement agreement's indicia of unfairness and collusion, the court found that the settlement agreement was fair and that there was no sign of collusion. See Order at 9. The court ruled that the settlement agreement had no "clear sailing" arrangement and did not address the purported quick pay provision. See id. Lastly, as to the

4
Case No.: 5:11-cv-02390-EJD
ORDER DENYING OBJECTORS' MOTION FOR ATTORNEYS' FEES

reduction in Plaintiffs' attorneys' fees, the objection contained a general legal statement regarding attorneys' fees, but did not also contain any unique analysis that could have assisted the court. See Objection at 5-6.

Furthermore, the Objectors' counsel failed to comply with Civil Local Rule 54–5(b), which requires that a motion for attorneys' fees include a statement of the services rendered by each person for whose services fees are claimed along with a summary of the time spent by each person, a statement describing the manner in which time records were maintained, a brief description of the relevant qualifications and experiences, and a statement of the customary hourly charges of each person. Without this supporting documentation, the court cannot assess the reasonableness of the fee request which on its face appears extraordinarily high.

Given these deficiencies, an attorneys' fee request of $393,311.24 is unreasonable. Accordingly, this request is denied.

### B. Request for Incentive Awards

Without a legal or factual argument, the Objectors plainly request an incentive award of $2,000 each "for stepping out to protect and serve the class." Mot. at 10. In the absence of legal authority that would allow for such an award to an objector, coupled with the complete lack of an explanation as to why such an award would be justified, this request is denied.

### C. Request to Enjoin Quick Pay Provision

In addition, the Objectors appear to argue for the court's reconsideration of the settlement agreement's "quick pay" provision. The Objectors contend that such a provision should be considered now because it is unfair, given that class counsel will soon be paid its fees but the class members' benefits are delayed due to Plaintiffs' previously-filed motion for reconsideration. Mot. at 5-6. At the end of its motion, the Objectors request the court enjoin the quick pay provision pending a ruling on the instant motion and the outcome of any appeals. Id. at 10.

This request is improper and unsubstantiated. The court has never determined that the purported quick pay provision is unfair or otherwise harmful to the class. Accordingly, this request is denied.

## IV.   CONCLUSION

For the foregoing reasons, the Objectors' Motion for Attorneys' Fees is DENIED.

**IT IS SO ORDERED.**

Dated: May 18, 2015



EDWARD J. DAVILA
United States District Judge